UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL NO.: 1:08cr00214-RMC |
| v. ) | |
| ) | |
| NEMR ALI ZHAYTER, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO EXCLUDE COOPERATING WITNESS TESTIMONY
AND REQUEST FOR A RELIABILITY HEARING**

The United States of America, by and through its attorneys, Meredith A. Mills and Tritia L. Yuen, United States Department of Justice, Narcotic and Dangerous Drug Section, Criminal Division, files this response in opposition to Defendant's Motion to Exclude Cooperating Witness Testimony and Request for a Reliability Hearing (Docket No. 25, Exhibit 15). In his motion, Defendant moves pursuant to Federal Rules of Evidence 104, 403, and 701,[1] to exclude testimony of any cooperating witness or informant. Defendant argues that the confidential witnesses' testimony is unreliable because the witnesses are "compensated, interested, [and] biased," and because their "own eventual freedom depends on their ability to obtain

---

[1] Fed. R. Evid. 104 governs "[p]reliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court . . . ." Specifically, it requires the Court to admit "evidence sufficient to support a finding of the fulfillment of [a] condition" on which the relevance of proposed testimony is premised. Fed. R. Evid. 403 addresses the Court's power to exclude evidence when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 701 governs admission of lay witness opinion testimony.

1

[Defendant's] conviction." Def. Mot. at 1. He further argues that the Court should conduct a pretrial reliability hearing because cross-examination is insufficient to ensure reliability. The government hereby opposes both requests. Legal precedent clearly establishes that no hearing is needed on this issue. *See also* D.D.C. Loc. R. 7(f) ("A party may in a motion or opposition request an oral hearing, but its allowance shall be within the discretion of the court."). The government requests that the Court issue an order by September 26, 2011, notifying the government about whether it will require witness testimony at the October 4, 2011 hearing on this motion. The Court should deny Defendant's motion. In support, thereof, the government states the following.

## Argument

I.  **Compensated Witnesses are Not Inherently Unreliable**

Although Defendant cites academic articles and non-precedential authority for the proposition that compensated witnesses are inherently reliable, this is not true. Rather, as the Supreme Court noted in *United States v. Hoffa*, "'[c]ourts have countenanced the use of informers from time immemorial; in cases of conspiracy, or in other cases when the crime consists of preparing for another crime, it is unusually necessary to rely upon them or upon accomplices because the criminals will almost certainly proceed covertly.'" 385 U.S. 293, 311 (1966) (citing *United States v. Dennis*, 183 F.2d 201, 204 (2d Cir. 1950) (Hand, J.)). Further, just because a witness may have "motives to lie," "it does not follow that his testimony is untrue, not does it follow that his testimony [is] constitutionally inadmissible." *Id*. at 311. In *United States v. Tarantino*, the United States Court of Appeals for the D.C. Circuit expressly declined to establish a "per se rule" excluding testimony from cooperating witnesses. 846 F.2d 1384, 1419

(D.C. Cir. 1988); *accord United States v. Bernal-Obeso*, 989 F.2d 331, 335 (9th Cir. 1993) (refusing to "outlaw the testimony in court of those who receive something in return for their testimony"). As the Ninth Circuit noted in a case cited by the defense, "[i]nnumerable important convictions have been appropriately attained using informants' testimony." *Bernal-Obeso*, 989 F.2d at 335.

While Defendant cites cases wherein the courts express concern about confidential source witnesses' testimony lacking corroboration, such concern does not exist in the present case. *See United States v. Cervantes-Pacheco*, 826 F.2d 310, 313 (5th Cir. 1987) (explaining how it declined to reverse convictions based on informants' testimony when the testimony is fully corroborated). The government plans to introduce numerous recordings wherein Defendant and his co-conspirators' own voices corroborate the testimony that will be provided by confidential sources witnesses. This also is not a case wherein the confidential source witness(es) will be paid on a contingent fee based on the outcome of the trial. *Cf. id.* at 315 (reversing its previous ruling that disqualified informants paid a contingent fee from testifying); *United States v. Levenite*, 277 F.3d 454, 462-63 (4th Cir. 2002) (discussing procedural safeguards for testifying witnesses paid on a contingency basis). Accordingly, the Court should not exclude the confidential source witness(es) testimony.

II.     **Existing Procedural Safeguards are Sufficient to Satisfy Due Process and the Court Should Not Conduct a Pretrial "Reliability Hearing"**

Obviously, concerns exist when the government presents and relies on testimony from a cooperating witness who may be receiving some benefit from the government. However, the proper safeguard against such concerns is *not* a judicial determination of witness credibility at a

pre-trial hearing. Preliminarily, the government notes that the defense is not entitled to such a hearing. Fed. R. Crim. P. 12(b)(2) states that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Because witness credibility is decidedly an issue for the jury to decide, this is not an issue that can or should be decided before trial.

Defendant cites Fed. R. Evid. 104(c) for the proposition that pre-trial hearings should occur outside the presence of the jury, "when the interests of justice require . . . ." However, Defendant noticeably fails to cite the beginning portion of Rule 104(c), which clearly shows the rules applicability to admissibility of *confessions* – and not to witness testimony in general. While the Court certainly exercises discretion over preliminary questions of admissibility in general, *see* Fed. R. Evid. 104(a), there exists no federal law proscribing, let alone requiring courts to conduct "reliability hearings" about confidential source witness testimony.

Rather, "[t]he established safeguards of the Anglo-American legal system leave the veracity of a witness to be tested by cross-examination, and the credibility of his testimony to be determined by a properly instructed jury." *Hoffa*, 385 U.S. at 311; *accord Davis v. Alaska*, 415 U.S. 308, 317 (1974). The D.C. Circuit has ruled that cross-examination and proper jury instructions sufficiently satisfy due process requirements regarding the government's use of confidential witnesses who may be receiving benefits from the government. *See United States v. Tarantino*, 846 F.2d 1384, 1419 (D.C. Cir. 1988); *Turner v. United States*, 416 F.2d 815, 816 n.2 (D.C. Cir. 1969). Other Circuits have ruled similarly. *See Bernal-Obeso*, 989 F.2d at 335 (providing a helpful list of safeguards the Supreme Court has upheld as sufficient to protect due process, including: (1) integrity of government agents and prosecutors; (2) discovery rules;

(3) cross-examination; (4) proper jury instructions); *United States v. Levenite*, 277 F.3d 454, 462-63 (5th Cir. 2002) (listing procedural safeguards considered when the witness receives payment for her testimony); *see also United States v. Jones*, 575 F.2d 81, 86 (6th Cir. 1978) ("[W]e prefer the rules that would leave the entire matter to the jury to consider in weighing the credibility of the witness-infomant.").

Defendant cites two cases in which state appellate courts ordered trial courts to hold evidentiary hearings on witness credibility. The procedural and factual circumstances vary so greatly from the instant case that they are of no moment. *D'Agostino v. State*, 823 P.2d 283, 284 (Nev. 1991), involved a jailhouse informant who testified during the sentencing phase in a capital murder case. The jailhouse informant testified that the defendant had admitted in their shared cell that he had previously killed two people, and the trial court failed to give any instructions to the jury regarding the concerns associated with cooperator testimony or otherwise test the veracity of the testimony. *Id.* at 285-86. The court also noted its concern because this occurred during the *sentencing* phase in a capital murder case, where the character and criminal history of the defendant is under scrutiny. *Id.* at 285. The present case obviously is not at sentencing stage; any proposed testimony from confidential source witness(es) does not concern Defendant's background. Rather, the confidential source witness(es)' testimony relates directly to the charged conspiracy, and defense counsel will have sufficient access to impeachment materials to test the veracity of the witness(es) at trial. It also will be corroborated by other evidence. *Cf. McKenna v. State*, 968 P.2d 739, 746 (Nev. 1998) (concluding that the trial court properly allowed informant testimony because "it was more reliable than that in *D'Agostino*); *Freeman v. State*, 876 P.2d 283, 290 (Okla. Crim. App. 1994) (distinguishing *D'Agostino* because there existed

corroboration by multiple other witnesses, the jury was aware of the informant's criminal background and plea agreement, and the trial court properly instructed the jury).

Defendant cites *Dodd v. State*, 993 P.2d 778, 784 (Okla. Crim. App. 2000), as an example of a court ordering a reliability hearing; this is not what happened. Like *D'Agostino*, *Dodd* was a capital murder case that involved the testimony at issue was of a jailhouse informant. The court noted its concern with the informant's testimony where the trial court had barred the defense from impeaching the informant with letters wherein he had previously recanted his testimony. *Id.* at 782-83. The appellate court did not order an evidentiary hearing; it adopted procedures to ensure defense counsel would be properly equipped to cross-examine informant witnesses. *Id.* at 784. Thus, rather than supporting Defendant's proposition that trial courts should conduct "reliability hearings" on proposed confidential source witness testimony, it further supports the clearly established legal principal that cross-examination is the proper mechanism for testing the veracity of witness testimony. *See Hoffa*, 385 U.S. at 311. Moreover, at least two other courts expressly have declined to follow the Court of Criminal Appeals of Oklahoma's reasoning in *Dodd*. *See Lovitt v. Warden*, 585 S.E.2 d 801, 822 (Va. 2003); *West v. Commonwealth*, 161 S.W.3d 331, 336 (Ky. Ct. App. 2004).

The other cases cited by Defendant also do not support the conclusion that the trial court should conduct a pretrial "reliability hearing." Rather, the appellate courts remanded on issues related to the confidential source witness testimony based on misconduct by the government. *See Silva v. Brown*, 416 F.3d 980, 986-87 (9th Cir. 2005) (reversing a conviction because the government's failure to disclose an agreement between the government and a witness that he did not need to undergo a psychiatric examination undermined confidence in the verdict); *Horton v.*

*Mayle*, 408 F.3d 570, 578-79 (9th Cir. 2004) (government's failure to disclose witness's receiving immunity in exchange for testifying violated *Brady*); *N. Mariana Islands v. Bowie*, 236 F.3d 1086, 1089 (9th Cir. 2001) (government's failure to investigate "concrete documentary evidence" that accomplice witnesses were conspiring to testify falsely violated due process). The government submits that there has been no government misconduct related to production of discovery pursuant to *Giglio v. United States*, 405 U.S. 150 (1972 ).[2] The defense will have all information to which it is entitled to fully cross-examine any confidential sources witness(es).

## Conclusion

For the foregoing reasons, the government respectfully submits that the Court should deny Defendant's motion. Confidential source witness testimony is common in federal criminal trials and should not be suppressed. Further, the government is not aware of any similar situation in which a federal district court has conducted a pre-trial "reliability" hearing. *Cf. United States v. Voigt*, 89 F.3d 1050, 1068 (3d Cir. 1996) (finding the district court's denial of a pre-trial evidentiary hearing regarding witness credibility to be "unquestionably harmless"); *Coleman v. Thompson*, 798 F. Supp. 1209, 1210-11 (W.D. Va. 1992) (holding an evidentiary hearing to consider allegations in a habeas petition regarding the credibility of a jailhouse informant); *United States v. Barletta*, 512 F. Supp. 220, 222 (D. Mass. 1981) (denying the government's request for a pretrial determination of the admissibility of informant evidence); *United States v.*

---

[2] Impeachment material under *Giglio* must be disclosed "at such a time as to allow the defense to use the material effectively in the preparation and presentation of its case." *United States v. Pollack*, 534 F.2d 964, 973 (D.C. Cir. 1976). The Government intends to disclose one week before trial all *Giglio* materials of which it is aware, including any plea agreement that may exist, the benefits received, relevant criminal history, and any statements made by law enforcement agents regarding the witness's credibility or misconduct.

*Barletta*, 500 F. Supp. 739, 742 (D. Mass. 1980) (noting the dearth of cases where district courts have made pretrial determinations regarding admissibility of evidence).  Existing procedural safeguards are sufficient to satisfy due process regarding confidential source witness testimony.  The government, therefore, also requests that the Court issue an order by September 26, 2011, notifying the government about whether it will require witness testimony at the October 4, 2011 hearing on this motion.

        Respectfully submitted,

        ARTHUR G. WYATT
        Chief
        Narcotic and Dangerous Drug Section

By:        /s/
        Tritia L. Yuen
        Meredith A. Mills
        Trial Attorney
        Narcotic and Dangerous Drug Section
        U.S. Department of Justice / Criminal Division
        1400 New York Avenue, NW
        Washington, DC 20005
        Main Office: (202) 616-2251
        Fax: (202) 514-0483
        Tritia.Yuen@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on the 9th day of September 2011, I filed the foregoing GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE COOPERATING WITNESS TESTIMONY AND REQUEST FOR A RELIABILITY HEARING with the Clerk of the Court via the CM/ECF system which will deliver a Notice of Electronic Filing on all counsel of record.

                            By:        /s/
                                     Tritia L. Yuen