UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | )   CRIMINAL NO.: 1:08cr00214-RMC |
| v. | ) |
| | ) |
| NEMR ALI ZHAYTER, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S REQUEST FOR PRELIMINARY DETERMINATION OF CONSPIRACY AND PRETRIAL RULING ON THE ADMISSIBILITY OF COCONSPIRATOR STATEMENTS**

The United States of America, by and through the undersigned attorneys, hereby opposes Defendant's Motion for Preliminary Determination of Conspiracy and Pretrial Ruling on the Admissibility of Coconspirator Statements (Docket No. 25, Exhibit 13).  The government respectfully requests that the Court deny Defendant's motion.  The Court should permit the government to prove the conspiracy at trial before ruling on the admissibility of coconspirator statements.

**I.  Procedural Background**

On April 25, 2008, a Grand Jury sitting in the United States District Court for the District of Columbia returned a then-sealed original one-count indictment in Criminal Case No. 1:08cr123-RMC against defendant YAHYA ALI ZAITAR (hereinafter "ZAITAR"), alleging that ZAITAR conspired with others to import heroin into the United States.  ZAITAR also previously was charged with MOHAMMED ALI AWALI on November 30, 2007, in Criminal Case No.

1:07cr329-RMC. The 1:07cr329 indictment alleged that ZAITAR and AWALI conspired with others to import cocaine into the United States, and that ZAITAR and AWALI knowingly distributed 500 grams or more of a mixture and substance containing a detectable amount of cocaine, knowing and intending that such cocaine would be unlawfully imported into the United States.

On July 17, 2008, a Grand Jury sitting in the United States District Court for the District of Columbia, returned an indictment against NEMR ALI ZHAYTER in Criminal Case No. 1:08cr214. ZHAYTER is charged with the same conspiracy as ZAITAR to import heroin into the United States.

On July 26, 2011, ZHAYTER filed a "Motion to File Motions Late by One Business Day" (Docket No. 25), which included Exhibit 13, ZAITAR's Motion for Preliminary Determination of Conspiracy and Pretrial Ruling on the Admissibility of Coconspirator Statements (08-cr-123, Docket No. 37). Defense counsel filed a "First Motion to Adopt" on August 1, 2011. The Court granted the motion to adopt, and subsequently ordered ZHAYTER's attorney to file all motions adopted by him. Defense has not yet filed the motions separately. Therefore, the government has filed this opposition as a response to Docket No. 25, Exhibit 13.

## II.  Argument

A.  **Coconspirator Statements are Admissible at Trial**

"[A] statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). Before admitting a coconspirator statement, the court must determine that the government proved by a preponderance of evidence that a conspiracy existed,

2

the defendant and the declarant were involved in the conspiracy, the statement was made during the course of the conspiracy, and the statement was made in furtherance of the conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987); *United States v. Gewin,* 471 F.3d 197, 201 (D.C. Cir. 2006); *United States v. Loza*, 763 F. Supp. 2d 108, 111 (D.D.C. 2011) (Friedman, J.). The D.C. Circuit additionally requires the government to offer independent evidence of the conspiracy apart from the statement; however, the content of the statement itself can also be considered in determining whether such independent evidence exists. *See Gewin,* 471 F.3d at 201. Although the necessary factual findings relevant to admissibility must be made by the court before a statement is admitted unconditionally in evidence pursuant to Rule 801(d)(2)(E), those findings do not need to be made before the government presents its evidence to the jury. *Loza*, 763 F. Supp. 2d at 112. Rather, "[a] court can preliminarily admit hearsay statements of co-conspirators, subject to connection through proof of conspiracy." *Gewin*, 471 F.3d at 201.

**B.      The Court Should Follow this District's Routine Practice of Admitting Co-Conspirator Statements Subject to Connection at Trial**

Courts may admit co-conspirator statements conditionally, "subject to connection" at the close of the government's case. *See United States v. Brockenborrough*, 575 F.3d 726, 735 (D.C. Cir. 2009); *Loza*, 763 F. Supp. 2d at 112; *United States v. Brodie,* 326 F. Supp. 2d 83, 89-90 (D.D.C. 2004) (Huvelle, J.). Fed. R. Evid. 104(b) expressly provides that "[w]hen the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition." *Accord Brodie*, 326 F. Supp. 2d at 89 (citing Rule 104(b) in denying the defense motion for a pretrial hearing on the admissibility of co-conspirator statements). In his motion,

3

Defendant points out that the D.C. Circuit has noted that "the better practice is for the court to determine before the hearsay evidence is admitted that the evidence independent of the hearsay testimony proves the existence of the conspiracy sufficiently to justify admission of the hearsay declarations." *United States v. Jackson*, 627 F.2d 1198, 1218 (D.C. Cir. 1980).  However, Defendant neglected also to explain how the *Jackson* court immediately acknowledged that "it is just impractical in many cases for a court to comply strictly with the preferred order of proof." *Id.*  The court further clarified that district courts have "no obligation" to conduct a "mini-trial" before trial to determine the existence of the conspiracy. *Id.* at 1219.  Rather, district courts are "vested with considerable discretion to admit particular items of evidence 'subject to connection.'" *Id.* at 1218 (citing *United States v. Vaught*, 485 F.2d 320, 323 (4th Cir. 1973)). Indeed, the routine practice in this district is to admit co-conspirator statements subject to connection.

     Given this common practice of admitting coconspirator statements subject to connection, courts in this jurisdiction frequently deny motions for pretrial hearings on the admissibility of coconspirator statements.  Courts offer expected and common-sense reasons for why trial management opposes pretrial hearings.  For example, the size and complexity of conspiracies, particularly ones involving large number of witnesses and lengthy testimony, disapprove holding preliminary hearings regarding coconspirator testimony.  *See Brodie*, 326 F. Supp. 2d at 90 (noting the large number of overt acts and witnesses to explain why a preliminary hearing would be "immensely time-consuming and would unnecessarily delay the trial").  Many courts have cautioned against pre-trial hearings because they amount to time consuming "mini-trials." *United States v. Edelin*, 128 F. Supp. 2d 23, 45-46 (D.D.C. 2001) (Lamberth, C.J.) (equating the

defendant's request for advance determination of conspiracy as "essentially requesting a mini-trial prior to the trial in this case"); *United States v. Hsin-Yung*, 97 F. Supp. 2d 24, 37 (D.D.C. 2000) (rejecting the defense request for pretrial determination regarding admissibility of co-conspirator statements to avoid "a time consuming mini-trial before the trial"). In addition, the burden placed on the government to produce the witnesses for these pre-trial hearings creates further support for why these pre-trial hearings are unnecessary. *See Hsin-Yung*, 97 F. Supp. 2d at 37 ("However, '[g]iven the myriad of difficulties that surround the availability of witnesses, it is just impractical in many cases for a court to comply strictly with the preferred order of proof.'") (quoting *Jackson*, 627 F.2d at 1218). This is especially concerning in a case, as here, where the witnesses are foreign nationals and located outside of the United States. Indeed, it remains highly unusual to hold pretrial hearings on admissibility of co-conspirator statements. *United States v. Bazezew*, Case No. 09-0253(PLF), 2011 WL 1790103, at *3 (D.D.C. May 11, 2011).[1]

**C.     Defendant Does Not Provide Any Reason For This
        Court To Depart From Established Precedent**

---

[1] In *United States v. Bazezew*, the court did not immediately deny the defense request for a pretrial hearing to determine the admissibility of coconspirator statements. *Id.* at *3-4. Rather, the court noted first that the case "may be one of the one of those unusual cases" warranting a pretrial hearing. *Id.* The court then ordered the government to produce to the court and defense all proposed statements, so that the court could "determine whether it is necessary or appropriate to conduct what will undoubtedly be a lengthy pretrial hearing." *Id.* at *4. *Bazezew* is readily distinguishable from the instant case because a review of the publically available documents, *see* Case No. 09-cr-0253(PLF) Docket No. 691, reveals that the statements at issue were not made during a conspiracy that the government formally charged in the indictment. In addition, the large number of defendants, and the district court's indication that it intends to conduct multiple trials also distinguish *Bazezew* from the instant case, and explain why the court did not immediately reject the request for a lengthy pretrial hearing on coconspirator statements, as is common in this district. At the time of this filing, the *Bazezew* court has not ruled on whether to hold such a pretrial hearing.

Given the highly preferred practice of avoiding pretrial hearings on admissibility of co-conspirator statements, the government submits that Defendant has not provided any reason for departing from established precedent. The government proffers that it will prove the existence of a conspiracy and the "connection" necessary to admit co-conspirator statements during trial. The government is confident that it will meet its burden of proving admissibility. If the government does fail to prove the necessary factual predicate for admissibility, "the court may either declare a mistrial or strike and instruct the jury to disregard any admissible statements." *Loza*, 763 F. 2d at 112. Obviously, the government bears this risk in any trial involving co-conspirator statements.

Defendant's concerns about "confusion" due to language and culture issues, *see* Def. Mot. ¶ 5, are unpersuasive. First, the majority of any coconspirator statements will be offered through recordings, which will be transcribed and translated into English for the benefit of the jury. Defendant fails to address why the pretrial measures, of which the government has advised the Court at the various status conferences regarding the opportunity the defense has to review and submit edits to draft transcripts, are insufficient to safeguard against the danger of these alleged misunderstandings. Second, Defendant fails to address why cross-examination of witnesses is insufficient to raise potential misunderstandings of statements. He also fails to explain why a curative instruction would be insufficient to cure prejudice. *See Marshall v. Lonberger*, 459 U.S. 422, 428 n. 6 (1983) ("[T]he 'crucial assumption' underlying the system for a trial by jury 'is that juries will follow the instructions given them by the trial judge.'") (quoting *Parker v. Randolph*, 442 U.S. 62, 73 (1979)). Accordingly, the instant case is not so unusual as to warrant a pretrial hearing.

### III.  CONCLUSION

For the forgoing reasons, in accordance with the governing practice in this jurisdiction, the government respectfully requests that this Court deny Defendant's motion for a preliminary determination of conspiracy and pretrial ruling on the admissibility of coconspirators' statements. At trial, the Court should admit co-conspirator statements conditionally and subject to connection at the close of the government's case.

                              Respectfully submitted,

                              ARTHUR G. WYATT
                              Chief
                              Narcotic and Dangerous Drug Section

By:          /s/
                              Tritia L. Yuen
                              Meredith A. Mills
                              Trial Attorney
                              Narcotic and Dangerous Drug Section
                              U.S. Department of Justice / Criminal Division
                              1400 New York Avenue, NW
                              Washington, DC 20005
                              Main Office: (202) 616-2251
                              Fax: (202) 514-0483
                              Tritia.Yuen@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on the 9th day of September 2011, I filed the foregoing GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S REQUEST FOR PRELIMINARY DETERMINATION OF CONSPIRACY AND PRETRIAL RULING ON THE ADMISSIBILITY OF COCONSPIRATOR STATEMENTS with the Clerk of the Court via the CM/ECF system which will deliver a Notice of Electronic Filing on all counsel of record.

      By:      /s/     
            Tritia L. Yuen