UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL NO.: 1:08cr00214-RMC |
| v. | ) | |
| | ) | |
| NEMR ALI ZHAYTER, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S "MOTION TO ADOPT, JOIN, AND CONFORM TO MOTIONS, OBJECTIONS, OR OTHER APPLICATIONS FOR RELIEF FILED AND RAISED BY NEMR ZHAYTER IN 08-CR-214 IF JOINED FOR MOTIONS AND TRIAL"

The United States of America, by and through its undersigned counsel, hereby responds

to Defendant's "Motion to Adopt, Join, and Confirm to Motions, Objections, or Other

Applications for Relief Filed and Raised by Nemr Zhayter in 08-cr-214 if Joined for Motions and

Trial" (Docket No. 25, Exhibit 11).  The government assumes that Defendant meant to edit the

motion so as to move to adopt motions, objections, and other applications for relief filed and

raised by YAHYA ZAITAR in 08-cr-123.  The government responds accordingly in opposition.

### I.  Procedural Background

On April 25, 2008, a Grand Jury sitting in the United States District Court for the District

of Columbia returned a then-sealed original one-count indictment against defendant YAHYA

ALI ZAITAR (hereinafter "ZAITAR") in this instant matter, alleging that ZAITAR conspired

with others to import heroin into the United States.  ZAITAR was also previously charged on

November 30, 2007, in Criminal Case No. 1:07cr329-RMC, which alleged that ZAITAR

1

conspired with others to import cocaine into the United States, and that ZAITAR knowingly distributed 500 grams or more of a mixture and substance containing a detectable amount of cocaine, knowing and intending that such cocaine would be unlawfully imported into the United States.

On July 17, 2008, a Grand Jury sitting in the United States District Court for the District of Columbia, returned an indictment against NEMR ALI ZHAYTER.  ZHAYTER is charged with the same conspiracy as ZAITAR to import heroin into the United States.  February 25, 2011 was the first date on which ZAITAR and ZHAYTER appeared together before this Court.  During this status conference, which also was the date on which ZHAYTER was arraigned, the government orally moved to consolidate Criminal Case Nos. 08-cr-214 (NEMR ZHAYTER's indictment) and 08-cr-123 (YAHYA ZAITAR's heroin indictment).  Defendants did not oppose this motion.  The Court has joined the cases for trial.

On July 26, 2011, ZHAYTER filed a "Motion to File Motions Late by One Business Day" (Docket No. 25), which included Exhibit 11, ZAITAR's Motion to Adopt, Join, and Confirm to Motions, Objections, or Other Applications for Relief Filed and Raised by Nemr Zhayter in 08-cr-214 if Joined for Motions and Trial (08-cr-123, Docket No. 38).  Defense counsel filed a "First Motion to Adopt" on August 1, 2011.  The Court granted the motion to adopt, and subsequently ordered ZHAYTER's attorney to file all motions adopted by him.  Defense has not yet filed the motions separately.  Therefore, the government has filed this opposition as a response to Docket No. 25, Exhibit 11.

## II.  Argument

**A.      Defendant Must Specify Each Motion, Objection,
             and Request for Relief He Seeks to Adopt**

In general, the government does not oppose a defendant's ability to join another

defendant's motions, objections, or requests for relief.  However, the government opposes

Defendant's motion because a moving party must specify to which motions, objections, or

requests for relief s/he seeks to join.  This allows the government sufficient notice and

opportunity to respond to the defendant's request.  It also facilitates the Court's review of

motions and efficient management of the pretrial process.  In this case, Defendant has not

provided one iota of specificity about what he seeks to join or adopt.

Courts in this district *sua sponte* have denied similar blanket motions to join/adopt where

the moving defendant has not specified to what s/he sought to join.  *See United States v. McNatt*,

Crim. A. No. 92-0483-02 (RCL) (D.D.C. Jan. 13, 1993) (order denying motion to adopt because

the movant failed to specify each motion he sought to adopt); *United States v. Fields*, Crim. A.

No. 92-04-8602 (RCL) (D.D.C. Jan. 13, 1993) (same); *United States v. Davis*, Cr. A. No. 91-

0150-01 (RCL) (D.D.C. Apr. 24, 1991) (same).  Similarly here, the Court should deny

Defendant's motion because he fails completely to identify any particular pleading or request to

which he seeks to join.

**B.      Analysis of Fed. R. App. P. 28(i), which Addresses Appellants or Appellees
            Adopting One Another's Briefs is Instructive to the Instant Motion**

Unlike the Federal Rules of Appellate Procedure,[1] the Federal Rules of Criminal

Procedure do not expressly address whether defendants may adopt each others' briefs and

arguments.   Thus, it is instructive to look to the requirements for joining arguments under the

Federal Rules of Appellate Procedure to understand why courts should discourage such blanket

requests for adopting co-defendants' arguments.   In appellate practice where such joinder is

contemplated, courts require specificity as to which arguments s/he is joining, and how it applies

to her/him.  *See United States v. Aviles-Colon*, 536 F.3d 1, 27 n. 22 (1st Cir. 2008); *see also*

*United States v. Celis*, 608 F.3d 818, 826 n. 1 (D.C. Cir. 2010) (declining to address the issue of

whether appellants waived joinder in each others' briefs where they did not provide any

qualification to support joinder because all of the bases for appeal were without merit).   As the

First Circuit has noted, in cases "involving numerous issues of both fact and law," failure of

parties to expand beyond "noting that they were co-defendants in the district court" leaves "the

court to do counsel's work, create the ossature for the argument, and to put flesh on its bones."

*United States v. Casas*, 425 F.3d 23, 30 n. 2 (1st Cir. 2005); *see United States v. Zannino*, 895

F.2d 1, 17 (1st Cir. 1990) ("[W]e see no reason to abandon the settled appellate rule that issues

adverted to in a perfunctory manner, unaccompanied by some effort to develop argumentation,

are deemed waived . . . . 'Judges are not expected to be mindreaders.'") (quoting *Rivero-Gomez*

*v. de Castro*, 843 F.2d 631, 635 (1st Cir. 1988) (citation omitted)).   This same reasoning applies

---

[1] Fed. R. App. P. 29(i) provides: "In a case involving more than one appellant or appellee, including consolidated cases, any number of appellants or appellees may join in a brief, and any party may adopt by reference a part of another's brief.   Parties may also join in reply briefs."

to why a district court should require more than a broad-stroke of boiler-plate language to adopt a co-defendant's motions, objections, or requests for relief.  Defendant's instant motion fails in this regard and should be denied.

**C.**     **Defendant's Pending Motion to Sever Also**
          <u>**Lends Against Granting the Instant Motion**</u>

Any support for granting the instant motion to adopt/join is tempered by Defendant's simultaneously filed motion to sever, *see* Case No. 1:08-cr-00214, Docket No. 25, Exhibit 21. The government opposes Defendant's motion for severance because the indictments against Defendant and ZAITAR allege involvement in the same conspiracy such that joinder for trial would not prejudice either defendant and would serve the interests of judicial economy and efficiency.  *See Zafiro v. United States*, 506 U.S. 534, 539 (1993); *United States v. Gbemisola*, 225 F.3d 753, 761 (D.C. Cir. 2000).  If Defendant is arguing that his case is so distinct from that of ZAITAR that it should be tried separately, it hardly follows that he would be similarly situated enough to able to adopt the same motions, objections, and other requests for relief.  *Cf. Molina v. Union Independiente Autentica de La AAA*, 750 F. Supp. 2d 417, 420 n. 4 (D.P.R. 2010) (considering a pending motion to dismiss applicable as to all defendants after granting a motion for joinder).  Indeed, if the defendants' cases are so similar, and the defendants themselves so similarly situated, that they would adopt substantially all of each others' motions, objections, and requests for relief, it certainly qualifies under the strictures of Fed. R. Crim. P. 13, for the Court to conduct joint motions hearings and trial.  This motion to adopt/join certainly supports the government's position that Defendant's case (Criminal No. 1:08-cr-00214) should not be severed from that of ZAITAR (Criminal Case No. 1:08-cr-123).  To the extent that the Court may grant

Defendant's motion to sever, it should deny this motion to adopt/join.  However, even if the cases remain joined, the government submits that Defendant's motion still fails because of his failure to specify to what he seeks to join.

### III.  Conclusion

For the foregoing reasons, the government submits that Defendant's motion to adopt/join should be denied.

Respectfully submitted,

ARTHUR G. WYATT
Chief
Narcotic and Dangerous Drug Section

By: _____/s/_____
Tritia L. Yuen
Meredith A. Mills
Trial Attorney
Narcotic and Dangerous Drug Section
U.S. Department of Justice / Criminal Division
1400 New York Avenue, NW
Washington, DC 20005
Main Office: (202) 616-2251
Fax: (202) 514-0483
Tritia.Yuen@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 9th day of September 2011, I filed the foregoing

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO ADOPT, JOIN,

AND CONFORM TO MOTIONS, OBJECTIONS, OR OTHER APPLICATIONS

FOR RELIEF FILED AND RAISED BY NEMR ZHAYTER IN 08-CR-214 IF

JOINED FOR MOTIONS AND TRIAL with the Clerk of the Court via the CM/ECF system

which will deliver a Notice of Electronic Filing on all counsel of record.

By: _____/s/_____
Tritia L. Yuen