**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES** | * | |
| | * | |
| **v.** | * | **Crim No. 08-0214 (RMC)** |
| | * | |
| **NEMR ZHAYTER** | * | |
| | **ooOoo** | |

**Response in Opposition to Government's Notice of Other Crimes Evidence**

Nemr Zhayter, by his undersigned counsel, hereby opposes the Government's Notice of intent to introduce other crimes evidence, doc. 34. In addition to the arguments set forth below, Mr. Zhayter respectfully moves to adopt and incorporate by reference the arguments made by Yahya Zaitar in Case No. 08-123, doc. 90.

In its notice, the government seeks to introduce three categories of evidence: (1) evidence relating to cocaine trafficking; (2) evidence seized in Paraguay on or about August 6, 2008, during the arrests of and search warrants associated with Mr. Zhayter and other conspirators; and (3) post-arrest statements.

**A.      Post-Arrest Statements of Codefendants Are Inadmissible**

Introduction of Yahya Zaitar's post-arrest statements are not admissible against Mr. Zhayter in a joint trial because such statements constitute inadmissible hearsay and would violate Mr. Zhayter's right to confront witnesses. *See,* Fed. R. Evid. 802 ("Hearsay is not admissible" unless it fits within an exception); *Crawford v. Washington,* 541 U.S. 36, 68 (2004) (Confrontation Clause forbids the introduction of hearsay evidence at trial including statements made in response to police questioning unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant).

**B.      Evidence Relating to Cocaine Trafficking**

Mr. Zhayter is not charged with a cocaine conspiracy. The government's 404(b) notice does not identify any evidence or statements involving Mr. Zhayter. Accordingly, none of that evidence, which involves the conduct of others is not relevant to whether Mr. Zhayter committed the charged offense. It is therefore not admissible against him. *See* Fed. R. Evid. 401 and 402.

Moreover, much of the evidence the government seeks to use as "background" or intrinsic evidence is precluded by this Circuit's decision in *United States v. Bowie*, 344 U.S. D.C. 34, 232 F.3d 923 (2000). There, the government sought to introduce evidence of prior counterfeiting involvement in a case charging possession of counterfeit currency. The Court held that it was erroneous to admit evidence of the prior counterfeiting under an "inextricably intertwined" theory. Judge Randolph, writing the opinion, went on to note the following:

> On the other hand, we are confident that there is no general "complete the story" or "explain the circumstances" exception to Rule 404(b) in this Circuit. Such broad exclusions have no discernible grounding in the "other crimes, wrongs, or acts" language of the rule. Rule 404(b), and particularly its notice requirement, should not be disregarded on such a flimsy basis.

232 F.3d at 929.

Significantly, much if not all of the evidence that the government seems to seek to introduce would appear to be other crimes evidence that would be introduced through hearsay, *i.e.* intercepted communications of others. Thus, all such evidence should be excluded pursuant to Federal Rules of Evidence 401, 403, 404, and the Sixth Amendment to the United States Constitution.

To the extent that the proffered allegations took place outside the scope of the conspiracy or relate to a conspiracy with which Mr. Zhayter is not involved, they are not relevant or, if marginally relevant, are significantly more prejudicial than probative under Rule 403. Even if reliable and

probative of a material issue, evidence is inadmissible if the probative value is substantially outweighed by its likely prejudicial impact. Fed. R. Evid. 403; United States v. Gavira, 116 F.3d 1498, 1532 (D.C. Cir. 1997). Similarly, allegations about drug exportation not involving the United States is marginally probative at best and should be excluded.

### C.    Evidence Seized in Paraguay in 2008

The government's notice does not specify the particular evidence it seeks to introduce under this rubric nor does it specify its relevancy to Mr. Zhayter. Without more specifity, Mr. Zhayter is unable to address the government's request to introduce it. Accordingly, Mr. Zhayter opposes introduction of the evidence and requests that this Court direct the government to identify with specificity what evidence it seeks to introduce and its relevancy to the charged offense.

### D.    The Evidence is Inadmissible Under Rule 403

Rule 403, provides that the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." In this case, the 404(b) evidence is not relevant to the heroin conspiracy charged against Mr. Zhayter. By definition therefore, its relevance is limited. At the same time, it has a high probability of unduly prejudicing Mr. Zhayter because it will overwhelm the limited amount of evidence that is relevant to the charged conspiracy. It also is likely to confuse the issues, mislead the jury, cause undue delay and present a waste of time and cumulative evidence. Moreover, the evidence involves unproved conduct that of itself has not been determined to have been criminal by any court or jury.

WHEREFORE, for all these reasons, this Honorable Court should preclude the introduction of evidence of other alleged crimes against Mr. Zhayter.

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**
Bar No. MD 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391; 301-854-0076 (fax)
chernan7@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the instant Memorandum in Opposition to 404(b) evidence was served on all counsel of record via ECF this 21st day of December, 2011.

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**