UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CRIMINAL NO.: 1:08cr00214-RMC |
| v. | ) |
| | ) |
| NEMR ALI ZHAYTER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT AND REQUEST FOR AN EVIDENTIARY HEARING

The United States of America, by and through its undersigned counsel, hereby responds Defendant's Motion to Dismiss the Indictment (Docket No. 72).  Defendant NEMR ALI ZHAYTER has moved to dismiss the indictment on the following bases:

A)  the indictment fails to provide him adequate notice of the charges against him, as required by the Notice Clause of the Sixth Amendment [1] and Fed. R. Crim. P. 7(c)[2];

B)  the indictment should be dismissed because the indictment violates due process because it identifies no co-conspirator or overt acts;

C)  the Court lacks subject matter jurisdiction due to an alleged lack of nexus to the United States;

D) an alleged lack of adequate translations violates the Defendant's due process rights;

---

[1] The Sixth Amendment provides in relevant part: "In criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation."  U.S. Const. amend. VI.

[2] Fed. R. Crim. P. 7(c) states in relevant part: "The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government."

1

E) an alleged lack of specificity in the indictment violates the Indictment Clause of the Fifth Amendment[3]; and,

F) the indictment allegedly is duplicitous.

The government submits that the defendant's motion is untimely and should be dismissed. If the Court chooses to entertain these motions, the government submits that all six of these arguments lack merit and respectfully requests that the Court deny the defendant's motion. The government also submits that the Court does not need to conduct a hearing on this matter because additional testimony or a hearing on this issue will not aid the Court in its consideration of the motion. D.D.C. Loc. R. 7(f) ("A party may in a motion or opposition request an oral hearing, but its allowance shall be within the discretion of the court."). In support, thereof, the government states the following.

## I. Procedural History

On April 25, 2008, a Grand Jury sitting in the United States District Court for the District of Columbia returned a then-sealed original one-count indictment in Criminal Case No. 1:08cr123-RMC against YAHYA ALI ZAITAR (hereinafter "ZAITAR"), alleging that ZAITAR conspired with others to import heroin into the United States. ZAITAR also previously was charged with MOHAMMED ALI AWALI on November 30, 2007, in Criminal Case No. 1:07cr329-RMC, and in a superceding indictment on April 25, 2008. The 1:07cr329 indictment alleged that ZAITAR and AWALI conspired with others to import cocaine into the United States, and that ZAITAR and AWALI knowingly distributed 500 grams or more of a mixture and

---

[3] The Fifth Amendment states in relevant part: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . ."

2

substance containing a detectable amount of cocaine, knowing and intending that such cocaine would be unlawfully imported into the United States.

On July 17, 2008, a Grand Jury sitting in the United States District Court for the District of Columbia, returned an indictment against NEMR ALI ZHAYTER in Criminal Case No. 1:08cr214.  ZHAYTER is charged with the same conspiracy as ZAITAR to import heroin into the United States.

This Court previously set July 25, 2011, as a deadline for filing of motions.  On August 1, 2011, the defendant moved to adopt Yahya Zaitar's motions from Criminal Case No. 08cr123 (Docket No. 27).  The Court granted this motion on August 5, 2011, and directed the Defendant to refile the motions that were Docket Nos. 34, 35, 36, 37, 38, 39, 40, 41, and 42 in Criminal Case No. 08-123.  Although the Defendant failed to refile the motions, the government filed its responses to these motions on September 9, 2011.  *See* Docket Nos. 42 - 51.  Subsequently, the Defendant did refile the motions, which remain pending.  They are as follows:

> Docket No. 54 – Motion for Preliminary Determination of Existence of Conspiracy
> Docket No. 55 – Second Motion to Dismiss Case
> Docket No. 56 – Motion to Exclude Cooperating Witness Testimony and For Reliability Hearing
> Docket No. 57 – Motion to Sever
> Docket No. 58 – Motion for Bill of Particulars
> Docket No. 59 – Motion to Dismiss Based on Fed. R. Crim. P. 12(b)(3)
> Docket No. 60 – Motion to Suppress Statements
> Docket No. 61 – Motion to Suppress Evidence Seized Pursuant to Bucharest Tribunal
> Docket No. 62 – Motion to Adopt
> Docket No. 63 – Motion for Reliability Hearing

**Argument**

I. **The Defendant's Motion Should be Dismissed as Untimely**

Preliminarily, the government respectfully submits that the Court should dismiss the instant motion because it is untimely. At the August 12, 2011 status conference in this matter, the Court ordered the defendant to file his motions to sever and suppress by August 22, 2011. The Court set this new August 22, 2011 deadline because the defendant had missed the original July 25, 2011 deadline for filing motions. Nevertheless, the defendant failed to file any additional motions by August 22, 2011.

On October 7, 2011, because Yahya Zaitar received new counsel, the Court set a new deadline for filing additional motions (or amending/withdrawing existing motions). Although defendant Nemr Zhayter did not have a new attorney, the Court nevertheless extended the deadline for the Defendant to file new motions to December 7, 2011, but limited the defendant to filing only *new* motions based on any new transcripts the government had provided to defense since the previous deadlines. Upon granting the defendant's Amended Motion for Extension of Time to File Motions and Replies (Docket No. 68), the Court moved the deadline for filing new pretrial motions to December 21, 2011.

The instant motion, filed on December 21, 2011, does not raise new issues based on transcripts provided by the government to the defense since the previous deadline. The defendant offers no explanation for why he could not have filed his motions previously. Accordingly, it is untimely filed and the government submits that it should be dismissed in its entirety.

## II. The Defendant's Arguments Lack Merit.

Even if the Court entertains this untimely filed motion, the government submits that it still should be dismissed in its entirety. All of the arguments lack merit.

### A. The Indictment is Sufficiently Specific to Satisfy the Constitution, the Federal Rules of Criminal Procedure, and all Other Legal Authorities

Many of the defendant's argument rest on the same basic objection that the indictment lacks the specificity necessary to provide him with sufficient notice of the charges against him, in violation of the Sixth Amendment, Fed. R. Crim. P. 7(c), the Fifth Amendment, and the Due Process Clause (Arguments A, B, and E). The government submits that this argument fails because the indictment satisfies the Constitution and Rule 7(c), and provides the defendant with sufficient notice of the charges against him.

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . . For each count, the indictment . . . must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c). The sufficiency of an indictment rests on two purposes. First, the indictment must apprise the defendant of the charges against him so that he can properly prepare his defense; second, the indictment must be specific enough to protect the defendant against future double jeopardy for the same offense. *United States v. Haldeman*, 559 F.2d 31, 123 (D.C. Cir. 1976) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974); *Russell v. United States*, 369 U.S. 749, 763-64 (1962); and *United States v. Debrow*, 346 U.S. 374, 377-78 (1953)). Notably, "neither the Constitution, the Federal Rules of Criminal Procedure, nor any other authority suggests that an indictment must put the defendants on notice as to every means by which the prosecution hopes to prove that the crime was committed."

*Haldeman*, 559 F.2d at 124; *accord United States v. Bazezew*, Criminal No. 09-0253(PLF), 2011 WL 1790103, at *5 (D.D.C. May 11, 2011) ("The defendant is not entitled to know all the evidence the government will use against him at trial[,]' but he must be 'adequately informed' of those charges so that he may prepare a defense for trial.") (citation omitted).

Although the defendant cites cases that address the need for an indictment to set out a specific offense, he fails to cite cases that deal specifically with the Controlled Substances Act. *See Russell*, 369 U.S. at 771-72 (holding that in a prosecution for refusal to answer questions asked by a congressional subcommittee, the indictment must state the subject of the congressional inquiry); *Hamling*, 418 U.S. at (finding that an indictment for obscenity charges need not enumerate the word "obscene," as that is a legal term of art); *United States v. Sturman*, 951 F.2d 1466, 1479 (6th Cir. 1991) (concluding that there was no error in an indictment that charged obstruction of justice, where the indictment set forth the date and manner of the offense where by the defendants allegedly destroyed, concealed, and suppressed records of various corporations). In cases where the government charges conspiracies under the Controlled Substances Act, as in this case, the government need not prove an overt act in furtherance of the conspiracy. *United States v. Shabani*, 513 U.S. 10, 11 (1994) (holding that the government need neither allege nor prove the commission of an overt act to establish a violation of 21 U.S.C. § 846, which is worded identically to 21 U.S.C. § 963). It follows, then, that an indictment charging a conspiracy under the Controlled Substances Act need not include specific alleged overt acts. *See United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (upholding an indictment charging 21 U.S.C. § 963, that did not allege any overt acts).

In this case, Count One of the indictment states as follows:

> From in or about May 2007 and continuing thereafter up to and including the date of the filing of this Indictment, the exact dates being unknown to the Grand Jury, in Paraguay, Brazil, Romania, and elsewhere, the defendant, NEMR ALl ZHAYTER, A/K/A SHADI, did knowingly and unlawfully combine, conspire, confederate and agree with others known and unknown to the Grand Jury to commit the following offenses against the United States: (1) to knowingly and intentionally import 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, into the United States, in violation of Title 21, United States Code, Sections 952 and 960, and (2) to knowingly and intentionally distribute 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, intending and knowing that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(a) and 960. All in violation of Title 21, United States Code, Sections 960, 963, and Title 18, United States Code, Section 2.

(Docket No. 3). It clearly places the defendant on notice as to the alleged offense's time period, location, object, the statutes violated, and the mens rea required by the statutes. This Court has upheld indictments under very similar circumstances. For example, in *United States v. Bourdet*, 477 F. Supp. 2d 164 (D.D.C. 2007), wherein the defendants, Guatemalan nationals, were charged with conspiracy to import five kilograms or more of cocaine into the United States in violation of 21 U.S.C. §§ 960 and 963, the Honorable District Judge John D. Bates discussed the sufficiency of the indictment when denying the defendant's motion for a bill of particulars.

> Count two of the indictment identifies a time period for the alleged conspiracy (April to August 2006) and at least three countries where the defendants acted in furtherance of the conspiracy (Guatemala, El Salvador, and Panama). It also specifies the object of the conspiracy, the statutes violated by the conspiracy, and the mens rea required by those statutes. Although the indictment in this case is relatively spare [sic], it is nonetheless sufficient to enable defendants to understand the charges against them and to prepare a defense. Indeed, the court of appeals recently affirmed the denial of a bill of particulars in response to an indictment containing this exact type and amount of information. *See Mejia,* 448 F.3d at 445.

*Bourdet*, 477 F. Supp. 2d at 184. Likewise, in *United States v. Martinez*, 764 F. Supp. 2d 166 (D.D.C. 2011), The Honorable Chief District Court Judge Lamberth denied a motion to dismiss

an 21 U.S.C. §§ 841, 846 indictment. In *Martinez*, the indictment read:

> [F]rom on or about November 1, 2005 ... and continuing thereafter up to and including at least March 3, 2009, in the District of Columbia, the state of Maryland, the State of Texas, and elsewhere," defendant and seven co-defendants "did unlawfully, knowingly and intentionally combine, conspire, confederate and agree together and with others known and unknown to the Grand Jury, to unlawfully, knowingly and intentionally distribute and possess with intent to distribute" 50 grams or more of crack cocaine and 5 kilograms or more of powder cocaine, in violation of 21 U.S.C §§ 841(a)(1), 841(b)(1)(A)(ii), and 841(b)(1)(A)(iii).

*Id.* at 170. Chief Judge Lamberth found that the indictment "alleges the essential facts," "charges all the required elements," and was "sufficiently distinctive that a verdict would bar a second prosecution for the same offense." *Id.* at 170-71; *see also United States v. Coleman*, 664 F. Supp. 548, 549 (D.D.C. 1985) (Robinson, C.J.) (finding that an indictment satisfied Fed. R. Crim. P. 7(c) where it "specified the "actions of the defendants," "the date of these actions," "the place," and "the precise regulations which the government claims were violated."). The indictment in this case, thus, is sufficient and should not be dismissed.

Finally, to the extent that the defendant argues that the indictment should be dismissed because it does not name a coconspirator, he is wrong. An indictment charging that a defendant participated in a conspiracy need not name any specific coconspirator; moreover, the government need not name any specific coconspirator at trial to support a conspiracy conviction. *See United States v. Sanchez*, 461 F.3d 939, 945-46 (8th Cir. 2006) (affirming a conspiracy conviction because "[t]he failure to identify whom [the defendant] was working with is not fatal to the government's case"); *United States v. Contreras*, 249 F.3d 595, 598 (7th Cir. 2001) (noting that "the government need not always establish specifically with whom the defendant conspired"); *United States v. Womack*, 1914 F.3d 879, 885 (8th Cir. 1999) ("Although there were no other co-conspirators named in the indictment, this factor does not preclude a finding of a

conspiracy."); *United States v. Dukes*, 139 F.3d 469, 475 (5th Cir. 1998) ("A person can be convicted for conspiring with unknown persons, if the indictment charges conspiracy with unknown persons and the evidence supports their existence and their complicity in the conspiracy."); *see also Wheeler v. United States*, 977 A.2d 973, 981 n.14 (D.C. 2009). Accordingly, the indictment is sufficient to satisfy the Constitution, the Federal Rules of Criminal Procedure, and all other legal authorities.

>**B**     **The Court has Subject Matter Jurisdiction over this Case**

Next, the defendant's argument C, that the Court lacks subject matter jurisdiction because of an alleged lack of nexus to the United States, is the same argument raised in his Motion to Dismiss Case Pursuant to Fed. R. Crim. P. 12(b)(3) (Docket No. 25, Exhibit 7; Docket No. 59). The government, therefore, responds to argument C by incorporating its previous response (Docket No. 47).

>**C.**    **A Speculative Concern about Translations in this Case is Not a Valid Basis for Dismissing an Indictment**

The defendant argues that the lack of adequate translations in this case violates the due process clause (Argument D). This argument is purely speculative and the defendant fails to cite any legal authority in support thereof.

The Constitution requires that a defendant be able to understand the proceedings against him. *See United States v. Lam Kwong-Wah*, 924 F.2d 298, 309 (D.C. Cir. 1991); *Jackson v. Garcia*, 665 F.2d 395 (1st Cir. 1981); *Negron v. New York*, 434 F.2d 386 (2d Cir. 1970); *see also* Thomas M. Fleming, *Right of accused to have evidence or court proceedings interpreted, because accused or other participant in proceedings is not proficient in the language used*, 32 A.L.R. 5th 149 (1995). It remains within the Court's sound discretion to select and secure

interpreters. *See Valladares v. United States*, 871 F.2d 1564, 1565 (11th Cir. 1989) (citing *United States v. Bennett*, 848 F.2d 1134, 1141 (11th Cir. 1988)). Section 1827 of Title 28 of the United States Code provides additional authority for courts to exercise sound discretion to secure interpreters and translation services for defendants who do not speak English. *See Valladares*, 871 F.2d at 1565. None of these legal authorities, however, require provision of continuous translation. *Id.* (citing *United States v. Lim*, 794 F.2d 469, 470 (9th Cir. 1986)); *see also United States v. Torres*, 66 F. Supp. 2d 30, 36 (D.D.C. 1999) ("At least three courts of appeals, however, appear to have held that a defendant's right to an interpreter is satisfied so long as an interpreter is provided at the trial itself.") (citations omitted).

   The defendant's purely speculative concern is insufficient to warrant dismissal of the indictment. Moreover, the Court has located Arabic translators who know the same dialect as the defendant; these translators have assisted in many pretrial hearings in this case, and the defendant on multiple occasions has affirmed that he understands the proceedings as translated by these translators. The defendant also has been assisted by his own interpreter. There simply is no reason to dismiss the indictment on this basis.

   To the extent that the defendant is bringing his argument in relation to the translation of discovery (i.e., recorded conversations), his arguments are misplaced. The Constitution does not require that all discovery documents be translated into the defendant's language. *United States v. Celis*, 608 F.3d 818, 840-41 (D.C. Cir. 2010); *accord Canizales-Satizabal v. United States*, 1995 WL 759472, at *1 n.2 (7th Cir. 1995); *Sanders v. United States*, 130 F. Supp. 2d 447, 449 (S.D.N.Y. 2001). Rather, "'[a] court *may* decide to provide written translations in difficult and complicated cases,' . . . but that decision, like the management of discovery in general, is

committed to the district court's discretion." *Celis*, 608 F.3d at 841 (quoting *United States v. Gonzales*, 339 F.3d 725, 729 (8th Cir. 2003)).  Moreover, the defendant speaks most, if not all, of the languages contained in the recordings, and thus can assist his counsel in understanding the recordings' contents; he also has and can continue to seek assistance from his interpreter.  This argument for dismissal of the indictment fails.

   **D.**  **The Indictment is not Duplicitous**

Finally, the defendant argues that the indictment should be dismissed because it alleges multiple conspiracies, not one conspiracy (Argument F).  The defendant's argument seems to rest on two main objections: *first*, that the Court has joined for trial the Defendant and his brother, Yahya Zaitar's case (Criminal No. 08-123); *second*, that the government likely will introduce coconspirator statements pursuant to Fed. R. Evid. 801(d)(2)(E), and other evidence pursuant to Fed. R. Evid. 404(b), that will result in impermissible spillover prejudicing the defendant.  The government submits that both of these objections lack merit; the indictment is not duplicitous and should not be dismissed.

    **1.**  **The Court Properly Joined the Indictments**

The government submits that the Court properly joined the Indictments for trial.  The defendant already has raised this issue in his motions for severance (Docket No. 25, Exhibit 21; Docket No. 57; Docket No. 69).  The government already has filed two responses to this issue (Docket Nos. 44 & 77).  The Defendant's motion to dismiss (Docket No. 25, Exhibit 17; Docket No. 55), which argues that the indictment is duplicitous, also raises this issue.  The government has responded to this motion (Docket No. 42).  The government hereby incorporates its previous responses.  The Court properly joined the cases for trial, and the indictment is not duplicitous.

## 2. Objections to the Admission of Evidence is Not a Proper Basis for Dismissing an Indictment

The defendant's objections to the admission of evidence is not a proper basis for dismissing an indictment. Rather, the admission (or exclusion) of certain evidence falls within "the management of discovery . . . . [that] is committed to the district court's discretion." *Celis*, 608 F.3d at 841. The government provided timely notice of its intent to introduce evidence pursuant to Fed. R. Evid. 404(b), *see* Docket No. 34, and the defendant has filed his opposition to this motion, *see* Docket No. 73. The government hereby incorporates its arguments from its Notice to the Defendant and Motion to Admit Evidence of Other Crimes Pursuant to Rule 404(b) of the Federal Rules of Evidence (Docket No. 34), and its reply to Defendant's opposition to this motion, which will be filed forthwith. The government submits that the evidence outlined in its 404(b) Notice/Motion should be admitted in this case, for the reasons set forth therein.

Also, the government submits that properly admitted statements pursuant to Fed. R. Evid. 801(d)(2)(E), are not the basis for dismissing an indictment. Were it so, the Court would have to conduct a pretrial hearing on the existence of a conspiracy and the admissibility of coconspirator statements; courts have cautioned against holding such pretrial hearings. *See United States v. Edelin*, 128 F. Supp. 2d 23, 45-46 (D.D.C. 2001) (Lamberth, C.J.); *United States v. Hsin-Yung*, 97 F. Supp. 2d 24, 37 (D.D.C. 2000) (Harris, J.) (rejecting the defense request for pretrial determination regarding admissibility of co-conspirator statements to avoid "a time consuming mini-trial before the trial"). The defendant already has raised this issue in his Motion for Preliminary Determination of Conspiracy and Pretrial Ruling on the Admissibility of Coconspirator Statements (Docket No. 25, Exhibit 13; Docket No. 54). The government, therefore, incorporates herein the arguments contained in the government's response in

opposition to Defendant's Motion for Preliminary Determination of Conspiracy and Pretrial Ruling on the Admissibility of Coconspirator Statements (Docket No. 45).

### III.  Conclusion

For the foregoing reasons, the government submits that no hearing is necessary, and the Court should deny the defendant's Motion to Dismiss the Indictment and Request for an Evidentiary Hearing.

>                       Respectfully submitted,
> 
>                       ARTHUR G. WYATT
>                       Chief
>                       Narcotic and Dangerous Drug Section
>                       Criminal Division
> 
> By:              /s/
>                       Tritia L. Yuen
>                       Meredith A. Mills
>                       Trial Attorney
>                       Narcotic and Dangerous Drug Section
>                       U.S. Department of Justice / Criminal Division
>                       1400 New York Avenue, NW
>                       Washington, DC 20005
>                       Main Office: (202) 616-2251
>                       Fax: (202) 514-0483
>                       Tritia.Yuen@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 24th day of January 2012, I filed the foregoing GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT AND REQUEST FOR AN EVIDENTIARY HEARING with the Clerk of the Court via the CM/ECF system which will deliver a Notice of Electronic Filing on all counsel of record.

      By:       /s/
            Tritia L. Yuen