UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | |
| ) | CRIMINAL NO.: 1:08cr00214-RMC |
| NEMR ALI ZHAYTER,   ) | |
| ) | |
| Defendant.   ) | |

### GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION AND NOTICE TO ADMIT OTHER CRIMES EVIDENCE

The United States of America, by and through its undersigned counsel, hereby responds to the oppositions to the government's Notice to the Defendant and Motion to Admit Evidence of Other Crimes Pursuant to Rule 404(b) of the Federal Rules of Evidence, filed by defendant Yahya Ali ZAITAR ("ZAITAR") in Criminal Case No. 1:08cr123 (*see* Doc. 80, filed 12/21/11), and defendant Nemr Ali ZHAYTER in Criminal Case No. 1:08cr214 (*see* Doc. 73, filed 12/21/11).[1]  The defendants argue that:

(A)   the government's "other crimes" evidence must be analyzed under Federal Rule of Evidence 404(b), and is inadmissible as purely propensity evidence;

(B)   even if the "other crimes" evidence is admissible under Rule 404(b), the potential for unfair prejudice to the defendants far outweighs any probative value of admitting the "other crimes" evidence under Federal Rule of Evidence 403; and

(C)   ZAITAR's post-arrest statements and intercepted communications are

---

[1] The government files this collective reply to the defense filings in both cases as they are currently consolidated for trial and ZHAYTER moved to adopt the arguments made in ZAITAR's opposition. The government's filings in both cases will differ only as to the case caption.  For all intents and purposes herein, the government incorporates by reference its original "other crimes" motion / notice filed on August 8, 2011, in both cases at Criminal Case No. 1:08cr123 (*United States v. Yahya Ali Zaitar, see* Doc. 49) and Criminal Case No. 1:08cr214 (*United States v. Nemr Ali Zhayter, see* Doc. 34) (hereafter "Notice").

1

inadmissible as to ZHAYTER under the Federal Rules of Evidence governing hearsay, the Sixth Amendment's Confrontation Clause, and the Supreme Court's opinion in *Crawford v. Washington*, 541 U.S. 36 (2004).

The government submits that the defense arguments lack merit and respectfully requests that the Court admit the government's "other crimes" evidence as either evidence intrinsic to the charged conspiracy or pursuant to Rule 404(b). In support thereof, the government states the following.

## I.   ARGUMENT

**A.   Even if the government's proffered "other crimes"[2] evidence is subject to a Rule 404(b) analysis, the government has offered several permissible bases other than propensity for its admission under Rule 404(b).**

As an initial matter, ZAITAR does not dispute *per se* the relevancy of the "other crimes" cocaine trafficking evidence under Federal Rules of Evidence 401 and 402, but ZHAYTER does, claiming that because it does not involve him or the charged conspiracy, it is irrelevant.[3] To the extent any of the cocaine-related evidence (including recordings or seized evidence) involves ZHAYTER (*see* Notice at 20), it is probative of, *inter alia,* ZHAYTER's knowledge and intent to use mules / couriers for drug trafficking, including his intent to allow ZAITAR to use his mules

---

[2] The government uses the phrasing "other crimes" broadly; it is meant to encompass the other crimes, wrongs, acts, etc. identified in the government's Notice.

[3] ZHAYTER also claims he is unable to address the government's request to admit evidence seized in Paraguay in 2008. As the defense is well aware from the voluminous discovery produced, search and arrest warrants were executed in Paraguay against ZHAYTER and others on or about August 6, 2008. The government disclosed to the defense detailed investigative reports and various forensics reports relating to the evidence seized from ZHAYTER and others at the time of the warrants' execution; translations of some of the documents, which were received from the Paraguayan government pursuant to two MLAT requests, were also disclosed. Moreover, the original materials were in Spanish, a language ZHAYTER's defense counsel speaks. The defendants have sufficient notice of what evidence was seized and analyzed and could be offered by the government.

for the heroin trafficking, as well as reflects a common scheme, plan or *modus operandi* used by the organizational members to facilitate the transportation and importation of drugs through the use of mules.

In support of their arguments that the only "other crimes" analysis to be conducted is under Rule 404(b), the defendants state there is no "complete the story" or "explain the circumstances" basis for admitting evidence under an "inextricably intertwined" theory relating to intrinsic evidence. The defendants rely on the D. C. Circuit's decision in *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000), and conclude that the government's "other crimes" evidence is inadmissible as purely propensity evidence offered to show the defendants' bad character and conformity herewith in the charged conspiracy.

In its Rule 404(b) Notice, the government explained at length its reasoning for why the evidence identified therein is admissible as direct evidence of the charged conspiracy and, therefore, not subject to an analysis under Rule 404(b). These bases went well beyond an argument that the evidence simply served to "complete the story" or "explain the circumstances"; therefore, the defense does not sufficiently counter the numerous other reasons the government gave for why the proffered evidence could be admitted as direct evidence of the crime charged. In any event, the *Bowie* Circuit also recognized that "evidence necessary to complete a story – for instance by furnishing a motive or establishing identity – typically has a non-propensity purpose and is admissible under Rule 404(b)." *Bowie*, 232 F.3d at 929. Consequently, even if this Court determines that the government's proposed "other crimes" evidence does not fall within the purview of evidence "intrinsic" to the charged offense, the Court may still admit the evidence under a Rule 404(b) analysis. The government explained in detail in its Notice the probativeness

of the "other crimes" evidence and outlined numerous applicable non-propensity bases under Rule 404(b), to include proof of intent, motive, opportunity, common scheme or plan, knowledge, identity or absence of mistake or accident. Another bases would be to *corroborate* evidence that has a legitimate non-propensity purpose. *See id.*, 232 F.3d at 933. This would apply also, then, to admitting the cocaine-related recordings and events as they help to corroborate, for example, how and why ZAITAR negotiated the heroin transaction as he did with the undercover agent.[4] That is, "the fact of consequence to which the evidence is directed relates to a matter in issue other than the defendant's character or propensity to commit [a] crime." *Id.* at 930.

The defendants' only reasons for disputing the government's proffered non-propensity bases are that the trafficking occurred in different parts of the world, with different drugs (with allegedly different degrees of availability), under different organizational or transactional parameters (single cocaine transaction versus international heroin trafficking ring). Defendants then summarily conclude that these differences preclude a finding that ZAITAR's intent and knowledge of distributing cocaine is probative of an intent to participate in the heroin conspiracy. In this Circuit, "[e]vidence of a similar act must meet a threshold level of similarity in order to be admissible to prove intent"; "[w]hat matters is that the evidence be relevant 'to show a pattern of

---

[4] The *Bowie* Court also contemplated that "some uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime." *Bowie*, 232 F.3d at 929. This would certainly then be an additional basis for admitting the cocaine-related recordings as intrinsic evidence because they help to corroborate how and why ZAITAR negotiated the heroin transaction as he did with the undercover agent; in other words, the cocaine transaction facilitated the commission of the heroin charge.

4

operation that would suggest intent' and that tends to undermine the defendant's innocent explanation." *United States v. Long*, 328 F.3d 655, 661 (D.C. Cir.), *cert. denied,* 540 U.S. 1075 (2003) (internal citations omitted); *see also United States v. Straker*, 567 F. Supp. 2d 174, 178 (D.D.C. 2008). Thus, "'the admissible bad acts evidence need not show incidents identical to the events charged, so long as they are closely related to the offense' . . . and are probative of intent rather than mere propensity." *Long*, 328 F.3d at 661 (quoting *United States v. DeLoach,* 654 F.2d 763, 769 (D.C. Cir. 1980)). Given that the cocaine-related conduct evinces a pattern of operation by the ZAITAR organization to secret drugs in suitcases or other packages for international transport by drug mules or carriers in a manner to evade detection, the government has met a threshold showing of similarity to warrant admission of the "other crimes" evidence. Moreover, the defense simply glosses over the various *other* valid purposes under Rule 404(b) for admitting the evidence which the government offered in its initial Notice. *See United States v. Douglas*, 482 F.3d 591, 600 (D.C. Cir. 2007) ("'Rule 404(b) does not require that the evidence be excluded' simply because it may also suggest criminal propensity.") (quoting *United States v. Crowder,* 141 F.3d 1202, 1209 (D.C. Cir. 1998)). Furthermore, contrary to the defense's assertions, "[t]he other activity need not have resulted in a charge or conviction; indeed, [a] defendant may even have been acquitted of the conduct, or the conduct may have been entirely lawful," but the evidence could still be admissible under Rule 404(b). *Long*, 328 F.3d at 661. "'Rule 404(b)'s terminology "other crimes, wrongs, or acts" includes conduct that is neither criminal nor unlawful if it is relevant to a consequential fact.'" *Id.* (quoting 2 Weinstein's Federal Evidence § 404.20[2][a] (2d ed. 2003)). Therefore, the defense has not provided any persuasive arguments to counter the government's bases for admission of the "other crimes" evidence under

Rule 404(b).

B.  **The defendants have not demonstrated that the prejudicial effect of admitting the evidence outweighs its probative value under Rule 403.**

Even if the Court finds the government's evidence admissible under Rule 404(b), the defendants argue that any probative value associated with its admission is far outweighed by the potential for substantial unfair prejudice to the defendants. Fed. R. Evid. 403. ZHAYTER postures a disparity-like argument, that is, that any relevance of the evidence to the heroin conspiracy is marginal at best and will overwhelm the limited evidence relating to the charged conspiracy. He also opposes admission of evidence that a jury or court has not deemed criminal. ZAITAR's prejudice argument is rooted in a belief that knowledge and intent relating to cocaine trafficking is not relevant to heroin trafficking conduct. Also, although without any elaboration, the defendants argue that admission of the evidence will confuse the issues, mislead the jury, cause undue delay, present a waste of time and result in cumulative evidence.

The defendants have proffered no "'compelling or unique evidence of prejudice,'" in order to exclude the Rule 404(b) evidence under Rule 403. *See United States v. McCarson*, 527 F.3d 170, 174 (D.C. Cir. 2008) (quoting *United States v. Cassell*, 292 F.3d 788, 796 (D.C. Cir. 2002)). The evidence of the cocaine-related recordings, foreign drug seizures and arrest and search warrants, post-arrest statements, and other generally identified prior criminal activity or statements, are integral to the charged conspiracy (whether viewed as evidence intrinsic to the offense or as "other crimes" evidence under Rule 404(b)). Evidence of prior drug transactions or activity is routinely admitted in drug cases. Although evidence of the defendants' involvement in drug trafficking involving a different controlled substance may be inculpatory as to a cocaine-

related charged offense, it is not unfairly or dangerously prejudicial. As this Circuit noted in *Douglas*:

> With regard to the unfairly prejudicial impact of admitting evidence of [the defendant's prior] PWID arrest [in his instant PWID case], such evidence almost unavoidably raises the danger that the jury will improperly "conclude that because [the defendant] committed some other crime, he must have committed the one charged in the indictment." This danger, however, "cannot give rise to a *per se* rule of exclusion."

*Douglas*, 482 F.3d at 601 (quoting *Crowder,* 141 F.3d at 1210, and *Cassell*, 292 F.3d at 796); *see also United States v. Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008).

The evidence the government intends to present is highly probative evidence demonstrating intent, motive, opportunity, knowledge, or a common scheme or plan as it relates to the heroin importation conspiracy, each of which carry substantial evidentiary value. This decisively tips the balance in favor of admission. Further, any potential prejudice can be ameliorated by given the jury a limiting instruction in accordance with Rule 404(b) which eliminates concern that the jury would misinterpret the evidence. In *United States v. McCarson*, the Circuit stated:

> [T]he district court here instructed the jury that the evidence was being admitted and was to be considered only "with respect to the issues of intent and knowledge and for nothing else" . . . we deem such a limiting instruction "sufficient[]" to "protect a defendant's interest in being free from undue prejudice" by virtue of his prior conviction(s) being put into evidence.

527 F.3d at 174 (quoting *Cassell*, 292 F.3d at 796). Simply stated, the defense have not met their heavy burden to demonstrate that the danger of unfair prejudice substantially outweighs the evidence's probative value.

C.  **Admission of ZAITAR's intercepted communications and post-arrest statements would not violate ZHAYTER's Sixth Amendment confrontation rights and the Supreme Court's opinion in *Crawford v. Washington*, 541 U.S. 36 (2004); and the statements are admissible under the hearsay rules**.

ZHAYTER argues that the introduction, at a consolidated trial, of ZAITAR's various intercepted communications (with others) and post-arrest statements will violate the Federal Rules of Evidence, the Sixth Amendment's Confrontation Clause, and the Supreme Court's opinion in *Crawford v. Washington*, 541 U.S. 36 (2004).  ZHAYTER does not further elaborate on his reasoning for this in his Opposition, but it is presumably the same arguments ZHAYTER raises in his pending motion(s) to sever which the government responded to at length in its response thereto.[5]  Again, the government incorporates by reference for all intents and purposes herein, its lengthy opposition on the same issue in its response to defendant's motion to sever.  In that opposition, the government concluded that ZAITAR's intercepted communications are nontestimonial statements which are not subject to the Confrontation Clause or *Crawford*.  In the alternative, the government submits that redaction and limiting jury instructions relating to the post-arrest statements would satisfy *Bruton* and *Crawford*.  Therefore, the defense has not offered a convincing argument to demonstrate prejudice, *e.g.*, by violation of a specific constitutional trial right.

Moreover, there are various bases for admitting ZAITAR's post-arrest statements or intercepted communications under the Federal Rules of Evidence which the government expects to rely on at trial.  For instance, the government may offer the intercepted communications with

---

[5] *See* Government's Response to Defendant's Motion to Deny Consolidation of Separate Indictments or, in the Alternative, to Sever and Request for an Evidentiary Hearing, filed 1/24/12.

the informant for reasons other than to prove the truth of the matter asserted, which would not by definition be hearsay. *See* Fed. R. Evid. 801(a) and (c)(2) (effective December 1, 2011). These reasons include to put into context or make what ZAITAR said and did in reaction to the informant's statements intelligible to the jury. *See, e.g., United States v. Gaytan*, 649 F.3d 573, 579 (7th Cir. 2011); *United States v. Smalls*, 605 F.3d 765, 785 n.18 (10th Cir. 2010); *United States v. Colon-Diaz*, 521 F.3d 29, 38 (1st Cir. 2008); *United States v. Gatling*, 96 F.3d 1511, 1524 (D.C. Cir. 1996); *United States v. Barone*, 913 F.2d 46, 49 (2d Cir. 1990). In addition, the intercepted communications with the informant would also be offered as a prior statement of a witness which the witness adopts, while on the stand, as true (*i.e.,* not hearsay by definition). *See* Fed. R. Evid. 801(d) advisory committee's note ("If the witness admits on the stand that he made the statement and that it was true, he adopts the statement and there is no hearsay problem."); *see also, e.g., Amarin Plastics, Inc. v. Maryland Cup Corp.*, 946 F.2d 147, 153 (1st Cir. 1991); *Bell v. City of Milwaukee*, 746 F.2d 1205, 1274 (7th Cir. 1984). The statements may be offered to prove ZAITAR's knowledge of a crime (again, rather than the truth of the matter asserted); as state of mind is an element of the charged offense, the evidence would also be relevant and probative. *See, e.g., United States v. Boyd*, 640 F.3d 657, 664 (6th Cir. 2011); *Whitbeck v. Vital Signs, Inc.*, 159 F.3d 1369, 1374 (D.C. Cir. 1998). In addition, the statements may be admitted as those that are excluded from hearsay pursuant to Evidence Rule 801(d), for example, as an opposing party's statement that the party made in an individual capacity (*see* Fed. R. Evid. 801(d)(2)(A)) or one the party manifested that it adopted or believed as true (*see* Fed. R. Evid. 801(d)(2)(B)), or a co-conspirator's statement to the extent the statement was made during and in furtherance of the conspiracy (*see* Fed. R. Evid. 801(d)(2)(E)). Alternatively, they may be

admitted under exceptions to the hearsay rule, including, but not limited to, as a present sense impression (*see* Fed. R. Evid. 803(1)), or the declarant's then-existing mental or emotional condition (*e.g.*, his state of mind such as motive, intent or plan) (*see* Fed. R. Evid. 803(3)).  As a related matter, *Crawford* does not apply to non-hearsay.  *Crawford*, 541 U.S. at 36, 51.  Therefore, ZHAYTER's arguments that ZAITAR's communications are inadmissible hearsay is without merit.

## II.   CONCLUSION

For the foregoing reasons, the government submits that the defense arguments lack merit and respectfully requests that the Court admit the government's "other crimes" evidence as either evidence intrinsic to the charged conspiracy or evidence permissible under Rule 404(b).

Respectfully submitted this 24th day of January 2012.

          ARTHUR G. WYATT, Chief
          Narcotic and Dangerous Drug Section
          Criminal Division
          U.S. Department of Justice

By:      /s/ *Meredith A. Mills*
          Meredith A. Mills (D.C. Bar # 457843)
          Trial Attorney
          Narcotic and Dangerous Drug Section
          Criminal Division / U.S. Department of Justice
          1400 New York Avenue, NW
          Washington, DC 20005
          Main Office: (202) 514-0917
          Fax: (202) 514-0483
          Meredith.Mills@usdoj.gov

CERTIFICATE OF SERVICE

  I hereby certify that on the 24th day of January 2012, I filed the foregoing GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION AND NOTICE TO ADMIT OTHER CRIMES EVIDENCE with the Clerk of the Court via ECF / CM.  A copy will be served on the following counsel via the Notice of Electronic Filing (NEF) system:

<u>Counsel for Defendant NEMR ALI ZHAYTER</u>
Carmen D. Hernandez, Esq.
7166 Mink Hollow Road
Highland, MD 20777
Tel: 202-628-0090 / Direct: 240-472-3391 / Fax: 202-628-2881
chernan7@aol.com

<u>Counsel for Defendant YAHYA ALI ZAITAR</u> (related / consolidated case)
Barry Coburn, Esq.
Coburn & Greenbaum PLLC
1710 Rhode Island Avenue, NW, Second Floor
Washington, DC  20036
Main: 202-657-4490 / Fax:  866-561-9712
barry@coburngreenbaum.com

          Respectfully submitted,

          ARTHUR G. WYATT, Chief
          Narcotic and Dangerous Drug Section
          Criminal Division
          U.S. Department of Justice

    By:    /s/ *Meredith A. Mills*
          Meredith A. Mills (D.C. Bar # 457843)
          Trial Attorney
          Narcotic and Dangerous Drug Section
          Criminal Division / U.S. Department of Justice
          1400 New York Avenue, NW
          Washington, DC 20005
          Main Office: (202) 514-0917
          Fax: (202) 514-0483
          Meredith.Mills@usdoj.gov