UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO.: 1:08cr00214-RMC |
| NEMR ALI ZHAYTER, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS
IDENTIFICATION EVIDENCE AND REQUEST FOR EVIDENTIARY HEARING**

The United States of America, by and through its undersigned counsel, hereby responds to defendant's Motion to Suppress Identification Evidence and Request for an Evidentiary Hearing, filed 12/21/11 (Doc. 70), which he brings on Fed. R. Crim. P. 12(b)(3), Fifth Amendment Due Process Clause, and Sixth Amendment grounds. The government respectfully requests that this Court deny defendant's motion for the reasons stated.

**I.   ARGUMENT**

**A.   The defendant has failed to state a claim upon which relief can be granted.**

The defendant bears the burden of showing that any out-of-court identification was so unduly and impermissibly suggestive as to warrant suppression. *Simmons v. United States*, 390 U.S. 377, 384 (1968).  In order to succeed on his motion to suppress any pretrial identifications of the defendant, the defendant must demonstrate, first, that the identification "procedures" that were used were "impermissibly suggestive." *United States v. Washington*, 353 F.3d 42, 44 (D.C. Cir. 2004) (citing *Neil v. Biggers*, 409 U.S. 188, 197 (1972)).  Second, assuming that the defendant can overcome this initial burden, he must show that, under the totality of the circumstances, the identifications themselves were unreliable such that there is a "substantial

1

likelihood of misidentification." *Id.* at 44-45 (citing *Manson v. Brathwaite*, 432 U.S. 98, 116 (1977) (citations omitted).

In the instant case, the defendant has failed to meet his initial burden of demonstrating that the identification "procedures" utilized in this case were unduly suggestive because he does not point to *any* photo identification procedures conducted or photo arrays presented in this case. Admittedly, the government had not previously disclosed any evidence relating to photo identifications conducted in the case. Nonetheless, the defendant makes speculative arguments, which he claims are "upon information and belief," that "law enforcement officers used identification procedures in this case that were unnecessarily suggestive." Def. Mot. at 1. He surmises then that "there is a substantial likelihood that the government has questioned cooperating and other witnesses, to whom the government has shown single photographs of Mr. Zhayter and who have otherwise been asked to identify him." *Id.* The defendant then concludes that "the resulting identification evidence is unreliable" which supports the exclusion at trial of any testimony about the out-of-court and in-court identifications. *Id.*

Upon receiving the defendant's motion, the government conducted an additional review of its files and identified a photo identification procedure involving the defendant which was conducted with a witness on or about July 7, 2008. The purpose was to confirm, shortly before the defendant's indictment, that the individual in the photograph was, in fact, the defendant; *i.e.*, the identification took place at the close of the investigation. A single color photograph of the defendant was utilized for this purpose. The photograph was e-mailed from DEA Special Agent Greg Conners to the witness embedded in an attached Microsoft Word document. There was no accompanying text either in the attached document, in the e-mail's subject line, or in the e-mail's

content.  Four minutes later, the witness replied by e-mail with "Thats Shady."  Although the case agent did not specifically state in his e-mail exchange with the witness the purpose for sending the photograph, it is likely that the agent informed the witness by telephone to check his e-mail and send a reply message identifying the individual in the photograph.[1]  The government continues to cull through its files to determine whether other photo identification procedures were conducted.  Thus, the government respectfully requests leave to file a supplemental response if, following the disclosure of any such identifications to the defense, the defendant renews his motion with reference to the actual photographs used and procedures conducted.

Even assuming, *arguendo*, that the defendant is able to meet his burden of showing that the identification procedures used in the referenced incident were impermissibly suggestive, there is no evidence to suggest that the identification was unreliable.  "[T]he central question [is] whether under the totality of the circumstances the identification was reliable even though the confrontation procedure was suggestive."  *United States v. Singleton*, 702 F.2d 1159, 1166 n.21 (D.C. Cir. 1983) (citing *Neil,* 409 U.S. at 199).  In *Neil v. Biggers*, the Supreme Court named several factors that a court should consider when determining whether an out-of-court identification was reliable.  They include (1) the opportunity of the witness to view the perpetrator at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the perpetrator; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation.  *Neil,* 409 U.S. at 199.

---

[1] On January 24, 2012, the government disclosed to the defense documentation showing the referenced e-mail exchange and the photograph of the defendant that was attached to the agent's email.

Applying the *Neil* factors to the instant case, the evidence will show that the witness who identified the photograph observed the defendant on multiple, extended occasions, in the close quarters of the defendant's brother's residence or elsewhere. Furthermore, the witness unhesitatingly identified the defendant's photograph (within four minutes of being sent it), and responded by providing the defendant's nickname which suggests familiarity with the defendant on a personal level. It is also worth noting that the witness identified the defendant's photograph at the conclusion of the investigation as a confirmatory exercise shortly before indictment, not at the start of the investigation before his contacts with the defendant began. Thus, the identification was made only after having had many opportunities to observe the defendant in person, lending further to the identification's reliability. This case is unlike a stranger encounter where the victim or complainant observes the defendant for just a fleeting moment. And, on at least one occasion, the witness recorded a conversation with the defendant while speaking with him in person; the defendant asked the witness for assistance in obtaining drug mules for him (ZHAYTER). Plus, the photograph shown to the witness does not differ in appearance from how the defendant looks at the present time. Thus, under the totality of the circumstances, there is overwhelming reliability in the identification of the defendant even in a single photograph scenario.

Since the defendant cannot meet his burden of demonstrating that the out-of-court identification procedures utilized in this case were improper, the identifying witness, if called upon to do so at trial, should not be hindered in any way from making an in-court identification of the defendant. *See United States v. Gantt,* 617 F.2d 831, 840 (D.C. Cir. 1980) (holding that district court did not err by failing to make a finding of an independent basis to support witness's

in-court identification of the defendant, as such a finding is necessary only when the out-of-court identification procedure has been found to be suggestive) (citation omitted), abrogated on other grounds, *In Re Sealed Case*, 99 F.3d 1175 (D.C. Cir. 1996).

## II.  CONCLUSION

For the foregoing reasons, the government submits that the defense arguments lack merit and respectfully requests that the Court deny the defendant's motion at this time. The Court should also deny defendant's request for an evidentiary hearing on the matter.

Respectfully submitted this 24th day of January 2012.

                                    ARTHUR G. WYATT, Chief
                                    Narcotic and Dangerous Drug Section
                                    Criminal Division
                                    U.S. Department of Justice

By:         */s/ Meredith A. Mills*
                 Meredith A. Mills (D.C. Bar # 457843)
                 Trial Attorney
                 Narcotic and Dangerous Drug Section
                 Criminal Division / U.S. Department of Justice
                 1400 New York Avenue, NW
                 Washington, DC 20005
                 Main Office: (202) 514-0917
                 Fax: (202) 514-0483
                 Meredith.Mills@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 24th day of January 2012, I filed the foregoing GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS IDENTIFICATION EVIDENCE AND REQUEST FOR EVIDENTIARY HEARING with the Clerk of the Court via ECF / CM.  A copy will be served on the following counsel via the Notice of Electronic Filing (NEF) system:

Counsel for Defendant NEMR ALI ZHAYTER
Carmen D. Hernandez, Esq.
7166 Mink Hollow Road
Highland, MD 20777
Tel: 202-628-0090 / Direct: 240-472-3391 / Fax: 202-628-2881
chernan7@aol.com

Counsel for Defendant YAHYA ALI ZAITAR (related / consolidated case)
Barry Coburn, Esq.
Coburn & Greenbaum PLLC
1710 Rhode Island Avenue, NW, Second Floor
Washington, DC  20036
Main: 202-657-4490 / Fax:  866-561-9712
barry@coburngreenbaum.com

                                            Respectfully submitted,

                                            ARTHUR G. WYATT, Chief
                                            Narcotic and Dangerous Drug Section
                                            Criminal Division
                                            U.S. Department of Justice

By:                /s/ *Meredith A. Mills*
                                            Meredith A. Mills (D.C. Bar # 457843)
                                            Trial Attorney
                                            Narcotic and Dangerous Drug Section
                                            Criminal Division / U.S. Department of Justice
                                            1400 New York Avenue, NW
                                            Washington, DC 20005
                                            Main Office: (202) 514-0917
                                            Fax: (202) 514-0483
                                            Meredith.Mills@usdoj.gov