UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO.: 1:08cr00214-RMC |
| NEMR ALI ZHAYTER, ) | |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## MOTION FOR PRODUCTION OF WITNESSES

The United States of America, by and through its undersigned counsel, hereby responds to the Defendant's Motion for Production of Witnesses. On February 3, 2012, the Court issued a Minute Order, notifying the parties that the Court did not need witness testimony for any of the defendant's pending motions, except for his motion to suppress out-of-court photo identification(s) and in-court identification of the defendant (Docket No. 70). Now before the Court is the defendant's motion to compel the government to produce all federal law enforcement agents who have questioned the defendant since his arrest in Paraguay in August 2008, as well as any prosecutors or other witnesses with knowledge of interview statements made by the defendant. The defendant has not stated sufficient facts explaining how additional testimony or a hearing on the defendant's suppression motion will aid the Court. Some of the statements at issue were recorded by video or in writing by the foreign government officials conducting the interview and can be independently reviewed by the Court. Moreover, the government does not intend to admit some of the statements as direct evidence at trial. More importantly, there is no authority for the government to compel the appearance of foreign witnesses. Accordingly, the government requests that the Court deny defendant's Motion for Production of Witnesses as it relates to his pending Motion to Suppress Statement Evidence.

The government incorporates by reference its Response to Defendant's Motion to Suppress Statement Evidence, filed September 9, 2011 (Doc. 48), in opposing ZHAYTER's motion to produce witnesses.

### I. Supplemental Factual Background and Proffer

In addition to the interviews of the defendant described in the government's Response to Defendant's Motion to Suppress Statement Evidence, the government also disclosed to the defense a redacted[1] copy of a DEA-6 report prepared by DEA Special Agent John Kanig which described an interview conducted with ZHAYTER and another defendant, Amer Zoher EL HOSSNI, on October 8, 2008, in Paraguay while the defendants were in custody pending extradition.[2] The interview was conducted by Agent Kanig and his colleague Agent David Fowler. According to the report, the defendants requested an interview with DEA through the Paraguayan prosecutor. During the interview, the defendant did not make any incriminating remarks. At best, he expressed an interest in cooperating with government officials. Although the report does not specifically indicate whether the defendant received any *Miranda* warnings or signed any waivers, the government concedes no *Miranda* warnings were given or signed as the agents understood that the interview was initiated and requested by the defendant. Moreover, the government proffers that no interpreter was present. Instead, the agents, who are both fluent in Spanish, conversed with the defendant in Spanish and English (the latter at the defendant's request). If called to testify at a motions hearing, the agents would attest that the investigative

---

[1] The parts redacted were not statements made by either ZHAYTER or EL HOSSNI and are not otherwise discoverable.

[2] The government will provide a copy of the redacted DEA-6 relating to the October 8, 2008 interview to the Court.

report is a true and accurate representation of the extent of the interview and that other than the two agents and the two defendants, no other witnesses, including prison personnel, were present during the conversation.

## II. Argument

The defendant has not sufficiently explained how the production of the federal law enforcement agents, prosecutors, or other witnesses (domestic or foreign) will assist the Court in its resolution of the defendant's underlying suppression motion. "A defendant seeking the suppression of evidence is not automatically entitled to an evidentiary hearing on his claim; rather, the defendant must first 'state sufficient facts which, if proven, would [require] the granting of the relief requested.'" *United States v. Seijo*, 2003 WL 21035245, at *4 (S.D.N.Y. 2003) (unpublished) (quoting *United States v. Kornblau*, 586 F. Supp. 614, 621 (S.D.N.Y. 1984)). "A hearing is not required if the defendant's statements are general, conclusory, or based on conjecture." *United States v. Viscioso*, 711 F. Supp. 740, 745 (S.D.N.Y. 1989); *see also United States v. Pena,* 961 F.2d 333, 339 (2d Cir. 1992) (finding defendant's allegations must be "definite, specific, detailed, and nonconjectural") (internal quotations and citations omitted); *United States v. Getto*, 2010 WL 3467860, at *3 (S.D.N.Y. 2010).

As to the October 8, 2008 interview described above, which was conducted by Agents Kanig and Fowler, neither the referenced DEA-6 nor the government's discussions with the agents indicate that ZHAYTER made any specific or substantive statements during the meetings relating to any drug trafficking, much less any incriminating statements. Nor does the defendant allege any facts that, if true, call into question that the defendant's statements that date were knowing, voluntary, or intelligent. In any event, the government does not intend to introduce at

trial any statements made by the defendant during the October 8, 2008 interview.  In light of this, and given the defendant's failure to state sufficient facts which, if proven, would require suppression, the government submits that requiring Agents Kanig and Fowler's presence at an evidentiary hearing will not aid the Court in its consideration of defendant's motion to suppress. Moreover, an evidentiary hearing would be a waste of government and judicial resources.

The defense also has not explained how identifying and questioning any foreign law enforcement agents or witnesses present at the defendant's post-arrest interview conducted in Paraguay on or about August 6, 2008, will aid the Court in better understanding the largely unintelligible statements made by the defendant in the 58-second video clip of that interview (the video was disclosed to the Court and the defense).  Once again, the defense has not proffered sufficient facts which, if proven, would require suppression of those statements.  Moreover, there is no basis for the United States to compel the appearance of foreign witnesses from Paraguay as no active mutual legal assistance relationship or treaty currently exists between the two countries. Thus, as to any Paraguayan law enforcement official's appearance, it is wholly within the discretion of the Paraguayan government whether to accede to any invitation by the United States for the latter's attendance for testimony in the United States.  Given the over broad nature of the defendant's request and given that the government does not intend to use this video at trial, an evidentiary hearing requiring the presence of any attending foreign law enforcement or witnesses to the August 6, 2008 interview will not aid the Court in its consideration of defendant's motion to suppress and is a waste of government and judicial resources.

Nor will an evidentiary hearing aid the Court in its evaluation of the voluntariness of the defendant's statements made at his August 8, 2008 preliminary hearing proceeding in Paraguay.

No U.S. law enforcement was involved in that proceeding or conducted any interview of the defendant. The hearing was not audio or videotaped, but the Paraguayan government's transcript of the proceeding was disclosed to the defense (as originally received in Spanish and the English translation) and to the Court (the translated version). That transcript shows the defendant was informed of the charges against him, received *Miranda*-like warnings prior to his questioning (even though he was not entitled to receive *Miranda* warnings because the questioning occurred entirely at the discretion and control of Paraguayan authorities), was represented by two defense attorneys throughout the proceeding (including one of his choosing), had the services of two Arabic interpreters during the hearing (again, including one of his choosing), voluntarily answered questions (most of which were asked by his own counsel, rather than the prosecutors) and, at the conclusion, was read the contents of the transcript from the meeting and thereafter signed it in three places (along with all those in attendance, including his two attorneys and the Arabic interpreters). Once again, the defense has proffered no facts which, if proven, would require suppression of those statements. In addition, as stated above, the request is broadly-based in that the United States cannot compel the Government of Paraguay to produce its private citizens, for instance the defense attorneys, interpreters, and a notary public, or its government officials, such as the prosecutors, for hearing testimony. Therefore, the government submits the defendant's request is over broad and, further, an evidentiary hearing with the foreign witnesses would not assist the Court in evaluating the accuracy or the voluntariness of the statements made by the defendant during his Paraguayan preliminary hearing.

      Finally, the government is only aware of one other time, which it described to counsel, of when U.S. law enforcement agents met with the defendant and EL HOSSNI in Paraguay while

the defendants were in custody.  A U.S. prosecutor and the defendant's Paraguayan defense attorney also attended.  The meeting was not recorded.  The purpose of the meeting was to assess the defendants' desire to cooperate.  The interview was conducted in Spanish and English.  The former prosecutor explained the government's evidence against the defendants and noted that with cooperation, there is no mandatory minimum sentence requirement.  The defendants expressed distrust of their Paraguayan attorney.  This was the extent of the communications with the defendant, and the government is not aware of any specific, substantive or incriminating statements made by the defendant to the prosecutor or the agents during this meeting.  Because the government does not intend to use any statements from the meeting at trial, production of the attending U.S. law enforcement agents or former prosecutor will not aid the Court in its decision on the pending motion and also would be a waste of government and judicial resources.

      In sum, because the defendant has not cited to sufficient facts which, if proven, would require suppression of his various custodial statements, the government respectfully requests that this Court dispense with an evidentiary hearing in this matter on the basis that the defendant is neither entitled to a hearing nor would such a hearing aid the Court in the resolution of the suppression motion.  *See, e.g., United States v. Delaema*, 583 F. Supp. 2d 104, 106 (D.D.C. 2008); *see also* D.D.C. Loc. R. 7(f) ("A party may in a motion or opposition request an oral hearing, but its allowance shall be within the discretion of the court.").

//
//
//
//

### III. <u>Conclusion</u>

For the foregoing reasons, as well as those previously articulated in the government's Response to Defendant's Motion to Suppress Statement Evidence, the government submits that no evidentiary hearing is necessary on the defendant's statement suppression motion, and the Court should deny Defendant's Motion for Production of Witnesses.

Respectfully submitted this 15th day of February 2012.

        Respectfully submitted,

        ARTHUR G. WYATT, Chief
        Narcotic and Dangerous Drug Section
        Criminal Division
        U.S. Department of Justice

By:        /s/ Meredith A. Mills
        Meredith A. Mills (D.C. Bar # 457843)
        Trial Attorney
        Narcotic and Dangerous Drug Section
        U.S. Department of Justice / Criminal Division
        1400 New York Avenue, NW
        Washington, DC 20005
        Main Office: (202) 514-0917
        Fax: (202) 514-0483
        Meredith.Mills@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on the 15th day of February 2012, I filed the foregoing GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR PRODUCTION OF WITNESSES with the Clerk of the Court via the CM/ECF system which will deliver a Notice of Electronic Filing on the following:

Counsel for Defendant NEMR ALI ZHAYTER
Carmen D. Hernandez, Esq.
7166 Mink Hollow Road
Highland, MD 20777
Telepehone: 202-628-0090 / Direct: 240-472-3391 / Fax: 202-628-2881
chernan7@aol.com

      By:      */s/ Meredith A. Mills*
      Meredith A. Mills (D.C. Bar # 457843)
      Trial Attorney
      Narcotic and Dangerous Drug Section
      U.S. Department of Justice / Criminal Division
      1400 New York Avenue, NW
      Washington, DC 20005
      Main Office: (202) 514-0917
      Fax: (202) 514-0483
      Meredith.Mills@usdoj.gov