**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| vs. | * | Case No.  1:08-cr-00214-RMC |
| **NEMR ALI ZHAYTER,** | * | |
| **Defendant** | ****** | |

**REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS IDENTIFICATION EVIDENCE**

Nemr Zhayter, by his undersigned counsel, hereby respectfully replies to the Government's response (Doc. 80) to his Motion to Suppress Identification Evidence and Request for an Evidentiary Hearing (Doc. 70) and requests that this Court hold an evidentiary hearing as requested in his Motion.

**I.   THE SHOWING OF A SINGLE PHOTOGRAPH TO THE WITNESS IS IMPERMISSIBLY SUGGESTIVE AND REQUIRES A PRETRIAL HEARING**

The Supreme Court recognizes that the danger of improper identification

> will be increased if the police display to the witness only the picture of a single individual who generally resembles the person he saw . . . . The chance of misidentification is also heightened if the police indicate to the witness that they have other evidence that one of the persons pictured committed the crime. Regardless of how the initial misidentification comes about, the witness thereafter is apt to retain in his memory the image of the photograph rather than of the person actually seen, reducing the trustworthiness of subsequent lineup or courtroom identification.

*Simmons v. United States,* 390 U.S. 377, 383-84 (1968) (footnotes omitted); *see also Manson v. Brathwaite,* 432 U.S. 98, 117 (criticizing use of single photograph). Here, the alleged witness was shown a single photograph of Mr. Zhayter.  In addition, the government has failed to disclose what

the witness was told before being provided the single photograph and failed to provide with sufficient specificity the circumstances under which the alleged witness became familiar with Mr. Zhayter.  Accordingly, this Court must make a pretrial determination to determine whether the out-of-court identification is so impermissibly suggestive as to preclude fails to two of the factors identified by the Supreme Court as creating a danger of misidentification are present. *See Perry v. New Hampshire,* 132 S. Ct. 716, 720-721 (2012) (where suggestive circumstances were arranged by law enforcement "trial judge must screen the evidence for reliability pretrial").

Here, the government admits that a single photograph was emailed to the alleged witness.  Second, the prosecutors admit that the DEA agent "likely" told the witness something about the single photograph but inexplicably, the government fails to state what exactly the witness was told.  Instead, the papers state that "it is likely that the agent informed the witness by telephone to check his e-mail and send a reply message identifying the individual in the photograph."  Gov't Response at 3.  What the agent "likely" told the witness is simply irrelevant to the determination this court must make.  This Court's ruling must be based on what the agent actually told the witness when he e-mailed him the photograph not what he "likely" told the witness.

The government's argument that the witness' e-mail response – "Thats Shady" suggests familiarity with Mr. Zhayter depends on what the witness was told by the agent when he e-mailed the photograph and at other times during the agent's dealings with the witness.  *See* Gov't Response at 4.  Moreover, the witness' response can also be interpreted as a lack off familiarity as the government has alleged that Mr. Zhayter's nickname is "Shadi" not Shady.  *See* Indictment, Doc. 3.

In addition, the government's argument that the witness "had many opportunities" to observe the defendant in person and actually recorded a conversation with the defendant is equally lacking in specificity. *See* Gov't Response at 4. As to the alleged personal contacts between the witness and Mr. Zhayter, the government fails to specify the number, location, and dates of any such contacts. It also fails to cite or otherwise specify the date of the alleged recorded conversation.

Lastly, the government fails to disclose what if any descriptions of Mr. Zhayter the witness may have provided to the DEA agents in advance of having been shown the single the photograph. *See, e.g., Neil v. Biggers*, 409 U.S. 188, 199 (1972) (identifying factors that a court should consider when determining whether to admit in-court identification).

## CONCLUSION

For all these reasons, therefore, Mr. Zhayter respectfully requests that this Court suppress the out-of-court identification of Mr. Zhayter as impermissible suggestive and exclude the in-court identification as tainted. In the alternative, this Court must hold an evidentiary hearing at which the witness and all DEA agents who had contact with the witness testify to determine the reliability of the identification in accordance with the due process clause. *See Perry v. New Hampshire,* 132 S. Ct. at 720-721. at which the witness and all DEA agents who had contact with the witness

Respectfully submitted,

*/s/ Carmen D. Hernandez*
**Carmen D. Hernandez**
Bar No. MD 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391; 301-854-0076 (fax)
**chernan7@aol.com**

3

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the instant Reply to Government's Response to Defendant's Motion to Suppress Identification Evidence was served on all counsel of record via ECF this 15th day February, 2012.

                */s/ Carmen D. Hernandez*
                Carmen D. Hernandez