**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| vs. | * | Case No. 1:08-cr-00214-RMC |
| **NEMR ALI ZHAYTER,** | * | |
| **Defendant** | ****** | |

**REPLY TO GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION TO DISMISS**

Nemr Zhayter, by his undersigned counsel, hereby respectfully replies to the Government's response (Doc. 78) to his Motion to Dismiss the Indictment and Request for an Evidentiary Hearing (Doc. 72) and requests that this Court hold an evidentiary hearing as requested in his Motion. The defendant's arguments are fully set forth in his Motion. This reply therefore addresses only the government's argument that the Court should deny the motion as untimely.

**I.   THE MOTION SHOULD BE CONSIDERED ON THE MERITS**

This Honorable Court should deny the government's request that the Court deny Mr. Zhayter's Motion to Dismiss as untimely.

First, this Court reset the deadlines for filing motions when it appointed new counsel for Mr. Zaitar. *See* Minute Entry, dated October 7, 2011. Those deadlines were further extended while the parties attempted to resolve the case without trial. *See* Minute Order, dated December 8, 2011. The motion was therefore timely filed.

Alternatively, as previously explained, when this Court continued the September 2011 trial in the instant case, undersigned counsel agreed to accept appointment under the Criminal Justice Act to second chair a trial and assist another counsel who required help in trying the case, which involved

an international drug importation conspiracy where the government produced 7000 pages of Jencks materials two weeks before trial and the defendant was a member of the FARC, a Colombian militia that has been designated a terrorist organization. *See* Motion for Leave to Comply with Court's Order, Doc. 54. That trial lasted until September 1, 2011.

As a result, despite due diligence, undersigned counsel was unable to complete reviewing the discovery and file the motion to dismiss within the Court's initial deadline. Hence, defendant has shown good cause for the failure to file the motion by the originally set deadline. *See,* Rule 45, FED. R. CRIM. PROC.

Moreover, the government has not been prejudiced or even argued that it has been prejudiced.

WHEREFORE, for the reasons set forth in his initial motion, this Court should dismiss the Indictment.

Respectfully submitted,

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**
Bar No. MD 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391; 301-854-0076 (fax)
**chernan7@aol.com**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the instant **REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS** was served on all counsel of record via ECF this 15th day February, 2012.

/s/ *Carmen D. Hernandez*
Carmen D. Hernandez

2