**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| vs. | * | Case No. 1:08-cr-00214-RMC |
| **NEMR ALI ZHAYTER,** | * | |
| **Defendant** | ****** | |

**REPLY TO GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION TO DENY CONSOLIDATION OF SEPARATE**
**INDICTMENTS OR, IN THE ALTERNATIVE, TO SEVER AND REQUEST FOR AN**
**EVIDENTIARY HEARING**

Nemr Zhayter, by his undersigned counsel, hereby respectfully replies to the Government's response (Doc. 77) to his Motion to Deny Consolidation of Separate Indictments Or, in the Alternative, to Sever and Request for an Evidentiary Hearing (Doc. 69). The defendant's arguments are fully set forth in his Motion and require only a limited clarifications in light of the government's response. This reply also addresses the government's argument that the Court should deny the motion as untimely.

**I.     THE MOTION SHOULD BE CONSIDERED ON THE MERITS**

This Honorable Court should deny the government's request that the Court deny Mr. Zhayter's Motion to Deny Consolidation as untimely.

First, this Court reset the deadlines for filing motions when it appointed new counsel for Mr. Zaitar. *See* Minute Entry, dated October 7, 2011. Those deadlines were further extended while the parties attempted to resolve the case without trial. *See* Minute Order, dated December 8, 2011. The motion was therefore timely filed.

Alternatively, as previously explained, when this Court continued the September 2011 trial in the instant case, undersigned counsel agreed to accept appointment under the Criminal Justice Act to second chair a trial and assist another counsel who required help in trying an unrelated case, which involved an international drug importation conspiracy where the government produced 7000 pages of Jencks materials two weeks before trial and the defendant was a member of the FARC, a Colombian militia that has been designated a terrorist organization. *See* Motion for Leave to Comply with Court's Order, Doc. 54.  That trial lasted until September 1, 2011.

As a result, despite due diligence, undersigned counsel was unable to complete reviewing the discovery and file the motion to Deny Consolidation of Separate Indictments Or, in the Alternative, to Sever within the Court's initial deadline.  Hence, defendant has shown good cause for the failure to file the motion by the originally set deadline.  *See,* Rule 45, FED. R. CRIM. PROC.

Moreover, the government has not been prejudiced or even argued that it has been prejudiced.

## II.   The Government Has Failed To Show Why The Grand Jury Indicted Mr. Zhayter in A Separate Indictment

The government argues that at the time of Zaitar's Indictment, Case No. 08-cr-0123-RMC, filed on April 25, 2008, "its evidence supported that Zaitar and the defendant had participated in the same act or transaction, or in the same series of acts or transactions, constituting conspiracy to import heroin into the United States; this satisfies the joinder test." Gov't Response at 6.  Yet, if that is the case, the government fails to provide a single reason why the grand jury chose not to charge Mr. Zhayter in the Zaitar indictment but instead waited three months until July 17, 2008 to indict Mr. Zhayter.  As the government has failed to explain the grand jury's decision to separately indict the defendants, this Court should order the government to disclose a transcript of the grand jury

proceedings to determine the reason for the grand jury's decision.  *See,* Rule 6(e)(3)(E)(ii), FED. R. CRIM. P. (authorizing disclosure of grand jury minutes to defendant); *United States v. Naegele*, 474 F. Supp. 2d 9, 10 (D. D.C. 2007) (grand jury minutes may be discloses upon 'particularized and factually based' showing).

### III.   ZAITAR'S INTERCEPTED COMMUNICATIONS REGARDING COCAINE TRAFFICKING ARE INADMISSIBLE HEARSAY AS TO MR. ZHAYTER

While the government argues that the introduction of Zaitar's out-of-court recorded statements would not violate the confrontation clause, such statements are nevertheless inadmissible hearsay as to Mr. Zhayter pursuant to Fed. Rule of Evidence 801.  Moreover, the spillover effect of the evidence against Mr. Zaitar will unduly prejudice Mr. Zhayter.

WHEREFORE, for the reasons set forth in his initial motion and the instant reply, this Court should deny consolidation of the two indictments.

Respectfully submitted,

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**
Bar No. MD 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391; 301-854-0076 (fax)
**chernan7@aol.com**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the instant **REPLY** was served on all counsel of record via ECF this 15th day February, 2012.

/s/ *Carmen D. Hernandez*
Carmen D. Hernandez