UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIM. NO.: 1:08cr00214-RMC |
| | ) | |
| NEMR ALI ZHAYTER, | ) | |
| a/k/a SHADI, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT ON TRANSLATIONS ISSUE**

COMES NOW the United States of America, by and through the undersigned counsel

with the United States Department of Justice, Criminal Division, Narcotic and Dangerous Drug

Section, and jointly with the defense, and pursuant to the Court's Order dated February 17, 2012,

files this Joint Status Report advising on the status of translations and proposing a schedule for

the resolution of any translation disputes[1] in the above-captioned matter which is set for trial

starting May 14, 2012.   Defendants Yahya Ali ZAITAR ("ZAITAR") and Nemr Ali ZHAYTER

("ZHAYTER") are using the same translators for the review of the materials. Therefore,

ZHAYTER's counsel relies on and concurs with the representations herein made by the ZAITAR

defense.

1.   **Undercover recordings / transcripts**

On March 18, 2011, the government disclosed to the defense draft transcripts of the nine

recorded calls conducted by the undercover agent (UC).  All of those calls involve four

languages: Arabic (Lebanese dialect), Spanish, Portuguese and English.  The government

identified three of the calls it intends to use at the May 2012 heroin importation conspiracy trial

---

[1] The parties may resolve any translation disputes either by stipulating to the use of one
transcript at trial or by resolving that government and defense versions of transcript(s) will be
presented at trial.

and provided revised draft transcripts (post-witness review) to defense counsel on October 17, 2011, for review with their clients and their own translators.

On February 14, 2012, ZAITAR's defense provided its edits to one of the UC calls. Most of the defense changes are agreeable to the government and the government's translators are in the process of entering those changes, as well as identifying the minimal edits that remain in dispute. On or before March 2, 2012, the government plans to provide to the defense its list of agreed-upon edits and those which remain in dispute. The parties should be able to determine by March 16, 2012, whether they are stipulating to a transcript on this one UC call.

The two remaining UC calls have been reviewed and edited by ZAITAR's translators and those changes are still pending review by defendant ZAITAR. The defense plans to provide to the government any edits to the remaining two UC calls on or before March 2, 2012. The government plans to finalize its review of those changes with its witnesses and translators on or before March 30, 2012. The parties should be able to determine by April 13, 2012, whether they are stipulating to transcripts on these two remaining UC calls.

## 2.    Wiretap calls / transcripts

To date, the government has transcribed 56 wiretap calls. All 56 draft transcripts were originally turned over to the defense on May 17, 2010, August 18, 2010, March 23, 2011, May 4, 2011, and August 12, 2011. All of the calls involve primarily Arabic (Lebanese dialect), but also Spanish and Portuguese languages.

Thirty-seven (37) of the 56 wiretap draft transcripts, which were produced to the defense on August 18, 2010, March 4, 2011, and August 12, 2011, underwent additional edits by the government's witnesses and the vendor and the revised draft transcripts were provided to counsel on October 7, 2011 (28 calls) and October 28, 2011 (9 calls), for review with their clients and

their own translators.

On February 14, 2012, the ZAITAR defense provided its edits to three of the referenced thirty-seven wiretap calls which the government will be sending this week to its Arabic translator for review.  On or before March 2, 2012, the government plans to provide to the defense its list of agreed-upon edits and those which remain in dispute for these three calls.  The parties should be able to determine by March 16, 2012, whether they are stipulating to transcripts on these three wiretap calls.

As to the remaining thirty-four (34) of the thirty-seven (37) wiretap calls, ZAITAR's translators have reviewed and edited 24 of the 34 transcripts so far, and these transcripts are still pending defendant ZAITAR's review.  On or before March 2, 2012, the defense plans to provide to the government any edits to the remaining 34 of the referenced 37 wiretap calls.  The government plans to finalize its review of those changes with its translators on or before March 30, 2012.  The parties should be able to determine by April 13, 2012, whether they are stipulating to transcripts on these remaining 34 wiretap calls.

Nineteen (19) remaining wiretap call transcripts from the set of 56 have been sent to the government's Arabic translator for review and certification.  The government plans to provide any revised transcripts to the defense on or before March 2, 2012, and agrees to produce the revisions on a "rolling basis," as soon as they are completed, to expedite the defense's review. On or before March 30, 2012, the defense plans to provide its list of edits to the government on the 19 wiretap calls.  Thus, the parties should be able to determine by April 27, 2012, whether they are stipulating to transcripts on the nineteen wiretap calls.

### 3.    Confidential Informant recordings / transcripts

To date, the government has identified 19 recordings it intends to use at the heroin

importation conspiracy trial; the recordings were made by a Confidential Informant (CI) and total approximately 19.25 hours of audio.  All of these recordings involve primarily Arabic (Lebanese dialect), but also Spanish and Portuguese languages.  The government received the first draft transcripts from the vendors and disclosed them to the defense on November 22, 2011.

The government's witnesses have reviewed clips of the first draft transcripts that the government intends to use for trial and the foreign language translators are in the process of inputting the changes to those clips.  The government will specifically identify for the defense which portions of the transcripts were witness reviewed.  The government plans to provide to the defense any revised transcripts for the 19 CI recordings on or before March 2, 2012, and agrees to produce the revisions on a "rolling basis," as soon as they are completed, to expedite the defense's review.  On or before March 30, 2012, the defense plans to provide its list of edits to the government on the 19 CI recordings.  Thus, the parties should be able to determine by April 27, 2012, whether they are stipulating to transcripts on the nineteen CI recordings.

4.    **Romania meetings / transcripts**

On July 12, 2011, the government disclosed to the defense the English-only draft translations of three meetings conducted between the UC and Yahya Ali Zaitar in Romania.  All of those recordings involve four languages: Arabic (Lebanese dialect), Spanish, Portuguese and English.  On November 22, 2011, the government disclosed to the defense the first version of the multi-language transcription (*i.e.,* with the foreign languages added) / translation for one of the meetings that it intends to use at the heroin importation conspiracy trial (the recording known as N5).

The government's witnesses are completing their review of clips of the first draft transcripts and the foreign language translators are in the process of inputting the changes to

those clips.  The government will specifically identify for the defense which portions of the transcripts were witness reviewed. The government plans to provide its witness-reviewed versions of the draft transcripts to the defense on or before March 16, 2012.  The defense plans to provide its list of edits to the government on the Romania meeting on or before April 13, 2012. Thus, the parties should be able to determine by April 27, 2012, whether they are stipulating to transcripts on the Romania meeting (N5 recording).

    5.    **Defendant Yahya Zaitar's Post-Arrest Statements**

    Draft transcripts of statements made by defendant Yahya Zaitar at arrest were produced to the defense originally on August 18, 2010 (Zaitar), and February 25, 2011 (Zhayter) (the transcripts were previously identified for the Court as Exhibits N-13 and N-15).  Revised draft transcripts were then disclosed to the defense on August 19, 2011, and provided again to the defense on September 9, 2011, as part of the government's responses to the defendants' motions to suppress post-arrest statements.

    Defendant ZAITAR's Arabic translators have reviewed, edited, and translated into Arabic the four audio recordings of ZAITAR's post-arrest statements for the defendant's review. However, as the post-arrest statements are primarily in Spanish and Portuguese, the defense is also in the process of reviewing the government's witness-reviewed versions of the transcripts as referenced above with Spanish and Portuguese linguists.  The defense plans to provide its list of edits to the government on ZAITAR's post-arrest statements on or before March 30, 2012.  Thus, the parties should be able to determine by April 27, 2012, whether they are stipulating to any transcripts on the post-arrest statements.

    6.    **Paraguay MLAT materials**

    On November 22, 2011, the government disclosed to the defense the translation of an

additional telephone related forensics report prepared by a Paraguayan forensics expert; the multi-language report was originally disclosed as part of the January 4, 2011 MLAT production. Various translated documents from the February 6, 2008 and the January 4, 2011 MLATs to Paraguay have been produced to the defense.

To date, the government has received no edits to the translations from the defense on any of the MLAT materials.  Two-hundred pages of the MLAT materials had already been translated from Spanish into English by the government.  Defendant ZAITAR's translators have reviewed 130 pages from the MLAT(s) provided by the government and are still in the process of translating the MLAT materials into Arabic for the defendant's review.  The defense plans to provide its list of edits to the government on any MLAT materials on or before March 2, 2012. Thus, the parties should be able to determine by March 30, 2012, whether they can stipulate to transcripts on the MLAT materials.

7.      **Defense Transcripts**

Counsel for defendants ZAITAR and ZHAYTER will be meeting with their translator(s) the week of February 21, 2012, to identify any additional materials the defense intends to use at trial which have not been transcribed by the government.  The defense will provide the government a list of these materials on or before February 28, 2012.  The parties will then discuss a tentative schedule for the exchange of the materials to be translated by the defense and advise the Court of the same at the March 2, 2012 status conference in the above-captioned matter.  The parties should be able to determine by April 27, 2012, whether they can stipulate to any additional defense transcripts.

8.      **Unresolved Issues**

By engaging in this procedure and reaching agreement on the content of the recordings to

the extent possible, the defendants are not waiving their rights to object to the admissibility of the

recordings and transcripts on evidentiary grounds including but not limited to (a) chain of custody;

(b) identity of speakers; (c) relevance; (d) hearsay and confrontation; (e) inaudibility; (f) undue

prejudice; and (g) any other evidentiary issue that may arise.  *See, e.g., United States v. Slade*, 627

F.2d 293, 301 (D.C. Cir. 1980) (to be admissible, tape recordings must first be "authentic,

accurate and trustworthy"; they also must be "audible and comprehensive enough for the jury to

consider the contents"); *United States v. Monroe,* 234 F.2d 49, 55 (D.C. Cir. 1956) (recordings are

inadmissible where the "unintelligible portions are so substantial as to render the recording as a

whole untrustworthy"). The defendants also do not waive any other arguments that may arise

pertaining to the admissibility of the transcripts.


Respectfully submitted this 21st day of February 2012, on behalf of the parties.

ARTHUR G. WYATT, Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice

By:          */s/ Meredith A. Mills*
Meredith A. Mills (D.C. Bar # 457843)
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division / U.S. Department of Justice
1400 New York Avenue, NW
Washington, DC 20005
Main Office: (202) 514-0917
Fax: (202) 514-0483
Meredith.Mills@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of February 2012, I filed the foregoing JOINT STATUS REPORT ON TRANSLATIONS ISSUE with the Clerk of the Court via ECF / CM.  A copy will be served on the following companion cases via the Notice of Electronic Filing (NEF) system:

Counsel for Defendant YAHYA ALI ZAITAR
Barry Coburn, Esq.
Coburn & Greenbaum PLLC
1710 Rhode Island Avenue, NW, Second Floor
Washington, DC  20036
Main: 202-657-4490 / Fax:  866-561-9712
barry@coburngreenbaum.com

Counsel for Defendant NEMR ALI ZHAYTER
Carmen D. Hernandez, Esq.
7166 Mink Hollow Road
Highland, MD 20777
Tel: 202-628-0090 / Direct: 240-472-3391 / Fax: 202-628-2881
chernan7@aol.com

Respectfully submitted,

ARTHUR G. WYATT, Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice

By:        */s/ Meredith A. Mills*
Meredith A. Mills (D.C. Bar # 457843)
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division / U.S. Department of Justice
1400 New York Avenue, NW
Washington, DC 20005
Main Office: (202) 514-0917
Fax: (202) 514-0483
Meredith.Mills@usdoj.gov