**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| vs. | * | Case No. 1:08-cr-00214-RMC |
| **NEMR ALI ZHAYTER,**  **Defendant** | * | |
| | ****** | |

**SUPPLEMENTAL MEMORANDUM REGARDING THIS COURT'S
JURISDICTION OVER THE EXTRATERRITORIAL CONDUCT
CHARGED IN THE INDICTMENT**

Nemr Zhayter, by his undersigned counsel, hereby addresses the Court's inquiry regarding its jurisdiction over the extraterritorial conduct alleged in the Indictment. This Memorandum also supplements Mr. Zhayter's Motion to Dismiss (Doc. 72); responds to Government's supplemental memorandum (Doc. 93); and adopts and incorporates by reference Mr. Zaitar's supplemental brief (Doc. 111) pertaining to this issue.

**INTRODUCTION**

The one-count Indictment charges Mr. Zhayter with conspiring with others in violation of 21 U.S.C. § 963 to:

(1)   import 1 kilogram or more of heroin into the United States, in violation of 21 U.S.C. § 952 and 960; and

(2)   to distribute 1 kilogram or more of heroin, intending and knowing that it would be imported into the United States, in violation of 21 U.S.C. § 959(a) and 960.

As the Court noted, § 952, which prohibits the importation of controlled substances is silent regarding the reach of the statute over extraterritorial conduct. In contrast, § 959(c), which prohibits the manufacture and distribution of controlled substances with knowledge or intent of its importation

into the United States, includes an express statement that the statute applies to acts committed outside the United States.[1]

In pertinent part, Section 959(c) provides:

> **Acts committed outside territorial jurisdiction of United States**
>
> This section is intended to reach acts of manufacture or distribution committed outside the territorial jurisdiction of the United States.

**THE LAW**

    **A.**    **Extraterritorial Reach Must Be Express**

As a matter of course, federal statutes reach only conduct committed within the territorial jurisdiction of the United States. *EEOC v. Arabian American Oil Co.,* 499 U.S. 244, 248 (1991) ("It is a longstanding principle of American law that legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States.") (internal quotation marks and citation omitted). The restriction "on the extra-territorial application of a federal statute can be overcome only if there is an affirmative intention of the Congress clearly expressed." *Reyes-Gaona v. North Carolina Growers Ass'n,* 250 F.3d 861, 864 (4th Cir.2001) (internal quotation marks and citation omitted). Only § 959(c) provides such an express Congressional intent to reach extraterritorial conduct. The Court should therefore not read a broader reach into § 952.

---

[1] Section 960 sets out the penalties for the various offenses in Subchapter II of Title 21. Section 963 provides that attempts and conspiracies to violate offenses in Subchapter II of Title 21 are subject to the same penalties "as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Neither of these provisions includes a reference to extraterritorial jurisdiction.

B.      **Jurisdiction Over Non-Citizens Where There Is Co-conspirator Conduct Within the United States**

Alternatively, extraterritorial jurisdiction over a non-citizen of the United States has been upheld where the object of a conspiracy is a crime in the United States *and* overt acts were committed in the United States by co-conspirators. *Ford v. United States,* 273 U.S. 593, 624 (1927). In the instant case, Mr. Zhayter is not a citizen of the United States and the government has not alleged (nor does the discovery disclose) that any conduct took place in the United States by any co-conspirator.   The Court should therefore not extend the reach of § 952 over the conduct alleged in the instant case.

C.      **Due Process Prohibits Exercise of Jurisdiction Over the Crimes Charged Against Mr. Zhayter**

Even where Congress expressly provides for extraterritorial jurisdiction, the Due Process clause may prohibit the reach of Congress.  *See United States v. Yousef,* 327 F.3d 56 (2d Cir.2003); *United States v. Davis,* 905 F.2d 245, 248 (9th Cir.1990).  To comply with due process,"'there must be a sufficient nexus between the defendant and the United States, so that such application would not be arbitrary or fundamentally unfair.'" *Yousef,* 327 F.3d at 111 (quoting *Davis,* 905 F.2d at 248-49).  The Ninth Circuit has also noted that

> The nexus requirement serves the same purpose as the minimum contacts test in personal jurisdiction. It ensures that a United States court will assert jurisdiction only over a defendant who should reasonably anticipate being haled into court in this country.

*United States v. Klimavicius-Viloria,* 144 F.3d 1249, 1257 (9th Cir.1998) (internal quotation marks and citation omitted).

In the instant case, there is an insufficient nexus between Mr. Zhayter and the United States to exercise jurisdiction over him for either the § 952 or § 959 charges.

### D. Mr. Zhayter Raised This Claim in His Motion to Dismiss

Mr. Zhayter timely raised this claim in his Motion to Dismiss. *See* Doc. 72 at 3-4.

### CONCLUSION

For all these reasons, this Honorable Court should dismiss the Indictment against Mr. Zhayter,

Respectfully submitted,

March 23, 2012             /s/ *Carmen D. Hernandez*

**Carmen D. Hernandez**
Bar No. MD 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391; 301-854-0076 (fax)
chernan7@aol.com

### Certificate of Service

I hereby certify that copy of the instant memorandum was served via ECF on March 23, 2012..

/s/

Carmen D. Hernandez

4