UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.: 1:08cr00214-RMC |
| | ) | |
| NEMR ALI ZHAYTER, | ) | **TRIAL DATE:  MAY 14, 2012** |
| a/k/a "Shadi," | ) | |
| Defendant. | ) | |

_____          _____

## <u>PARTIES' PROPOSED PRELIMINARY AND FINAL JURY INSTRUCTIONS</u>

COMES NOW the United States of America, by and through the undersigned attorney, and jointly with the defense, and pursuant to the Court's Order dated March 16, 2012, and its Minute Entry dated April 11, 2012, hereby submits the parties' Proposed Preliminary and Final Jury Instructions in the above-captioned matter in anticipation of trial commencing May 14, 2012.[1]

The parties propose the following instructions be given before and during trial and as final jury instructions prior to the jurors' deliberation.  Unless otherwise indicated, all instructions (and numbering) are based on the *D.C. Pattern Jury Instructions* (5th ed. 2010).   In addition, unless otherwise indicated, defendant ZHAYTER adopts the objections and proposals submitted by defendant ZAITAR.

_____

[1] Due to the cases in Criminal Nos. 1:08cr123 (*U.S. v. Yahya Ali Zaitar*) and 1:08cr214 (*U.S. v. Nemr Ali Zhayter*) being consolidated for trial, the government files these joint proposed jury instructions on the parties' behalf in both cases.  The filings differ only as to the case caption.

**INTRODUCTION AND VOIR DIRE**

**(Instruction 1.101)**

Good [morning / afternoon], ladies and gentlemen, and welcome to courtroom [ __ ] . I am Judge Rosemary M. Collyer, and I will be the presiding judge in this case. You have been called to this courtroom for possible selection in criminal cases entitled <u>United States v. Yahya Ali Zaitar</u> and <u>United States v. Nemr Ali Zhayter</u>.

Would you all please stand so that the Deputy Clerk can swear you in, and then we will proceed. [*Oath given*.]

The purpose of jury selection is to select jurors who have no prior knowledge of the case and no bias toward either side in the case. In short, it is our aim to select a jury that will reach a verdict based solely on the evidence presented in this courtroom and the law as I instruct you. During this process, you will be introduced to the participants in the trial, and I will ask you a series of questions that the lawyers and I think will be helpful to us in selecting a fair and impartial jury. You, of course, are bound by the oath you've just taken to truthfully answer those questions.

[*If index cards are used*] You all should now have an index card and a pen or pencil. Please look at your juror badge and write the last three digits from your badge in the upper right-hand corner of your index card. I am now going to ask you a series of [ # ] questions. They are all yes/no questions.  If you have a "yes" answer to a particular question, please write the number of the question on your card. Don't write "yes" or why you have a "yes" answer; just write the number.  I will then bring each of you to the bench and put this husher on. You will give me your card and state your jury number, and I will ask you why you did or did not answer particular

2

questions. We do this at the bench to preserve your privacy.

[*If topic sheets are used*] You all should now have a topic sheet and a pen or pencil. Please look at your juror badge and write the last three digits from your badge in the upper right-hand corner of your topic sheet. I am now going to ask you the series of [ # ] questions on your sheet. They are all yes/no questions. If you have a "yes" answer to a particular question, please circle the number of the question on your sheet. Don't write "yes" or why you have a "yes" answer; just circle the number. I will then bring each of you to the bench and put this husher on. You will give me your card and state your jury number, and I will ask you why you did or did not answer particular questions. We do this at the bench to preserve your privacy.

We're going to be asking what may appear to you to be some personal questions in an attempt to get your viewpoint about things, and it is important that you be entirely straightforward with us in your responses so that we may more easily select the jury for this case.

**PRELIMINARY INSTRUCTION BEFORE TRIAL**

**(Instruction 1.102)**

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

## NOTE TAKING BY JURORS

### (Instruction 1.105A)

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you. That is because I permit jurors to take notes during trial if they wish. Whether you take notes or not is entirely up to you. Many people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to the witnesses.

You will be permitted to take your notebooks back with you into the jury room during deliberations. You should remember, however, that your notes are only an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

Other than during your deliberations, the notebooks will remain locked in the courtroom during recesses and overnight. You will not be able to take the notebooks with you as you come and go and you will not be permitted to take them home with you overnight. At the end of the trial, when you come back to the courtroom to deliver your verdict, your notebooks will be collected, and the pages torn out and destroyed. No one, including myself, will ever look at any notes you have taken, so you may feel free to write whatever you wish.

**DEFINITIONS – STIPULATION OF FACT**

**(Instruction 1.103A)**

The government and the defendants may stipulate – that is, agree – to certain facts. You should consider any stipulation of fact to be undisputed evidence.

**DEFINITIONS – STIPULATION OF TESTIMONY**

**(Instruction 1.103B)**

The government and the defendant(s) may stipulate – that is, agree – to the testimony a particular witness would have given if s/he had testified in this case. You should consider this stipulated testimony to be exactly what this witness would have said had he or she testified here.

## DEFINITIONS – JUDICIAL NOTICE

### (Instruction 1.103D)

I may take what is called "judicial notice" of public acts, places, facts, and events that I consider to be matters of common knowledge or matters that can be determined easily through undisputed sources. When I take judicial notice of a particular fact, you may regard that fact as proven evidence. [Because you are the sole judges of the facts, however, you are not required to accept any fact that is judicially noted.]

**QUESTION NOT EVIDENCE**

**(Instruction 1.104)**

Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence. Whether or not something is in evidence depends on the witness's answer to the lawyer's question.  For example, the lawyer may ask, "The light was green, wasn't it?" and the witness answers, "No."  At that point, standing alone, there is no evidence that the light was green. If on the other hand, the witness answers, "Yes," there would be evidence that the light was green.

**PRELIMINARY INSTRUCTIONS TO JURY**
**WHERE IDENTITY OF ALTERNATES IS NOT DISCLOSED**

**(Instruction 1.107)**

You have probably noticed that there are [fourteen (14)] of you sitting in the jury box.

Only twelve (12) of you will retire to deliberate in this matter. Before any of you even entered the

courtroom, we randomly selected the alternates' seats. I will not disclose who the alternate jurors

are until the end of my final instructions just before you begin your deliberations. As any seat

might turn out to be an alternate's seat, it is important that each of you think of yourselves as

regular jurors during this trial, and that all of you give this case your fullest and most serious

attention.

**A JUROR'S RECOGNITION OF A WITNESS OR OTHER PARTY
CONNECTED TO THE CASE**

**(Instruction 1.108)**

At the beginning of the jury selection process, you were introduced to some witnesses in person. Others were identified to you only by name. If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone who is mentioned in the testimony or evidence, or anyone else connected with this case in any way, you should raise your hand immediately and ask to speak with me.

**CAUTIONARY INSTRUCTION ON PUBLICITY AND USE OF INTERNET**

**(Instruction 1.202, *modified*)**

In some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, Internet, or television concerning the case while the trial is going on. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

[**GOVERNMENT'S PROPOSED ALTERNATIVE LANGUAGE**: You may not communicate at any time with anyone, including your friends, family members, or other members of the jury panel; **Propose Striking**: You may not communicate with anyone not on the jury about this case.]  This includes any electronic communication such as email or text or any blogging about the case. [**GOVERNMENT'S PROPOSED ADDITION**: Do not let anyone, including friends, family members, court personnel, parties in the case, or persons involved in the case, talk to you about your views or any aspect of this case except officially in the courtroom.] In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the Internet or in another way.

## CAUTIONARY INSTRUCTION PRIOR TO FIRST RECESS[2]

We are about to take our first break and it is important that you follow certain instructions whenever the court is in recess.

First, until I submit this case to you at the end of my final instructions, you must not discuss it with anyone – not with the parties, witnesses, attorneys or anyone else connected with the case.  You must not even discuss it with your fellow jurors, friends or family members.  To be fair to both the government and the defendant, you should keep an open mind throughout the trial.  You should reach your conclusion only during the final deliberations after all the evidence is in and you have heard the attorneys' closing arguments and my instructions to you on the law.

Second, do not permit any other person to discuss the case in your presence.  This applies to anyone, including members of your family, friends or relatives, courtroom spectators, witnesses, reporters and parties to this case.  If anyone attempts to discuss the case with you, tell them not to talk to you.  If anyone attempts to discuss the case with you or if you overhear any discussion of the case, you must report that fact to me as soon as you can.  However, you should not discuss with any of your fellow jurors the fact that someone tried to discuss the case with you or that you overheard a discussion, nor should you discuss with them any other fact that you feel necessary to bring to the Court's attention.  If you need to advise me of such matters, please do so through the marshal or clerk.

Finally, although it is a natural human tendency to talk with people with whom you may be thrown into contact, you must not talk to any of the parties or their attorneys or any witness in

---

[2] The government requests that the Court give this instruction before the first break that is taken during voir dire.

this case during the time you serve on this jury.  If you encounter anyone connected with the case

outside the courtroom, you should avoid having a conversation with them, overhearing their

conversation or having any contact with them at all.  For example, if you inadvertently find

yourself in a courthouse corridor, elevator, the cafeteria or any other location where the case is

being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave

the area to avoid hearing such discussions.  If you do overhear a discussion about the case, you

should report that to me as soon as you can.  Finally, if you see an attorney or witness involved in

the case and they turn and walk away from you, they are not being rude.  They are merely trying

to avoid any contact with you as I have instructed them.

### JURY TO BE GUIDED BY OFFICIAL ENGLISH INTERPRETATION

Witnesses may testify in a foreign language in this case, to include [Spanish, Portuguese, Arabic (including Lebanese dialect), or Romanian].  Nevertheless, this trial will be conducted in English.  That is, portions of testimony will be translated by an official court interpreter from the foreign language into English for you. The evidence you are to consider is only that provided through the official court interpreter.  Although some of you may be familiar with the identified foreign languages, it is important that all jurors consider the same evidence.  Therefore, you must be guided solely by the official English interpretation of the witness's testimony.  You must disregard any different meaning.

**DEFENDANT ZAITAR'S PROPOSED ADDITIONAL LANGUAGE**: Witnesses may also testify in both a foreign language and in English. When a witness testifies in both a foreign language and in English, you may directly consider the portion of the witness's testimony spoken in English.

(Modified from the *Federal Pattern Jury Instructions* – Ninth Circuit (Instruction 1.12).).

**WITNESS'S OR DEFENDANT'S USE OF INTERPRETER –
BEFORE WITNESS OR DEFENDANT TESTIFIES**

**(Instruction 1.204, *modified*)**

I have appointed a qualified interpreter to assist [name of witness] [Yahya Ali Zaitar and/or Nemr Ali Zhayter] during [his/her] testimony. The interpreter will interpret only what is said and will not add, omit, or summarize anything. The interpreter in this case is [name of interpreter]. The oath will now be administered to the interpreter.

*Oath to Interpreter*

Do you swear or affirm to accurately interpret from English to [language to be used] and from [language to be used] to English to the best of your ability?

*Non-English Testimony*

You are about to hear testimony from [name of witness] [Yahya Ali Zaitar and/or Nemr Ali Zhayter] who will be testifying in [language to be used] through the official court interpreter. Although some of you may know [language to be used], it is important that all jurors consider the same evidence. Therefore, you must accept the English translation of [his/her] testimony.

You should also understand that witnesses may nod their heads during interpretation, and that this does not necessarily indicate agreement or an affirmative answer. It may merely indicate that the witnesses are following the translation.

You should not consider the mere fact that [name of witness] [Yahya Ali Zaitar and/or Nemr Ali Zhayter] has been provided an interpreter in evaluating [his/her] credibility. You must evaluate interpreted testimony as you would any other testimony. That is, you must not give interpreted testimony any greater or lesser weight than you would if the witness had spoken

16

English.

       The fact that the Court has provided an interpreter to [name of witness] [Yahya Ali Zaitar and/or Nemr Ali Zhayter] does not mean that the Court has made a ruling on the extent of [his/her] ability to speak or understand the English language. Use of an interpreter should not be considered evidence in this case.

**TRANSLATION OF FOREIGN LANGUAGE RECORDINGS –
PRELIMINARY INSTRUCTION[3]**

**(Instruction 2.311, *modified*)**

You are about to listen to or watch a recording in a foreign language. Each of you has been given a transcript that translates the recording into English.  [I have admitted a document that is in one or more foreign languages along with an English translation.][The parties have stipulated to the accuracy of this transcript.]

Although some of you may know the foreign language used, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the transcript.

---

[3]  The government requests that this Instruction be given prior to the first playing of recordings involving a foreign language.

**FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS**

**(Instruction 2.100)**

I will provide you with a [copy / tape] of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may [refer/listen] to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

**FUNCTION OF THE COURT**

**(Instruction 2.101)**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.  It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

**FUNCTION OF THE JURY**

**(Instruction 2.102)**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

**JURY'S RECOLLECTION CONTROLS**

**(Instruction 2.103)**

If any reference by me or the attorneys to the evidence is different from your own

memory of the evidence, it is your memory that should control during your deliberations.

**NOTE TAKING BY JURORS – FINAL INSTRUCTION**

**(Instruction 1.105B)**

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

**EVIDENCE IN THE CASE**

**(Instruction 2.104)**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received into evidence, and the facts and testimony stipulated to by the parties.  [IF APPROPRIATE: The government and the defendants have stipulated, that is agreed to certain facts.  You should consider any stipulation of fact to be undisputed evidence.]  When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.

**STATEMENTS OF COUNSEL**

**(Instruction 2.105)**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence.

**INDICTMENT NOT EVIDENCE**

**(Instruction 2.106)**

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictments as evidence of any kind – you may not consider it as any evidence of Yahya Ali Zaitar's or Nemr Ali Zhayter's guilt or draw any inference of guilt from it.

## BURDEN OF PROOF – PRESUMPTION OF INNOCENCE

### (Instruction 2.107)

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require Yahya Ali Zaitar or Nemr Ali Zhayter to prove his innocence or to produce any evidence at all.  If you find that the government has proven beyond a reasonable doubt every element of an offense with which Yahya Ali Zaitar or Nemr Ali Zhayter is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any element of an offense beyond a reasonable doubt as to Yahya Ali Zaitar, it is your duty to find Yahya Ali Zaitar not guilty of that offense. If you find the government has failed to prove any element of an offense beyond a reasonable doubt as to Nemr Ali Zhayter, it is your duty to find Nemr Ali Zhayter not guilty of that offense.

## REASONABLE DOUBT

As I have said many times, the government has the burden of proving each of the defendant's guilty beyond a reasonable doubt.  Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are very few things in this world that we know with absolute certainty, and, in criminal cases, the law does not require proof that overcomes every possible doubt.  If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find that defendant guilty.

If, on the other hand, you think there is a real possibility that the defendant is not guilty, you must give that defendant the benefit of the doubt and find him not guilty.

(Taken from the "reasonable doubt instruction" found in the Federal Judicial Center's *Pattern Criminal Jury Instructions*, Instruction 28.  This instruction has been endorsed in several cases in this district and elsewhere.  *See, e.g., United States v. Mejia*, 597 F.3d 1329, 1340-41 (D.C. Cir.), *cert. denied*, 131 S. Ct 586 (2010); *United States v. Taylor*, 997 F.2d 1551, 1555-57 (D.C. Cir. 1993); *United States v. Walton*, 207 F.3d 694, 705 (4th Cir. 2000); *United States v. Altero*, 121 F.3d 1256, 1257-58 (9th Cir. 1997); United *States v. Conway*, 73 F.3d 975, 980 (10th Cir. 1995); *see also United States v. Haji Bagcho*, D.D.C. Criminal Case No. 1:06cr334 (2012) (Huvelle, J.); *United States v. Khan Mohammed*, Criminal Case. No. 1:06cr357 (2008) (Kollar-Kotelly, J.)).

**DEFENDANT ZAITAR'S NOTE**: We request permission to research this instruction further. In particular, our view is that the phrase "you must find that defendant guilty" is problematic. We also believe that additional language is needed in defining reasonable doubt.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

### (Instruction 2.109)

There are two types of evidence from which you may determine what the facts are in this case – direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in Court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

**NATURE OF CHARGES NOT TO BE CONSIDERED**

**(Instruction 2.110)**

One of the questions you were asked when we were selecting this jury was whether the nature of the charge itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

## NUMBER OF WITNESSES

**(Instruction 2.111)**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

## INADMISSIBLE AND STRICKEN EVIDENCE

### (Instruction 2.112)

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party [he/she] represents. It is the lawyers's responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

# CREDIBILITY OF WITNESSES

## (Instruction 2.200)

In determining whether the government has established the charge against each of the defendants beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judge of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently.  An innocent mis-recollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

.

## LAY WITNESS OPINION

During trial you heard witnesses give opinions on the identity of a voice.  You are advised that a lay witness may give his or her opinion on the identity of a voice, whether heard firsthand or through mechanical or electronic transmission or recording, as long as the witness's opinion is based upon hearing the voice at any time under circumstances connecting it with the alleged speaker.   [**DEFENDANT ZAITAR'S OBJECTION**: Defendant ZAITAR proposes to strike the underlined language and add: "sufficient demonstrated familiarity with it."]

It is your job, as a juror, to assess the weight and credibility of such evidence, if any, and you are free to consider the extent of the witness's familiarity with the voice.


(Based on Fed. R. Evid. 602 (need for personal knowledge); Fed. R. Evid. 701 (opinion testimony by lay witnesses); and Fed. R. Evid. 901 (authenticating or identifying evidence by way of opinion about a voice)).

**EXPERT TESTIMONY (if applicable)**

**(Instruction 2.215)**

Ordinarily, a witness may not testify as to his or her opinions or conclusions. There is an exception for expert witnesses, who are allowed to give opinions, and the reasons for them, because they have become expert in some art, science, profession, or calling.

In this case, you heard testimony of witnesses who were qualified to testify as experts. You are not bound by an expert's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. You should consider this evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.

**FALSE OR INCONSISTENT STATEMENT BY DEFENDANT(S)**

**(Instruction 2.210, *modified*)**

You have heard evidence that [Yahya Ali Zaitar and/or Nemr Ali Zhayter] made statements in explanation of his actions that <u>the government contends</u> may have been false or inconsistent.  It is up to you to decide whether he made the statements, and whether they were, in fact, false or inconsistent. If you find he did make such statements and that they were false or inconsistent, you may consider such evidence as tending to show his feelings of guilt, which you may, in turn, consider as tending to show actual guilt. On the other hand, you may also consider that he may have given such statements for reasons [unrelated to this case or] consistent with his innocence.

If you find that [Yahya Ali Zaitar and/or Nemr Ali Zhayter] made a false or inconsistent statement in explanation of his actions, you should give the testimony as much weight as in your judgment it deserves.


<u>**GOVERNMENT'S POSITION**</u>:  Defendant ZAITAR proposed adding "the government contends" (underlined above) in the government's proposed instruction (presumably, if the Court permits the instruction over defendant ZAITAR's objection below); the government has no objection to that inserted language.

<u>**DEFENDANT ZAITAR'S OBJECTION**</u>: Defendant ZAITAR objects to this instruction on the basis that it is improperly weighted towards the government's interpretation of the evidence and should be excluded. The Court should not instruct the jury that any particular piece of evidence "tend[s] to show . . . feelings of guilt."  Further, if any instruction along these lines is given, it

should not be limited to the defendants, since other witnesses may also have a motive to lie.  The

defendant also believes that the Credibility of Witnesses Instruction 2.200 is sufficient.

## EFFECT OF REFUSAL OF DEFENDANTS(S) AND/OR
## WITNESS TO ANSWER QUESTION

### (Instruction 2.211)

The law requires every witness to answer all questions put to [him/her], unless the Court rules otherwise.  In this case, [Yahya Ali Zaitar and/or Nemr Ali Zhayter] [name of witness] refused to answer a question after being instructed by the Court to do so. You must not guess what [Yahya Ali Zaitar and/or Nemr Ali Zhayter] [name of witness] would have said if [s/he] had not refused to answer the question. However, in determining what weight to give the [Yahya Ali Zaitar's and/or Nemr Ali Zhayter's] [witness's] other testimony, you may consider that [Yahya Ali Zaitar and/or Nemr Ali Zhayter] [name of witness] refused to answer [a/some] question[s].


**DEFENDANT ZAITAR'S OBJECTION**: Defendant ZAITAR objects to this instruction as improperly weighted towards the government's theory, and proposes that it should not be given. Further, if any instruction along these lines is given, it should apply to all witnesses, not just the defendants.

**EVALUATION OF PRIOR INCONSISTENT STATEMENT OF A WITNESS**
**(if applicable)**

**(Instruction 2.216)**

The law treats prior inconsistent statements differently depending on the circumstances in which they were made. I will now explain how you should evaluate those statements.

**IF APPLICABLE (for use when prior statements not made under oath are introduced)**:

You have heard evidence that [name of witness] made a statement on an earlier occasion and that this statement may be inconsistent with [his/her] testimony here at trial. It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here. If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

**IF APPLICABLE (for use when prior statements made under oath are introduced)**:

You [also] have heard evidence that [name of witness] made an earlier statement under oath, subject to the penalty of perjury at [a prior proceeding/the grand jury/a deposition] and that this statement[s] may be inconsistent with [his/her/their] testimony here at trial.  If you find that the earlier statement is inconsistent with the witness's testimony here in court, you may consider this inconsistency in judging the credibility of the witness. [However, unlike statements not made under oath,] [Y]ou also may consider this earlier statement as evidence that what was said in the earlier statement was true.

40

**IF APPLICABLE (for use when prior identification statements are used to impeach a witness)**:

You [also] have heard evidence that [name of witness] [made an identification/provided a description] on an earlier occasion, and that [his/her] testimony here at trial may be inconsistent with that [identification/description].  It is for you to decide whether [s/he] [made such an identification / provided such a description] and whether [his/her] testimony here was, in fact, inconsistent with it.  If you find such an inconsistency, you may consider this inconsistency in judging the credibility of [name of witness]. You also may consider the earlier [identification / description] as evidence that the prior [identification / description] was true.

**EVALUATION OF PRIOR CONSISTENT STATEMENT OF A WITNESS**
**(if applicable)**

**(Instruction 2.217)**

You have heard evidence that [name of witness] [Yahya Ali Zaitar and/or Nemr Ali Zhayter] made a statement on an earlier occasion and that this statement may be consistent with [his/her] testimony here at trial. This earlier statement was brought to your attention both to help you in evaluating the credibility of the witness and as evidence in this case. In other words, if you find that the earlier statement is consistent with the witness's present testimony in court, you may consider this consistency both in judging the credibility of the witness here at trial and as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness's in-court testimony here.

**STATEMENTS OF THE DEFENDANT(S) – SUBSTANTIVE EVIDENCE**

**(Instruction 2.305, *modified*)**

You have heard evidence that [Yahya Ali Zaitar and/or Nemr Ali Zhayter] made statements to law enforcement about the offense charged. You should consider all the circumstances in deciding whether [he/they] made the statement.  If you find that [he/they] did make the statement, you must decide how much weight to give the statement. For example, you may consider whether [he/they] made the statement voluntarily and understood what [he/they] [was/were] saying. You may consider whether [he/they] [was/were] forced, threatened, or pressured, either physically or psychologically, and whether [he/they] [was/were] promised any reward or benefit for making the statement. You may consider all of the conversations between [him/them] and law enforcement. You may consider whether law enforcement warned [him/them] of [his/their] rights. You may consider where and when the statement was given; the duration of any questioning; and who was present during some or all of the questioning of the defendant(s). You may consider the age, education, experience, intelligence and the physical and mental condition of the defendant(s).

## WIRETAPS OR WIRE INTERCEPTIONS

The government has offered evidence in the form of recordings of telephone calls with

the defendants which were obtained without the knowledge of the parties to the conversations,

but with the consent and authorization of a judicial tribunal of the Government of Romania.

These so-called "wiretaps" were lawfully obtained.  The use of this procedure to gather evidence

is perfectly lawful and the government is entitled to use such foreign-conducted "wiretaps" as

evidence in this case.   [**DEFENDANT ZAITAR'S OBJECTION**: Defendant ZAITAR objects

to the underlined language on the basis that the Court should not be sanctioning, or not

sanctioning, any particular law enforcement technique utilized in this case.]

You will have the recorded conversations and English transcripts available during

deliberations, and you may listen to the recorded conversations and read the English transcripts.

At the time you retire to deliberate, [I will arrange for you to be instructed about how to operate

the equipment for playing these conversations.*]


(Based, in part, on the Federal Judicial Center's *Pattern Criminal Jury Instructions*, Instruction
13 (noting in the accompanying commentary that, "[t]he committee thinks it is important to have
an instruction allaying the suspicions of jurors with regard to wiretaps" but that "[t]he instruction
should not define the material terms under the United States Code; is should simply inform the
jury that the evidence is legitimate.")).

* **Government's Comment**:   Alternatively, the government is in the process of requesting a
"scrubbed laptop" from its IT office so that it may be used by the jurors to listen to recordings
during deliberations.

## CONSENSUAL TAPE RECORDING

During this trial, you have heard recordings of conversations that [Yahya Ali Zaitar and/or Nemr Ali Zhayter] had with [name of consenting party], a government agent.  These recordings were made without the knowledge of the defendant(s), but with the consent and agreement of one of the other parties to the conversations.  <u>These conversations were legally recorded by the government; they are a proper form of evidence for this trial and may be considered by you, just as any other evidence.</u>   [**<u>DEFENDANT ZAITAR'S OBJECTION</u>**: Defendant ZAITAR objects to this sentence.]

You will have the recorded conversations and English transcripts available during deliberations, and you may listen to the recorded conversations and read the English transcripts. At the time you retire to deliberate, [I will arrange for you to be instructed about how to operate the equipment for playing these conversations.*]

(Based, in part, on the Federal Judicial Center's *Pattern Criminal Jury Instructions*, Instruction 13 (noting in the accompanying commentary that, "[t]he committee thinks it is important to have an instruction allaying the suspicions of jurors with regard to .... consensual recordings" but that "[t]he instruction should not define the material terms under the United States Code; is should simply inform the jury that the evidence is legitimate.")).

* **<u>Government's Comment</u>**:   Alternatively, the government is in the process of requesting a "scrubbed laptop" from its IT office so that it may be used by the jurors to listen to recordings during deliberations.

**FOREIGN LANGUAGE RECORDINGS AND TRANSCRIPTS**

**(Instruction 2.311, *modified*)**

During this trial you have used typewritten transcripts of translations from Spanish,

Portuguese, Arabic (Lebanese dialect) into English of the oral conversations that could be heard

on the audio and/or video recordings received in evidence.  Portions of these conversations were

also in English and the English parts were also reflected in the transcripts.  I have admitted the

transcripts for the purpose of aiding you in following the content of the conversations as you

listened to the audio and video recordings which were spoken in the various languages and also

to aid you in identifying the speakers.  The transcripts have been certified by an interpreter and/or

translator or by one or more participants to the conversation. [The parties have stipulated that the

transcript entered into evidence accurately translates the conversations between the speakers.

You should consider any stipulation of fact to be undisputed evidence.]

In a case involving solely English conversations which have been recorded, the jury is

routinely instructed that the transcripts are not evidence and are intended only as an aid to the

jury.  That is because every juror is just as capable as the person preparing the transcript to tell

what is being said on the recording, which is the evidence of the conversation.  That is not so in

this case where the speakers in the recordings speak Spanish, Portuguese, Arabic (Lebanese

dialect), and English, often in the same conversation, and where the portions of the conversations

have been introduced in this case.  Accordingly, I am now instructing you that the transcripts are

guides prepared for you so that you can understand the Spanish, Portuguese, Arabic (Lebanese

dialect), and English languages, and that the transcripts are evidence just like any other evidence

admitted in the case.

46

**<u>DEFENDANT ZAITAR'S OBJECTION</u>**: Defendant ZAITAR respectfully objects to any instruction to the effect that the transcripts, as opposed to the recordings themselves, are substantive evidence.

**EVIDENCE OF OTHER CRIMES ADMITTED TO SHOW MOTIVE, IDENTITY OR COMMON SCHEME OR PLAN (if applicable)**

**(Instruction 2.321)**

You have heard evidence that [Yahya Ali Zaitar and/or Nemr Ali Zhayter] [describe other crimes evidence]. It is up to you to decide whether to accept that evidence.

If you find that [Yahya Ali Zaitar and/or Nemr Ali Zhayter] [describe the other crimes conduct], you may use this evidence only for the limited purpose of deciding whether:

[1.    [Yahya Ali Zaitar and/or Nemr Ali Zhayter] had a motive to commit the crime of conspiracy to (a) import heroin into the United States or (b) distribute heroin intending or knowing that it would be unlawfully imported into the United States.

[2.    The circumstances of the other crimes and the charged offense are so similar that it is likely that the person who [describe the other crimes conduct] also committed the crime of conspiracy to (a) import heroin into the United States or (b) distribute heroin intending or knowing that it would be unlawfully imported into the United States.

[3.    The [describe the other crimes conduct] and the crime of conspiracy to (a) import heroin into the United States or (b) distribute heroin intending or knowing that it would be unlawfully imported into the United States, are part of a common scheme or plan.]

If you conclude that:

[1.    [Yahya Ali Zaitar and/or Nemr Ali Zhayter] had such a motive.]

[2.    The [describe the other crimes conduct] is so similar to the charged offense that it

48

is likely that the same person committed both of them.]

[3.    There was a common scheme or plan.]

You may use this evidence in determining whether the government has proved beyond a reasonable doubt that:

[Yahya Ali Zaitar and/or Nemr Ali Zhayter] is the person who committed the crime of conspiracy to (a) import heroin into the United States or (b) distribute heroin intending or knowing that it would be unlawfully imported into the United States.

[Yahya Ali Zaitar and/or Nemr Ali Zhayter] [insert purpose for which the evidence was introduced].

You may not use this evidence for any other purpose. [Yahya Ali Zaitar and/or Nemr Ali Zhayter] [is/are] only on trial for the crime charged. The defendant(s)[is/are] not charged in this case with any offense relating to [describe the other crimes conduct], and you may not use this evidence to conclude that [Yahya Ali Zaitar and/or Nemr Ali Zhayter] has a bad character, or that [Yahya Ali Zaitar and/or Nemr Ali Zhayter] has a criminal personality. The law does not allow you to convict a defendant simply because you believe he may have done bad things not specifically charged as crimes in this case.

**DEFENDANT ZAITAR'S OBJECTION**: Defendant ZAITAR objects to the use of Rule 404(b) evidence in this case. If it is used, then the standard Rule 404(b) instruction should be given.

49

**EVIDENCE OF OTHER CRIMES ADMITTED TO SHOW INTENT, ABSENCE MISTAKE OR ACCIDENT OR KNOWLEDGE (if applicable)**

**(Instruction 2.321)**

You have heard evidence that [Yahya Ali Zaitar and/or Nemr Ali Zhayter] [describe other crimes evidence]. It is up to you to decide whether to accept that evidence.

You must first decide, without considering [describe other crimes evidence] at all, whether the government has proved beyond a reasonable doubt that [Yahya Ali Zaitar and/or Nemr Ali Zhayter conspired to (a) import heroin into the United States, or (b) distribute heroin intending or knowing that it would be unlawfully imported into the United States.  If you find that the government has proved beyond a reasonable doubt, that the defendant(s) conspired to (a) import heroin into the United States, or (b) distribute heroin intending or knowing that it would be unlawfully imported into the United States, then you may consider the evidence that the defendant(s) [describe other crimes evidence].

If you find that the defendant(s) [describe other crimes evidence], you may use this evidence only for the limited purpose of deciding/determining whether the government has proved beyond a reasonable doubt that [Yahya Ali Zaitar and/or Nemr Ali Zhayter] intended to [import heroin into the United States or to distribute heroin, intending or knowing it would be unlawfully imported into the United States] [acted knowingly and on purpose, and not by mistake or by accident] [knew that [insert purpose for which the evidence was introduced]].

You may not use this evidence for any other purpose. [Yahya Ali Zaitar and/or Nemr Ali Zhayter] [is/are] only on trial for the crime charged. [Yahya Ali Zaitar and/or Nemr Ali Zhayter] [is/are] not charged in this case with any offense relating to [describe the other crimes conduct],

and you may not use this evidence to conclude that the defendant(s) [has/have] a bad character, or that [Yahya Ali Zaitar and/or Nemr Ali Zhayter] [has/have] a criminal personality. The law does not allow you to convict a defendant simply because you believe he may have done bad things not specifically charged as crimes in this case.

**DEFENDANT ZAITAR'S OBJECTION**: Defendant ZAITAR objects to the use of Rule 404(b) evidence in this case. If it is used, then the standard Rule 404(b) instruction should be given.

**MULTIPLE DEFENDANTS – ONE COUNT**

**(Instruction 2.403)**

You should give separate consideration, and render separate verdicts, with respect to each defendant. Each defendant is entitled to have the issue of his guilt of the crime for which he is on trial determined from his own conduct and from the evidence which applies to him, as if he were being tried alone.

The fact that you may find one defendant guilty or not guilty should not influence your verdict as to the other defendant. At any time during your deliberations you may return your verdict of guilty or not guilty with respect to either defendant, after which you may resume your deliberations as to the remaining defendant.

**UNANIMITY – GENERAL**

**(Instruction 2.405)**

A verdict must represent the considered judgment of each juror, and in order to return a

verdict, each juror must agree on the verdict. In other words, your verdicts must be unanimous.

**UNANIMITY – SPECIAL**

**(Instruction 2.406, *modified for a dual object conspiracy*)**

The defendants have been charged with conspiracy to (a) import heroin into the United States, or (b) distribute heroin, intending or knowing that the heroin would be imported into the United States.  If you find the defendants guilty of conspiracy, you then must unanimously decide the offense or offenses which you find the defendant(s) conspired to commit.

**DEFENDANT ZAITAR'S OBJECTION**: Defendant ZAITAR objects to the instruction on the basis that more detail is needed and the instruction as phrased is vague.

**VERDICT FORM EXPLANATION**

**(Instruction 2.407)**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements that the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

**REDACTED DOCUMENTS AND TAPES (if applicable)**

**(Instruction 2.500, *modified*)**

During the course of this trial, a number of exhibits were admitted into evidence. Sometimes only those parts of an exhibit that are relevant to your deliberations were admitted.  In some cases where this has occurred, for instance, where the exhibit is in the form of a document, parts of the statement may be blacked out or deleted <u>as only the relevant parts are being made available to you</u>. [**DEFENDANT ZAITAR'S OBJECTION**: Defendant ZAITAR proposes to strike the underlined language.]  Similarly, for exhibits which involve recorded evidence, in some cases only portions of the audio recording have been admitted into evidence and are being made available to you.  Thus, as you examine the exhibits, and you see or hear a statement where there appear to be omissions or which is only a portion, you should consider only the portions that were admitted. You should not guess as to what has been taken out or infer or speculate that important information has been withheld from you either by the government or the defendants.


**DEFENDANT ZAITAR'S ADDITIONAL OBJECTION**:  We do not believe that the Court should be asked to sanction the government's decisions as to redaction of documents.

56

**EXHIBITS DURING DELIBERATIONS**

**(Instruction 2.501)**

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdicts. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

If you wish to see or hear video or audio recordings that I have admitted into evidence, please notify the clerk by a written note and we will assemble in the courtroom with the appropriate equipment.*]

* **Government's Comment**:   Alternatively, the government is in the process of requesting a "scrubbed laptop" from its IT office so that it may be used by the jurors to listen to recordings during deliberations.

## SELECTION OF FOREPERSON

### (Instruction 2.502)

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission – to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

## POSSIBLE PUNISHMENT NOT RELEVANT

### (Instruction 2.505)

The question of possible punishment of the defendant(s) in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing a sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

**WITNESS'S OR DEFENDANT'S USE OF INTERPRETER – FINAL INSTRUCTION**
**(if applicable)**

**(Instruction 2.507, *modified*)**

You have heard testimony from [witness(es) who communicated through an interpreter] [the defendant(s) who used the services of an interpreter] in this trial.

You are to consider only the evidence provided through the official court interpreters. You must base your decision on the evidence presented in the English interpretation. I emphasize that you must rely only upon the official English interpretation as provided by the court interpreter.

As I have previously instructed you, you should not be biased for or against anyone who uses an interpreter. Do not permit the fact that witnesses or the defendants were using the services of an interpreter to influence you in any way.

You should not consider the mere fact that [witnesses or the defendant(s)] have been provided an interpreter in evaluating their credibility. You must evaluate interpreted testimony as you would any other testimony. That is, you must not give interpreted testimony any greater or lesser weight than you would if the [witness or defendant(s)] had spoken English.

If you observed that the [witness or defendant(s)] nodded his or her head during interpretation, you should consider that this did not necessarily indicate agreement or an affirmative answer but may have only indicated that the [witness or defendant(s)] was following the translation.

The fact that the Court has provided an interpreter to [witness or defendant(s)] does not mean that the Court has made a ruling on the extent of [his/her/their] ability to speak or

understand the English language. Use of an interpreter should not be considered evidence in this

case.

## CAUTIONARY INSTRUCTION ON PUBLICITY, COMMUNICATION, AND RESEARCH

### (Instruction 2.508)

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, Internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate about this case with anyone who is not on the jury. This includes any electronic communication such as email or text or any blogging about the case. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any Internet chat room, or by way of any other social networking websites, including Facebook, My Space, LinkedIn, and YouTube.  In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the Internet or in another way.

**COMMUNICATIONS BETWEEN COURT AND JURY
DURING JURY'S DELIBERATIONS**

**(Instruction 2.509)**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person – not the clerk, the marshal or me – how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter – for example, 6-6 or 7-5 or 11-1, or in any other fashion – whether the vote is for conviction or acquittal or on any other issue in the case.

## ATTITUDE AND CONDUCT OF JURORS IN DELIBERATIONS

### (Instruction 2.510)

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

## EXCUSING ALTERNATE JURORS

### (Instruction 2.511, *modified*)

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it is nothing personal. We selected two seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats [insert seat numbers].

However, your job is not over, and will not be until a verdict has been reached in this case.

Before you two leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet and social media, etc. still applies; do not research this case or communicate about it on the Internet or any other medium. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

**PROOF OF STATE OF MIND**

**(Instruction 3.101)**

Someone's intent or [**DEFENDANT ZHAYTER'S OBJECTION**: Defendant would

strike "or" and replace it with "and".]  knowledge ordinarily cannot be proved directly, because

there is no way of knowing what a person is actually thinking, but you may infer someone's

intent or knowledge from the surrounding circumstances. You may consider any statement made

or acts done by Yahya Ali Zaitar and/or Nemr Ali Zhayter [**DEFENDANT ZHAYTER'S**

**OBJECTION**: defendant would stike his name here and change "their" to "his" in the following

phrase.], and all other facts and circumstances received in evidence that indicate their intent or

knowledge. [**DEFENDANT ZHAYTER'S PROPOSED ADDITIONAL LANGUAGE**: "You

may consider any statement made or acts done by Nemr Ali Zhayter, and all other facts and

circumstances received in evidence to determine whether he had the specific intent to import

heroin into the United States or that he acted purposefully and with the specific intent,

consciously knowing and desiring that heroin would be imported into the United States."]

You may infer, but are not required to infer, that a person intends the natural and probable

consequences of acts he intentionally did or did not do. It is entirely up to you, however, to

decide what facts to find from the evidence received during this trial. You should consider all the

circumstances in evidence that you think are relevant in determining whether the government has

proved beyond a reasonable doubt that either one or both Yahya Ali Zaitar and/or Nemr Ali

Zhayter acted with the necessary state of mind. [**DEFENDANT ZHAYTER'S OBJECTION**

**AND PROPOSED ADDITIONAL LANGUAGE**: Defendant would revise the underlined

sentence to state, "You should consider all the circumstances in evidence that you think are

relevant in determining whether the government has proved beyond a reasonable doubt that

Yahya Ali Zaitar acted purposefully and with specific intent to import cocaine into the United

States, consciously knowing and desiring that heroin would be imported into the United States"

and then add as follows, "You should consider all the circumstances in evidence that you think

are relevant in determining whether the government has proved beyond a reasonable doubt that

Nemr Ali Zhayter acted purposefully and with specific intent to import cocaine into the United

States, consciously knowing and desiring that heroin would be imported into the United States.

Moreover, the government must prove beyond a reasonable doubt that Nemr Ali Zhayer intended

or had actual knowledge that heroin was to be imported into the United States; constructive

knowledge is not enough."]

(**DEFENDANT ZHAYTER'S CASE RELIANCE**: *See, e.g., United States v. Childress*, 58

F.3d 693, 707-708 (D.C. Cir. 1995) (holding that drug conspiracy is a specific intent crime)

(internal quotations omitted):

> In *United States v. Bailey,* 444 U.S. 394 (1980), the Supreme Court . . . observed
> that, "[i]n a general sense, 'purpose' corresponds loosely with the common-law
> concept of specific intent, while 'knowledge' corresponds loosely with the
> concept of general intent."
>
> As to the difference between knowledge and purpose, the Court explained that  "a
> person who causes a particular result is said to act purposefully if he consciously
> desires that result, whatever the likelihood of that result happening from his
> conduct, while he is said to act knowingly if he is aware that that result is
> practically certain to follow from his conduct, whatever his desire may be as to
> that result." The Court further explained that while proof of knowing action is
> enerally adequate to support criminal conviction, certain classes of crimes merit
> "special attention" to "heightened culpability."  Among these crimes, the Court
> identified conspiracy: "Another such example is the law of inchoate offenses such
> as attempt and conspiracy, where a heightened mental state separates criminality

itself from otherwise innocuous behavior." *Id.*

With this understanding in mind, it is clear that conspiracy is a "specific intent" crime.  The common law definition of conspiracy is " 'a combination of two or more persons ... to accomplish some criminal or unlawful purpose, or to accomplish some purpose, not in itself criminal or unlawful, by criminal or unlawful means.' " Thus, *purposeful* intent – or "conscious desire" to achieve a "result,"–  is the essence of conspiracy. Accordingly, as we have explained in the past, proof of conspiracy requires proof of specific intent to further the conspiracy's objective: "A single conspiracy is....

*See United States v. Chan Chun-Yin*, 958 F.2d 440, 443 (D.C. Cir. 1992) ("By its terms, [21

U.S.C. § 959] requires proof of actual, not constructive, knowledge.").

## WILLFULLY CAUSING AN ACT TO BE DONE

### (Instruction 3.102)

You may find [Yahya Ali Zaitar and/or Nemr Ali Zhayter] guilty of the crime charged in

the indictments without finding that the defendant personally committed each of the acts

constituting the offense or was personally present at the commission of the offense. A defendant

is responsible for an act which he willfully causes to be done if the act would be criminal if

performed by him directly or by another. To "cause" an act to be done means to bring it about.

You may convict [Yahya Ali Zaitar and/or Nemr Ali Zhayter] of the offense charged if you find

that the government has proved beyond a reasonable doubt each element of the offense and that

[Yahya Ali Zaitar and/or Nemr Ali Zhayter] willfully caused such an act to be done, with the

intent to commit the crime.


**DEFENDANT ZAITAR'S OBJECTION**:  The standard aiding and abetting instruction should

be used in lieu of this instruction.  The aiding and abetting instruction is a more accurate

statement of the law.


**DEFENDANT ZHAYTER'S OBJECTION**:  Mr. Zhayter objects to this instruction because it

is not the pertinent to the charged offense or to the government's theory of prosecution.  As noted

in cases included in the Red Book's Comments to this instruction, this instruction is appropriate

in a case where "an individual can be criminally culpable for causing an intermediary to commit

a criminal act even though the intermediary has not criminal intent and is innocent of the

substantive crime," quoting *United States v. Cook*, 745 F.2d 1311 (10th Cir. 1984).  In its place,

Mr. Zhayter requests that the Court give the following instruction:  "The term willfully means that the defendant knew his conduct was unlawful and intended to do something that [federal] law forbids. That is to find the defendant acted willfully you must find that the evidence proved beyond a reasonable doubt that he acted with a purpose to disobey or disregard [federal] law."

*United States v. Akhigbe*, 642 F.3d 1078, 1084 (D.C. Cir. 2011).

## "KNOWINGLY" – DEFINED

When the word "knowingly" or the phrase "the defendant knew" is used in these

instructions, it means that the defendant realized what he was doing and was aware of the nature

of his conduct, and did not act through ignorance, mistake, accident or carelessness.  Whether the

defendants acted knowingly may be proven by the defendants' words and conduct and by all of

the facts and circumstances surrounding the case.

(Modified from the *Federal Pattern Jury Instructions* for the Ninth Circuit (Instruction 5.6) and
the Third Circuit (Instruction 5.02); *see also United States v. Alston-Graves*, 435 F.3d 331, 337
(D.C. Cir. 2006).)

**DEFENDANT ZHAYTER'S OBJECTION**:  Mr. Zhayter requests that the following sentence

be added to the government's proposed  instruction: " The government is required to prove

beyond a reasonable doubt that Nemr Ali Zhayer had actual knowledge that heroin was to be

imported into the United States.  Constructive knowledge is not sufficient to convict Mr. Zhayter

beyond a reasonable doubt."   *See United States v. Chan Chun-Yin*, 958 F.2d 440, 443 (D.C. Cir.

1992) ("By its terms, [21  U.S.C. § 959] requires proof of actual, not constructive, knowledge.")

**"ON OR ABOUT" – PROOF OF**

**(Instruction 3.103)**

You will note that the indictments charge that the offenses were committed "on or about" various dates.  The proof need not establish with certainty the exact date of the alleged offenses. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged.

**CONSPIRACY**

A conspiracy charge is a separate and different offense from the underlying alleged offenses which, the government contends, are the alleged purpose of the conspiracy.  This is because it is against the law to conspire, or agree, with someone to commit a crime even if that crime is never committed [**DEFENDANT ZAITAR'S PROPOSED ADDITIONAL LANGUAGE**: so long as certain other requirements are satisfied.].  Thus, a conspiracy requires a combination of two or more persons to accomplish an unlawful purpose.  It is a partnership.

[**DEFENDANT ZAITAR'S PROPOSED ADDITIONAL LANGUAGE**: Defendant ZAITAR proposes the additional language in light of his proposal to strike Unanimity Special Instruction 2.406: A conspiracy may have more than one unlawful purpose.]

An agreement, in order to constitute a conspiracy agreement, does not have to be in writing, does not have to be an express or formal plan in which everyone who was involved sat down together and worked out all the details. This, of course, rarely, if ever, happens when illegal purposes are involved. [**DEFENDANT ZAITAR'S OBJECTION**: The defendant objects to the underlined sentence as unnecessarily suggestive.] However, it does not follow from the fact that people get together and talk about common interests, or do similar things, that an illegal agreement exists.  The government must prove beyond a reasonable doubt that there was a common understanding or common undertaking among two or more people to commit the charged crime.  Such an agreement need not be proved directly but it may be inferred from the circumstances and conduct of the parties, since ordinarily a conspiracy is characterized by secrecy.  [**DEFENDANT ZAITAR'S OBJECTION**: The defendant objects to the underlined sentence as unnecessarily suggestive.]

73

To be a member of the conspiracy, the defendant need not know the identities or the number of all the other members of the conspiracy, nor all of the details of the conspiracy, or all of the means by which its purposes were to be accomplished.  A defendant may be found to have been a member of the conspiracy even though he was not apprised of all the activities of the other members.  Furthermore, a defendant need not have been informed of the full scope of the conspiracy, nor need he be shown to have joined in all of the conspiracy's unlawful objectives in order for you to infer [**DEFENDANT ZAITAR'S PROPOSED CHANGE**: replace "infer" with "conclude"] that he joined the conspiracy knowingly.   [**DEFENDANT ZHAYTER'S PROPOSED ADDITIONAL LANGUAGE**:  However, to be convicted of the charged conspiracy, the government must prove beyond a reasonable doubt that each defendant had the specific intent to commit a crime against the United States, that is, to import heroin into the United States or that each defendant knew or intended that the heroin was to be imported into the United States."]  Each member of the conspiracy may perform separate and distinct acts.  It is not necessary that the government prove that a particular alleged conspirator, from the beginning, was aware of the common purpose, had knowledge that the conspiracy existed, and was a member of the conspiracy.  Different persons may become members of the conspiracy at different times.  Moreover, it is not necessary, in order to convict a defendant of a charge of conspiracy, that the objectives or purposes of the conspiracy have been successfully achieved or accomplished.

In addition, the government is not required to prove that a defendant committed an act in furtherance of the [**DEFENDANT ZAITAR'S PROPOSED CHANGE**: replace "the" with

"this kind of"] conspiracy.[4]  The essence of the offense of conspiracy is the agreement to commit

a crime, not the commission of overt acts in furtherance of the agreement.

In determining whether a conspiracy existed and whether a defendant was one of its

members, you may consider the acts and statements of any other member of the alleged

conspiracy, done or made during the course of and in furtherance of the conspiracy, <u>as evidence

against the defendant</u> [**DEFENDANT ZAITAR'S OBJECTION**: Defendant ZAITAR proposes

to stike the underlined phrase.].  When persons enter into a conspiracy, they become agents for

each other, so that the act or statement of one conspirator is considered the act or statement of all

the other conspirators and is [**DEFENDANT ZAITAR'S OBJECTION**: Defendant ZAITAR

proposes to stike "is" and add "may be considered to be".]. evidence against each and all of them.

[**DEFENDANT ZHAYTER'S PROPOSED ADDITIONAL LANGUAGE**: "However, in

determining whether  Nemr Zhayter had the necessary intent, you may only consider his own acts

and statements."]

A defendant may be convicted as a conspirator even though you may find he played a

minor role in the conspiracy, or joined the conspiracy after it was underway, provided the

government proves beyond a reasonable doubt that the conspiracy existed, and that the defendant

knowingly participated in the conspiracy with the required intent. You need not find that all

members of the conspiracy were members at one time.  <u>For a defendant to be convicted as a

conspirator, it is sufficient if at some time during the course of the conspiracy, they were a</u>

---

[4] An overt act is not required under a 21 U.S.C. § 963 conspiracy, only proof that the defendant conspired to commit the prohibited offense. *See, e.g.*, *United States v. Yonn*, 702 F.2d 1341, 1348 (11th Cir. 1983); *United States v. Dean*, 666 F.2d 174, 178 (5th Cir. 1982); *United States v. Anderson*, 651 F.2d 375, 379 (5th Cir. 1981); *United States v. Grammatikos*, 633 F.2d 1013, 1023 (2d Cir. 1980).

member of the conspiracy  [**DEFENDANT ZAITAR'S OBJECTION**: Defendant ZAITAR

objects to the underlined sentence as repetitive and serves to impermissibly emphasize the

government's theory of the case.]

It is not essential that the prosecution prove that the conspiracy began or ended on the

specific dates set forth in the indictments.  Rather, the government is required to prove beyond a

reasonable doubt that, in fact, a conspiracy existed for some time between the periods set forth in

the indictments. [**DEFENDANT ZAITAR'S OBJECTION**: Defendant ZAITAR objects to the

underlined sentences.  The foregoing sentence is not an accurate statement of the law.  Moreover,

this entire proposed instruction is oriented in the government's favor, since it contains virtually

no language delineating what the government *does* have to prove.  We request that the Court

administer the DC Pattern instruction instead as repetitive and serves to impermissibly emphasize

the government's theory of the case.]

(In place of *D.C. Pattern Jury Instruction* 7.102  – Conspiracy: Basic Instruction, the government
requests this instruction, which is based on Devitt & Blackmar, *Federal Jury Practice and
Instructions* (1990 & 1997 Supp.) § 28 *generally*.)

**CRIME CHARGED IN INDICTMENT (COUNT ONE)**
**(Conspiracy to Import One Kilogram or More of Heroin Into the United States and**
**Distribute One Kilogram or More of Heroin Intending or Knowing That the Heroin**
**Would  Be Unlawfully Imported Into the United States)**

<u>**The Indictments**</u>

The defendants are each charged in a one-count indictment.

Count One of Yahya Ali Zaitar's indictment charges that from in or about May 2007 and continuing thereafter up to and including April 25, 2008 (the date of the filing of the indictment), the exact dates being unknown to the Grand Jury, in Paraguay, Brazil, Romania, and elsewhere, the defendant did knowingly and unlawfully combine, conspire, confederate and agree with others known and unknown to the Grand Jury, to commit the following offenses against the United States: (1) to knowingly and intentionally import 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule II[5] controlled substance, into the United States from the Middle East, in violation of 21 U.S.C. §§ 952 and 960, and (2) to knowingly and intentionally distribute 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(a) and 960, all in violation of 21 U.S.C. §§ 960 and 963, and 18 U.S.C. § 2.

Count One of Nemr Ali Zhayter's indictment charges that from in or about May 2007 and continuing thereafter up to and including July 17, 2008 (the date of the filing of the indictment), the exact dates being unknown to the Grand Jury, in Paraguay, Brazil, Romania, and elsewhere, the defendant did knowingly and unlawfully combine, conspire, confederate and agree with others

---

[5] The indictment incorrectly states heroin is a Schedule II controlled substance; heroin is a Schedule I controlled substance.

known and unknown to the Grand Jury, to commit the following offenses against the United States: (1) to knowingly and intentionally import 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, into the United States, in violation of 21 U.S.C. §§ 952 and 960, and (2) to knowingly and intentionally distribute 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, intending and knowing that such substance would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(a) and 960, all in violation of 21 U.S.C. §§ 960 and 963, and 18 U.S.C. § 2.

During your deliberations, you will receive a copy of each defendant's indictment. The law allows the government the discretion to decide whether to indict defendants together in the same indictment, meaning two or more defendants are named in the same indictment, or to indict defendants separately in different indictments.  You should not draw any inferences about the reasons for the government's decision to indict the defendants separately, even though the government alleges the defendants were involved in the same conspiracy. [**DEFENDANT ZAITAR'S OBJECTION**: Defendant ZAITAR objects to the underlined portion and requests that the Court exercise its discretion to decline to send back the indictment, which is not evidence and would serve as an additional closing argument for the government in the jury room.  Further, there is no reason to highlight the fact of separate indictments, or for the Court to take a position as to its propriety or impropriety.]

**Definitions**

The Court has previously defined "knowingly" and "conspiracy" in the jury instructions.  The word "import" means to bring in or introduce an article.  In the context of the charged statutes, it

means to bring or transport into the United States from someplace outside the United States. The word "distribute" means to transfer or attempt to transfer to another person. In the context of the charged statutes, it means to deliver (other than by administering or dispensing) a controlled substance. It is not necessary that a defendant receive or expect to receive anything of value in return. [**DEFENDANT ZAITAR'S OBJECTION**: The foregoing underlined sentence is not correct in all instances. The lack of consideration is a factor the jury may consider.]

**Elements of the Offense**

You must consider separately each alleged conspirator's participation. For you to find a defendant guilty of conspiracy, the government must prove certain elements beyond a reasonable doubt as to each individual defendant.

**Defendant Yahya Ali Zaitar**

For you to find defendant Yahya Ali Zaitar guilty of the charged conspiracy, the government must prove each of the following elements beyond a reasonable doubt as to the defendant:

1.  That at some time [**DEFENDANT ZAITAR'S OBJECTION**: Defendant objects to the underlined phrase for the reasons stated above.] Between in or about May 2007 and April 25, 2008, an agreement existed between at least two people to commit the crime, namely, a conspiracy with **one or both** of these objectives: (1) to knowingly and intentionally *import* one kilogram or more of a mixture and substance containing a detectable amount of heroin into the United States, or (2) to knowingly and intentionally *distribute* one kilogram or more of a mixture and substance containing a detectable amount of heroin intending or knowing that the heroin would be imported into the United States. [**DEFENDANT ZAITAR'S OBJECTION**: This

phraseology raises a unanimity question.  The jury must agree unanimously on one object or the other.]

2.  That the defendant knowingly and willfully joined and participated in the conspiracy, that is consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.  In other words, the second element requires that the government must prove the defendant's membership in the charged conspiracy.

3.  That the defendant intended to import the heroin into the United States or that the defendant intended or knew that such heroin was to be unlawfully imported into the United States.

**Defendant Nemr Ali Zhayter**

For you to find defendant Nemr Ali Zhayter guilty of the charged conspiracy, the government must prove each of the following elements beyond a reasonable doubt as to the defendant.

1.  That at some time between in or about May 2007 and July 17, 2007, an agreement existed between at least two people [**DEFENDANT ZHAYTER'S PROPOSED ADDITIONAL LANGUAGE**: "(other than a government agent or someone working for the government such as the confidential source or the undercover officer")] to commit the crime, namely, a conspiracy with **one or both** of these objectives:  (1) to knowingly and intentionally *import* one kilogram or more of a mixture and substance containing a detectable amount of heroin into the United States, or (2) to  knowingly and intentionally *distribute* one kilogram or more of a mixture and substance containing a detectable amount of heroin intending or knowing that the heroin would be imported into the United States.

2.      That the defendant knowingly and willfully joined and participated in the conspiracy, that is consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.  In other words, the second element requires that the government must prove the defendant's membership in the charged conspiracy.

3.      That the defendant intended to import the heroin into the United States or that the defendant intended or knew that such heroin was to be unlawfully imported into the United States.

**No Requirement to Prove Accomplishment of Conspiracy Object(s)**

Although the indictments allege that the defendants conspired to import heroin into the United States, the government is not required to prove that heroin was, in fact, imported into the United States.  That is, the defendants need not have accomplished the object of the conspiracy, *i.e.*, actually imported the heroin into the United States, in order for the defendants to be found guilty of that object of the conspiracy.  Similarly, although the indictments allege that the defendants conspired to distribute heroin "intending or knowing" it would be unlawfully imported into the United States, the government is not required to prove that heroin was, in fact, distributed. Nor is the government required to prove that the defendants intended **and** knew that the heroin would be imported into the United States. The government must prove that the defendants *intended* that the heroin would be imported into the United States **or** *knew* that the heroin would be imported into the United States. [**DEFENDANT ZAITAR'S OBJECTION**: Defendant objects to this entire preceding paragraph as duplicative of an instruction already given, and thus serves to highlight and endorse the government's theory of the case.]

**Verdict Form and Drug Quantity**

Finally, if you return a guilty verdict against one or both of the defendants, you must then make a determination as to the quantity of heroin for which the defendants are responsible.  You will be asked to complete a verdict form specifying whether the government has proven beyond a reasonable doubt whether a mixture or substance containing a detectable amount of heroin exceeded a specified quantity, expressed in grams or kilograms, that you have found the defendants conspired to import into the United States, or to distribute intending or knowing such quantity of heroin would be unlawfully imported into the United States.

Specifically, the verdict form asks you to decide whether the amount of heroin was:

1.      One kilogram (1000 grams) or more of a mixture and substance containing a
        detectable amount of heroin.

 If you are unable to find unanimously that the amount of heroin was one kilogram or more, then you should consider whether the drug quantity was:

2.      At least one-hundred (100 grams), but less than one kilogram (1000 grams) of a
        mixture and substance containing a detectable amount of heroin.

If you are unable to find unanimously that the quantity of heroin was at least one-hundred (100 grams), but less than one kilogram (1000 grams), then you should consider whether the drug quantity was:

3.      Less than one-hundred (100 grams) of a mixture and substance containing a
        detectable amount of heroin.

Your decision on whether one of these three drug quantity ranges has been proven beyond a reasonable doubt must be unanimous **[DEFENDANT ZAITAR'S ADDITIONAL PROPOSED**

**LANGUAGE**: "for a verdict to be returned."]. [**DEFENDANT ZHAYTER'S OBJECTION**: Mr. Zhayter objects to separating the elements of the offense in this manner.  There can be no finding of guilt on the charged conspiracy, until the jury finds each element including the quantity.  *See Apprendi v. New Jersey,* 530 U.S. 466 (2000)).].

In making the determination of drug quantities attributable to a defendant, you are instructed that a defendant is responsible for (a) those drugs that he conspired to import into the United States or to distribute, intending or knowing that such drugs would be imported into the United States, and (b) those drug amounts that other co-conspirators conspired to import into the United States or to distribute, intending or knowing that such drugs would be imported into the United States, which the defendant reasonably could have foreseen would occur in furtherance of the conspiracy [**DEFENDANT ZHAYTER'S PROPOSED ADDITIONAL LANGUAGE**: "but only if that amount was within the scope of his agreement.  Knowledge or foreseeability is not enough."]  In other words, a defendant is responsible for not only his own actions but also for those of his co-conspirators if those actions were known or reasonably foreseeable to the defendant [**DEFENDANT ZHAYTER'S PROPOSED ADDITIONAL LANGUAGE**: "and within the scope of the agreement that he joined with the specific intent to import into the United States. "]  Thus, for example, you may count amounts of heroin imported into the United States by the defendants, and amounts of heroin that the defendants could reasonably foresee would be imported into the United States by all of their co-conspirators during the course and in furtherance of the conspiracy.  [**DEFENDANT ZAITAR'S OBJECTION**: The foregoing underlined sentence is duplicative and serves to improperly highlight the government's theory.] [**DEFENDANT ZHAYTER'S PROPOSED ADDITIONAL LANGUAGE**: Defendant would retain the sentence but add at the end, "but only

as to those quantities which are within the scope of the agreement that the particular defendant joined."]   In calculating drug quantities, you may rely on direct as well as circumstantial evidence, and you may rely on the testimony of any witness on this issue [**DEFENDANT ZAITAR'S PROPOSED ADDITIONAL LANGUAGE**: ", if and only if you conclude that such evidence proves the proposition for which it is introduced."].

Your determination of the quantities of heroin involved in the conspiracy must be unanimous and you must be satisfied that the United States has proven those quantities of heroin beyond a reasonable doubt [**DEFENDANT ZAITAR'S PROPOSED ADDITIONAL LANGUAGE**: "for you to return a verdict on this count."].

**Controlled Substance – Heroin**

Finally, you are instructed that heroin is a Schedule I controlled substance.

(**DEFENDANT ZHAYTER'S CASE RELIANCE**: *United States v. Stover*, 329 F.3d 859, 874 (D.C. Cir. 2003); *United States v. Childress,* 58 F.3d 693, 722 (D.C. Cir.1995)).

**AIDING AND ABETTING**

**(Instruction 3.200)**

You may find either defendant guilty of the crime charged in their respective indictment without finding that he personally committed each of the acts that make up the crime or that he was present while the crime was being committed.   Any person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider and abettor or as a principal offender.   It makes no difference which label you attach.  The person is as guilty of the crime as he would be if he had personally committed each of the acts that make up the crime. [**DEFENDANT ZAITAR'S OBJECTION**:   The foregoing underlined sentences improperly endorse the government's theory of the case, and contains no language balancing that inference.]

To find that a defendant aided and abetted in committing a crime, you must find that the defendant knowingly associated himself with the commission of the crime, that he participated in the crime as something he wished to bring about, and that he intended by his actions to make it succeed.

Some affirmative conduct by the defendant in planning or carrying out the crime is necessary. Mere physical presence by the defendant at the place and time the crime is committed is not by itself sufficient to establish his guilt.   However, mere physical presence is enough if it is intended to help in the commission of the crime.   [**DEFENDANT ZAITAR'S OBJECTION**:   This underlined language is inapplicable in this case and would serve to confuse the jury.]

The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime.   The government is not required to prove that the crime was committed in the particular way planned or agreed upon.   Nor need the government prove that the

principal offender and the person alleged to be the aider and abettor directly communicated with each other. [**DEFENDANT ZAITAR'S ADDITIONAL PROPOSED LANGUAGE**: "However, the government must prove that the defendant knowingly and intentionally participated in the criminal enterprise with the objective of helping it to succeed."].

**DEFENDANT ZHAYTER'S OBJECTION**: Mr. Zhayter objects to an aiding and abetting instruction for two reasons.  First, the government is not trying the case on a theory of aiding and abetting but instead is arguing that each defendant acted as a principal.  Second, Mr. Zhayter objects to giving an aiding and abetting instruction to an inchoate offense that does not require proof of an overt act.

**DEFENDANT'S THEORY OF THE CASE**

**(Instruction 9.100)**

<u>**DEFENDANT ZAITAR'S PROPOSED LANGUAGE**</u>: Defendant Yahya Zaitar contends

that the United States government impermissibly pressured and orchestrated the underlying offense

for which Mr. Zaitar has been charged. Through the use of a confidential informant, the government

entrapped and coerced Defendant Zaitar by taking advantage of Defendant Zaitar's financial

destitution and impoverishment through the use of loans and gifts. The government and confidential

informant's involvement gave rise to the conduct concerning the present allegations of a heroin

conspiracy.  The government's involvement not only entrapped Defendant Zaitar into participating

in the alleged heroin conspiracy, but also resulted in manufactured jurisdiction.  If not for the

government's involvement, through its undercover agents and the confidential informant,

Defendant Zaitar would not have engaged in activity targeting the United States and otherwise

violate the laws of the United States. In total, Defendant Zaitar asserts (1) that the government

had an impermissibly extensive involvement in the actions giving rise to the charges in the

present case; (2) that Defendant Zaitar, who was not otherwise predisposed to engage in

narcotics trafficking, was entrapped by the government, through the confidential informant; (3)

that Defendant Zaitar, who was also not otherwise predisposed to traffic narcotics to the United

States, was entrapped by the government to traffic heroin to the United States; and (4) Defendant

Zaitar, who was not otherwise predisposed to engage in the level of narcotics trafficking charged,

was entrapped by the government to engage in activity which carried more severe punishment.


<u>**GOVERNMENT'S OBJECTION**</u>: The government *strongly* objects to this proposed instruction

on the grounds that it is highly prejudicial to the government; for instance, the mere use of the term "entrapment" (repeatedly stated in one form or another above) may be misleadingly suggestive. Moreover, the instruction is unsupported by the record to date (particularly given the Court's April 17, 2012 rulings on the defendant's Motion to Dismiss Based on Outrageous Government Conduct and Entrapment), amounts to a closing argument, makes jurisdictional arguments not previously raised, and gives the impression the Court is sanctioning the defendant's theory of the case.

[Nemr Ali Zhayter contends ......[not submitted to date].]]

## DUTY TO MEET WITH WITNESSES

You heard testimony that attorneys for the government met with witnesses prior to trial.

You are instructed that it is proper for the attorneys for the United States to interview any witness

during an investigation and in preparation for trial.

(Based on the *Seventh Circuit Federal Pattern Jury Instructions*, Instruction 1.07.)


**DEFENDANT ZAITAR'S OBJECTION (AGREED TO BY GOVERNMENT)**: Defendant

proposes to strike "for the government" and "the ... for the United States" on the basis that there

is no legitimate reason for the instruction to be limited to governemnt lawyers.


**DEFENDANT ZHAYTER'S OBJECTION**: To the  Mr. Zhayter objects to this instruction.  In

this case, the parties have not had equal access to the witnesses.  Defendants have not been able

to interview any of the government's fact witnesses because their identity has been withheld and

they have been secreted by the government in a location unknown to the defendants.  Defendants

also have not had equal access to the defendants.

**<u>DEFENDANT ZAITAR'S PROPOSED INSTRUCTION:</u>**

**INFORMANT'S TESTIMONY**

**(Instruction 2.205)**

You have heard evidence that [name of witness] is an informant. [S/he] has an arrangement with the government [to help the government obtain introductions to persons suspected of violating the law] [and] [to help the government obtain information]. In exchange, [s/he] receives [a benefit in a pending case] [money] [and] [other personal benefit]. The use of such persons is a recognized means of detecting criminal conduct and the government is permitted to call such persons as witnesses.

<u>However, when an informant testifies, his/her testimony should be considered with caution</u>. You may consider whether the benefit this person receives from the government has motivated [him/her] to testify falsely against either defendant. You should give the testimony as much weight as in your judgment it deserves.

**<u>GOVERNMENT'S OBJECTION</u>**: The government objects to an informant testimony instruction.  However, *if* the Court is inclined to grant the defense's request for such an instruction, then the government would propose striking the underlined sentence.

**DEFENDANT ZAITAR'S PROPOSED INSTRUCTION:**


## ENTRAPMENT

The government has the burden of proving beyond a reasonable doubt that the defendant was not entrapped. The government must prove the following:

1.     The defendant was predisposed to commit the crime before being contacted by government agents, or

2.     The defendant was not induced by the government agents to commit the crime.

Where a person, independent of and before government contact, is predisposed to commit the crime, it is not entrapment if government agents merely provide an opportunity to commit the crime.  In determining whether the defendant was predisposed to commit the crime before being approached by government agents, you may consider the following:

1.     whether the defendant demonstrated reluctance to commit the offense;

2.     the defendant's character and reputation;

3.     whether government agents initially suggested the criminal activity;

4.     whether the defendant engaged in the criminal activity for profit; and

5.     the nature of the government's inducement or persuasion.

In determining whether the defendant was induced by government agents to commit the offense, you may consider any government conduct creating a substantial risk that an otherwise innocent person would commit an offense, including persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or

//

friendship.

(Based on the *Ninth Circuit Federal Pattern Jury Instructions*, Instruction 6.2)


**GOVERNMENT'S OBJECTION**: The government objects to the instruction as unwarranted in

light of the testimony presented at the April 16, 2012 motions hearing on the defendants' Motion

for Outrageous Conduct / Entrapment and the Court's associated ruling denying the defendant's

motion.  Moreover, the instruction is misleading as to which party carries the burden.  Because

entrapment is an affirmative defense, it need not be submitted to the jury unless *the defendant*

makes a threshold showing of inducement and lack of predisposition.  *Mathews v. United States*,

485 U.S. 58, 59, 66 (1988); *see also United States v. Salmon*, 948 F.2d 776, 779 (D.C. Cir. 1991)

(stating defendants carry the "burden of demonstrating inducement.").  Moreover, the Supreme

Court has held that inducement can be demonstrated only if the government used coercion or

some other sort of overbearing conduct to instigate the offense, neither which has been

demonstrated to date.  *See Sherman v. United States*, 356 U.S. 369, 376 (1958).  The government

respectfully submits that the defense has not made, and will not be able to make, the required

threshold showing to justify giving an entrapment instruction. Should the defense pursue such an

instruction, the government respectfully requests the opportunity, prior to the presentation of the

final instructions to the jurors, to fully brief its position on the applicability of any entrapment-

related jury instruction(s) based on the evidence adduced at trial.

<u>**DEFENDANT ZAITAR'S PROPOSED INSTRUCTION:**</u>

**JURISDICTIONAL ENTRAPMENT**

Jurisdictional entrapment occurs when solely by the inducement of law enforcement officers a defendant is led to commit a crime in a jurisdiction where he would not have committed the crime but for such law enforcement officer inducement.

Whether or not the defendant was a law abiding citizen in other jurisdictions is not a question before you as pertains to jurisdictional entrapment and has no bearing upon your deliberations as to this defense. The question before you is whether law enforcement methods induced the defendant to violate laws of the United States as here charged, which he would not have violated but for such law enforcement inducement.

If you find that the defendant would not have violated the laws of the United States but for the inducement of law enforcement officials, then he is entitled to be acquitted of these charges regardless of whether or not he may have violated the laws of some other jurisdiction.

<u>**GOVERNMENT'S OBJECTION**</u>: The government objects to this instruction for the same reasons as stated above for the defendant's proposed Entrapment instruction. Moreover, the defendant has cited no case law for the proposition that an instruction on jurisdictional entrapment is warranted if or when a government agent suggests that the desination of the drugs is the United States. To be sure, any mention of the United States as the ultimate destination for drugs would hardly be the sort of conduct that would have overborne the will of a normally law-abiding person. Should the defense pursue such an instruction, the government respectfully requests the opportunity, prior to the presentation of the final instructions to the jurors, to fully

brief its position on the applicability of any entrapment-related jury instruction(s) based on the

evidence adduced at trial.

<u>**DEFENDANT ZAITAR'S PROPOSED INSTRUCTION:**</u>

**SENTENCING ENTRAPMENT**

Sentencing entrapment occurs when outrageous government conduct overcomes the will of an individual predisposed only to dealing in small quantities for purpose of increasing the amount of drugs in the conspiracy and the resulting sentence of the entrapped defendant.

The government has the burden of proving beyond a reasonable doubt that:

1.   the defendant was not predisposed to commit an offense subject to greater punishment; and

2.   the government's conduct induced the defendant to commit an offense subject to greater punishment.

(Definition of sentencing entrapment derived from *United States v. Hunt*, 171 F.3d 1192 (8th Cir. 1999.)).

<u>**GOVERNMENT'S OBJECTION**</u>: The government objects to this instruction for the same reasons as stated above for the defendant's proposed Entrapment instruction.  Should the defense pursue such an instruction, the government respectfully requests the opportunity, prior to the presentation of the final instructions to the jurors, to fully brief its position on the applicability of any entrapment-related jury instruction(s) based on the evidence adduced at trial.

**DEFENDANT ZAITAR'S PROPOSED INSTRUCTION:**

## OUTRAGEOUS GOVERNMENT MISCONDUCT

The government's involvement in accomplishing or advancing a criminal objective may be so extensive and significant that it violates a defendant's substantive due process rights under the Fourth Amendment of the United States Constitution. In order for you to find that the government's involvement rose to an impermissible level, you must determine whether the government's involvement reached that level of significance, and whether, as a result, its conduct shocks the conscience.

**GOVERNMENT'S OBJECTION**: The government objects to the instruction as unwarranted in light of the testimony presented at the April 16, 2012 motions hearing on the defendants' Motion for Outrageous Conduct / Entrapment and the Court's associated ruling denying the defendant's motion.  Should the defense pursue such an instruction, the government respectfully requests the opportunity, prior to the presentation of the final instructions to the jurors, to fully brief its position on the applicability of the instruction based on the evidence adduced at trial.

Respectfully submitted on behalf of the parties.

                ARTHUR G. WYATT, Chief
                Narcotic and Dangerous Drug Section
                Criminal Division
                U.S. Department of Justice

By:           */s/ Meredith A. Mills*
                Meredith A. Mills (D.C. Bar # 457843)
                Trial Attorney
                Narcotic and Dangerous Drug Section
                Criminal Division / U.S. Department of Justice
                1400 New York Avenue, NW
                Washington, DC 20005
                Main Office: (202) 514-0917
                Fax: (202) 514-0483
                Meredith.Mills@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 18th day of April 2012, I filed the foregoing PARTIES' PROPOSED PRELIMINARY AND FINAL JURY INSTRUCTIONS with the Clerk of the Court via the CM/ECF system which will deliver a Notice of Electronic Filing on the following related and consolidated cases:

<u>Counsel for Defendant YAHYA ALI ZAITAR</u>
Barry Coburn, Esq.
Coburn & Greenbaum PLLC
1710 Rhode Island Avenue, NW, Second Floor
Washington, DC  20036
Tel: 202-657-4490 / Fax: 866-561-9712 / barry@coburngreenbaum.com

<u>Counsel for Defendant NEMR ALI ZHAYTER</u>
Carmen D. Hernandez, Esq.
7166 Mink Hollow Road
Highland, MD 20777
Telephone: 202-628-0090 / Direct: 240-472-3391 / Fax: 202-628-2881 / chernan7@aol.com


By:        */s/ Meredith A. Mills*
           Meredith A. Mills (D.C. Bar # 457843)
           Trial Attorney
           Narcotic and Dangerous Drug Section
           Criminal Division / U.S. Department of Justice
           1400 New York Avenue, NW
           Washington, DC 20005
           Main Office: (202) 514-0917
           Fax: (202) 514-0483
           Meredith.Mills@usdoj.gov