UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No.: 1:08cr214 (RMC) |
| | ) | |
| NEMR ALI ZHAYTER, | ) | **FILED** |
| a/k/a "Shadi," | ) | |
| Defendant. | ) | MAY - 2 2012 |

Clerk, U.S. District and
Bankruptcy Courts

**PLEA AGREEMENT**

The United States of America, through the Narcotic and Dangerous Drug Section of the Criminal Division, United States Department of Justice (hereinafter referred to as the "United States" or "government") and NEMR ALI ZHAYTER, a/k/a "Shadi" (hereinafter referred to as the "defendant"), enter into the following agreement:

1.  The defendant knowingly and voluntarily agrees to plead guilty to Count One of the Criminal Information filed in the above-captioned matter, which charges the defendant with knowingly and intentionally conspiring and agreeing with others known and unknown to commit certain offenses against the United States, namely, conspiracy to (a) knowingly and intentionally import 100 grams or more of heroin, a Schedule I controlled substance, into the United States, in violation of 21 U.S.C. § 952, and (b) knowingly and intentionally distribute 100 grams or more of heroin, a Schedule I controlled substance, intending and knowing that such substance would be unlawfully imported into the United States, in violation of 21 U.S.C. § 959(a), all in violation of 21 U.S.C. § 963, and 18 U.S.C. § 2.

2.  The United States agrees to seek a dismissal of the defendant from Count One of the Indictment in Criminal Case No. 1:08cr214 (RMC), at the time of sentencing.

3.  The defendant agrees to the Joint Statement of Stipulated Facts signed by him

which is attached to this Plea Agreement and incorporated herein.

4. The defendant understands that the crime to which the defendant is pleading guilty carries a statutory mandatory minimum term of imprisonment of five (5) years and a statutory maximum term of imprisonment of forty (40) years, a fine not to exceed $5,000,000, and a period of supervised release of at least four (4) years. The defendant understands that the Court cannot place him on probation or suspend his sentence and that he is not eligible for parole. The defendant also understands that he will not be able to withdraw his guilty plea if he believes the sentence the Court imposes is too harsh.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6. The defendant understands that the Court will impose a sentence in accordance with the factors set forth in 18 U.S.C. § 3553(a). Moreover, the defendant understands that pursuant to the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), the federal courts are not bound by the Federal Sentencing Guidelines ("Sentencing Guidelines" or "Guidelines"), but must consult those Guidelines and take them into account when sentencing. The defendant understands further that this means the Court may impose a sentence that is either more severe or less severe than the advisory guideline range, subject to the mandatory minimum sentence imposed by statute. The defendant thus understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea if his sentence is at or below the statutory maximum sentence.

7.     The United States promises to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.

**The Defendant's Total Offense Level**

8.     Although not binding on the Court, or U.S. Probation, the parties agree that the Sentencing Guidelines calculation, based on the applicable law as of the date of this agreement, is as follows:

   a.   Under §§ 1B1.3 and 2D1.1(c)(4) of the Sentencing Guidelines, the defendant is accountable for distributing or conspiring to import or distribute, or it is reasonably foreseeable to him that members of the conspiracy distributed or conspired to import or distribute, heroin in the amount of at least 1 kilogram but less than 3 kilograms, and that, pursuant to § 2D1.1(c)(4) of the Sentencing Guidelines, the base offense level without adjustments for the crime to which the defendant is pleading guilty is **32**.

   b.   The parties agree that the defendant's conduct does not support an aggravating or mitigating role adjustment under U.S.S.G., Chapter Three.

   c.   The defendant may seek a six-month departure from the applicable advisory guidelines range pursuant to United States v. Smith, 27 F.3d 649 (D.C. Cir. 1994). The defendant agrees that he will not seek any additional downward departures from the otherwise applicable guideline range established by the Sentencing Guidelines and the Court. The

3

        government will oppose a six-month departure from the applicable advisory guidelines range pursuant to <u>United States v. Smith</u>, 27 F.3d 649 (D.C. Cir. 1994). The parties agree that the application of a departure under <u>United States v. Smith</u>, 27 F.3d 649 (D.C. Cir. 1994), is at the discretion of the Court.

    d.    The government agrees that it will not seek additional upward departures from the otherwise applicable guideline range established by the Sentencing Guidelines and the Court. The defendant further understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should the defendant commit any conduct after the date of this agreement that would form the basis for an increase in his base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to any law enforcement agent, probation officer or Court), the government is free under this agreement to seek an increase in the base offense level or an upward departure based on that post-agreement conduct.

9.    The United States agrees that it will recommend at sentencing that the Court reduce by three (3) levels the sentencing guideline level applicable to the defendant's offense pursuant to § 3E1.1 of the Sentencing Guidelines, based on the defendant's recognition and affirmative and timely acceptance of personal responsibility. However, the United States will not be required to make this recommendation under § 3E1.1 if the defendant:

      a.    fails or refuses to make full, accurate, and complete disclosure to the Probation Office of the circumstances surrounding the relevant offense conduct;

      b.    is found to have misrepresented facts to the government prior to entering this plea agreement; or

      c.    commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

10.    The United States and the defendant believe the defendant's criminal history is category I.

11.    The United States and the defendant therefore agree that pursuant to the application of the above-enumerated Sentencing Guidelines, including § 3E1.1(b), the defendant's Total Offense Level would be 29 / Criminal History Category I or a guidelines range of 87-108 months of incarceration. The United States agrees at the time of sentencing to seek a sentence of 87 months.

12.    The parties also agree that *if* the defendant satisfies the criteria set forth in 18 U.S.C. § 3553(f)(1) through (f)(5) and U.S.S.G. § 5C1.2(a)(1) through (a)(5), the defendant will be eligible for a two-level downward adjustment resulting in an applicable guidelines range of 70-87 months (Total Offense Level 27 / Criminal History Category I). If the defendant satisfies the criteria of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, the government agrees to advise the Court of the defendant's eligibility under these provisions at the time of sentencing and to seek a sentence of 70 months.

**Additional Conditions and Waivers**

13. The defendant agrees that, pursuant to 18 U.S.C. § 3143, he remain detained without bond pending his sentencing in this case.

14. In entering this plea of guilty, the defendant understands and agrees to waive certain rights afforded to the defendant by the Constitution of the United States and/or by statute, including the right to indictment, and the defendant consents that the proceeding may be by information rather than by indictment.

15. The defendant acknowledges discussing with counsel Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, the defendant understands and agrees that any statements which are made in the course of his guilty plea will be admissible against him for any purpose in any criminal or civil proceeding if his guilty plea is subsequently withdrawn. Moreover, in the event his guilty plea is withdrawn, he agrees that the government will be free to use against him in any criminal or civil proceeding any statements made during the course of any debriefing conducted in anticipation of this agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

16. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, or the government, is a prediction, not a promise, and is not binding on the government or the Court. The defendant understands further that any recommendation that the government

makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

17. The defendant understands that his compliance with each part of this agreement extends throughout the period of his sentence, including any period of supervised release, and failure to abide by any term of the agreement is a violation of the agreement. The defendant further understands that in the event that he violates this agreement, the government, at its option, may either move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute the defendant not subject to any of the limits set forth in this agreement, or to re-sentence the defendant. The defendant understands and agrees that in the event that this Plea Agreement is breached by the defendant, and the government elects to void the agreement and prosecute the defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement of such prosecutions.

18. In the event that the defendant is ever a witness at any trial or other judicial proceeding or presents evidence through other witnesses, and his testimony or such evidence presented through others is different from, contradicts or in any manner is inconsistent with statements made or information supplied by him pursuant to this Plea Agreement, the attorney for the United States may cross-examine the defendant and other witnesses concerning any such prior statements or evidence. Evidence regarding such statements or information may also be

introduced by the United States as rebuttal evidence.

19. The United States reserves the right to dispute sentencing factors or facts material to sentencing and to use any information or material, whether or not obtained from the defendant pursuant to this Plea Agreement, to correct any factual errors asserted by the Probation Office or the defendant.

20. The defendant represents to the Court that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is in fact guilty, and represents to the Court that he is fully satisfied with the legal advice, guidance and representation he has received from his attorney.

21. The defendant is aware that 18 U.S.C. § 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this Plea Agreement, the defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, including any challenges to the constitutionality of the Sentencing Guidelines, unless the sentence exceeds the maximum permitted by statute or results from an upward departure from the guideline range established by the Court at sentencing. Additionally, the defendant waives any right to have facts that determine his sentence under the Guidelines alleged in the Information or found by a jury beyond a reasonable doubt. The defendant further agrees that the Court shall find at sentencing by a preponderance of the evidence any facts that determine his sentence under the Guidelines. The defendant further agrees to waive his right to appeal the finding of guilt as well as the sentence imposed. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the

United States appeals the defendant's sentence pursuant to § 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, defendant and counsel acknowledge that they have discussed the appeal waiver and that defense counsel, along with the prosecutor, will request that the district court enter a specific finding regarding the defendant's knowing and voluntary waiver of his right to appeal the sentence imposed and his waiver of his right to appeal the finding of guilt, as set forth in this agreement.

22.     The defendant recognizes that pleading guilty may have consequences with respect to defendant's immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which defendant is pleading guilty. Indeed, because defendant is pleading guilty to drug trafficking offenses, removal is presumptively mandatory. Because removal and other immigration consequences are the subjects of a separate proceeding, the defendant understands that no one, including defendant's attorney or the District Court, can predict to a certainty the effect of the defendant's conviction on defendant's immigration status. Defendant nevertheless affirms that defendant wants to plead guilty regardless of any immigration consequences that defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

23.     This agreement only binds the Narcotic and Dangerous Drug Section, Criminal Division, United States Department of Justice. It does not bind any other office or agency of the United States Government or United States Attorney's Office. These offices and agencies remain free to prosecute the defendant for any offenses committed within their respective jurisdictions.

//

//

24. There are no other agreements, promises, understandings or undertakings between the defendant and the government. The defendant understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

ARTHUR G. WYATT
CHIEF, NARCOTIC & DANGEROUS DRUG SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

By: _____     Date: 4/27/12
Meredith A. Mills
Trial Attorney

## DEFENDANT'S ACCEPTANCE

I have reviewed this Plea Agreement with the assistance of a professionally qualified English-Arabic (Lebanese dialect) court interpreter, and have discussed it at length with my attorney, Carmen D. Hernandez, Esquire, with the assistance of a professionally qualified English-Arabic (Lebanese dialect) court interpreter. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in paragraph one. This agreement has been translated into Arabic (Lebanese dialect) for me. I understand that the English version controls.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

_NEMR ZHAYTER_          _4/26/12_
NEMR ALI ZHAYTER,          Date
a/k/a "Shadi"
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I am the Defendant's attorney. I have fully explained to the Defendant, through a professionally qualified English-Arabic (Lebanese dialect) court interpreter, the Defendant's rights and the applicable provisions of the Sentencing Guidelines. I have carefully reviewed every part of this Plea Agreement with the Defendant, through a professionally qualified English-Arabic (Lebanese dialect) court interpreter. The Defendant is entering into this Plea Agreement voluntarily, intelligently and with full knowledge of all consequences of the Defendant's plea of guilty.

_Carmen D. Hernandez_          _4/26/12_
Carmen D. Hernandez, Esq.      Date
Attorney for Defendant